1  JAMES S. MCNEILL (SBN 201663)
   E-mail: jmcneill@mckennalong.com
2  RUPA G. SINGH (SBN 214542)
   E-mail: rsingh@mckennalong.com
3  MCKENNA LONG & ALDRIDGE LLP
   750 B Street, Suite 3300
4  San Diego, CA 92101
   Telephone:    (619) 595-5400
5  Facsimile:    (619) 595-5450

6  LORA A. BRZEZNSKI (*Pro Hac Vice to be submitted*)
   MINDY L. CAPLAN (*Pro Hac Vice to be submitted*)
7  MCKENNA LONG & ALDRIDGE LLP
   1900 K Street, NW
8  Washington, DC 20006
   Telephone:    (202) 496-7500
9  Facsimile:    (202) 496-7756

10 Attorneys for Plaintiff
   LG DISPLAY CO., LTD.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LG DISPLAY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHI MEI OPTROELECTRONICS CORPORATION; AU OPTRONICS CORPORATION <br><br> Defendants. | CASE NO. 08-cv-2408 L (POR) <br><br> **DECLARATION OF JOHN W. LOMAS, JR. IN SUPPORT OF PLAINTIFF LG DISPLAY CO., LTD.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM, AND ATTENDANCE AT DEPOSITION BY, THIRD PARTY SONY ELECTRONICS, INC.** <br><br> Date:     January 27, 2009 <br> Time:     2:00 p.m. <br> Judge:    Hon. Louisa S. Porter <br> Courtroom: H |

I, John W. Lomas, Jr., Esq. declare under the penalty of perjury as follows:

1.  I am an attorney with the law firm of McKenna Long & Aldridge LLP in Washington, D.C. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could competently testify to them. I make this declaration in support of LG Display Co., Ltd.'s ("LG Display") motion to compel production of documents from, and attendance at deposition by, third party Sony Electronics Inc. ("Sony") in the consolidated cases styled: *LG Display Co., Ltd. v. Chi Mei Optroelectronics Corporation, et al.*, Case No. 06-726 (the "Main Case").

2.  Attached as Exhibit A is a true and correct copy of the Fed. R. Civ. P. 45 subpoena issued by the United States District Court for the Southern District of California to be served on Sony, which I signed on June 10, 2008 (the "Subpoena").

3.  Attached as Exhibit B is a true and correct copy of the Proof of Service, attesting that service was performed on Sony on June 23, 2008.

4.  Attached as Exhibit C is a true and correct copy of Plaintiff LG Display Co., Ltd.'s Notice of Fed. R. Civ. P. 30(b)(6) Deposition and Fed. R. Civ. P. 45 Service of Subpoena *Duces Tecum* for Sony Electronics Inc. filed in the Main Case on June 11, 2008.

5.  On July 2, 2008 I spoke with Susan West, a senior paralegal in the legal department at Sony. While Sony investigated what responsive information it had to produce, I agreed to extend Sony's deadline to file objections to the Subpoena until July 15, 2008. I confirmed this extension in an e-mail to Ms. West of the same date. Attached as Exhibit D is a true and correct copy of my July 2, 2008 e-mail to Ms. West.

6.  On July 14, 2008 I received a voicemail from Ms. West stating that Sony did not purchase any LCD products directly from AUO or CMO.

7.  I spoke to Ms. West again on August 5, 2008 and discussed other information that would be responsive to the Subpoena, including Sony's sales information and Sony's service and repair of LCD products that might include the repair or replacement of LCD panels manufactured by AUO and CMO. Ms. West stated that Sony would object to providing sales information unless LG Display provided a list of specific model numbers. To give Sony an opportunity to

1  continue its investigation for responsive information, I agreed to continue the deposition date
2  originally set for August 8 to September 11, 2008.
3     8.   Attached as Exhibit E is a true and correct copy of the e-mails exchanged between
4  myself and Ms. West on August 5, 2008.
5     9.   Attached as Exhibit F is a true and correct copy of my August 6, 2008 e-mail to
6  Ms. West.
7     10.  I then had a conference call with Ms. West and Sonja Alpert, an attorney at Sony,
8  on August 14, 2008, which was postponed by Sony from August 13. During that call, Sony
9  indicated that it was collecting sales data for LCD televisions, monitors, and notebooks and that it
10 would provide an update the next week regarding when Sony would produce its responsive
11 documents, the volume of Sony's expected production, and how Sony would prefer to produce
12 those documents (Ms. West had mentioned the possibility of producing documents via FTP). In
13 the spirit of cooperation, and given Sony's pledge to produce documents, I agreed that Sony could
14 serve its written objections by August 22, 2008.
15    11.  Attached as Exhibit G is a true and correct copy of the August 15, 2008 e-mail
16 I received from Ms. West.
17    12.  On August 22, 2008 I received a voicemail and e-mail from Ronald Wasinger,
18 an attorney in Sony's legal department, stating that Ms. Alpert had to attend an unexpected urgent
19 family matter that week. Mr. Wasinger gave no further update on the progress of Sony's
20 production. Instead, Mr. Wasinger reversed course on Sony's pledge to provide responsive
21 documents, claiming that Sony's collection efforts were merely for analysis of potential
22 production.
23    13.  Attached as Exhibit H is a true and correct copy of the August 22, 2008 e-mail
24 from Mr. Wasinger.
25    14.  Attached as Exhibit I is a true and correct copy of my August 26, 2008 e-mail and
26 letter to Mr. Wasinger.
27
28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

15. Attached as Exhibit J is a true and correct copy of Sony's August 27, 2008 objections to the Subpoena. Sony did not provide an update on the status of its document production when it served its objections as it had previously agreed to do.

16. I called Ms. Alpert on August 28, 2008 and left a voicemail requesting an update on Sony's document production. I did not receive a response.

17. Attached as Exhibit K is a true and correct copy of my September 16, 2008 e-mail to Ms. Alpert and Ms. West.

18. Attached as Exhibit L is a true and correct copy of the September 26, 2008 e-mail from Ms. Alpert.

19. My colleague, Mindy Caplan, subsequently made efforts to negotiate with Sony with respect to the Subpoena, as reflected in detail in her Declaration filed concurrently herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _Arlington, VA_ on December 29, 2008.

_John W. Lomas, Jr._

McKenna Long &
Aldridge LLP

- 3 -                                                                                                     08-CV-2408