# EXHIBIT A

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

JOHN W. LOMAS, JR.
(202) 496-7183

EMAIL ADDRESS
jlomas@mckennalong.com

June 11, 2008

Sony Electronics, Inc.
1645 W. Bernardo Street
San Diego, CA 92127

Re:   *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
      Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Sir or Madam:

    We represent LG Display Co. Ltd. ("LG Display"), previously known as LG.Philips LCD
Co., Ltd., in the above-referenced litigation involving AU Optronics Corp. ("AUO"), Chi Mei
Optoelectronics Corp. ("CMO"), and related entities.  This is a patent infringement case
involving claims and counterclaims alleging patent infringement.

    LG Display recognizes that your company is not a party to this litigation, and does not
wish to inconvenience or burden you in any way.  However, because your company may have
important information concerning AUO and CMO, it was necessary for us to have a subpoena
issued to you requesting certain information.  Although this subpoena is necessary, we respect
and do not want to interfere with any business dealings you may have with LG Display or others.
Please be assured that LG Display intends to minimize your involvement in this case and the
discovery process.  Thank you in advance for your assistance in providing the requested
information, and we look forward to cooperating with you to obtain relevant information as
efficiently as possible.

    The subpoena requests that your company produce relevant documents and electronically
stored information, and provide a deposition to address certain topics, as more specifically
discussed in the subpoena.

    We appreciate your cooperation in responding to the subpoena and providing us with the
requested information.  If your counsel or you have any questions regarding the subpoena, we
look forward to discussing the subpoena with your counsel (or with you directly, if you are not
represented by counsel).  Please contact me directly with any questions by telephone or email.

    For your convenience, you may make copies of responsive documents and send them to
me at the above address, which may avoid the need to produce documents in person.  Please

Sony Electronics, Inc.
June 11, 2008
Page 2

contact me in advance, however, to let me know the anticipated volume of documents to be produced.

Further, we will consider any scheduling conflicts you may have concerning the scheduled date for your deposition. We may be able to reschedule or limit deposition testimony, or forego the necessity of a deposition, depending on the circumstances. We can discuss this with you further after we have received and reviewed the documents that you produce in response to the subpoena.

We will work with you to obtain the information that we need efficiently and cooperatively, without any unnecessary inconvenience or disruption to your business.

Thank you in advance for your prompt attention and response to this subpoena.

Sincerely,

John W. Lomas, Jr.

JWL:ea
Enclosure

DC:50551927.1

Issued by the

# UNITED STATES DISTRICT COURT

Southern District of California

LG Display Co., Inc.

V.

Chi Mei Optoelectronics Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-726-JJF, 07-357-JJF (D.Del.)

TO:  Sony Electronics, Inc.
     1645 W. Bernardo Street
     San Diego, CA 92127

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   **The deposition may be videotaped.**

| PLACE OF DEPOSITION   McKenna Long & Aldridge LLP, Suite 3300 Symphony Towers  750 B Street, San Diego, CA 92101 (See Attachment A for topics.) | DATE AND TIME  8/8/2008 9:00 am |
| --- | --- |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed in Attachment B.

| PLACE   McKenna Long & Aldridge LLP, Suite 3300 Symphony Towers  750 B Street, San Diego, CA 92101 | DATE AND TIME  7/15/2008 10:30 am |
| --- | --- |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| | 6/10/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John W. Lomas, Jr., Esq., McKenna Long & Aldridge LLP (Attorney for Plaintiff/Counterclaim Defendant LG Display)
1900 K Street, NW, Washington, DC 20006 (202) 496-7183

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

|  | DATE | SIGNATURE OF SERVER |
|---|---|---|
| | | |
| | | ADDRESS OF SERVER |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A:  TOPICS TO BE ADDRESSED AT THE DEPOSITION

For purposes of this Attachment, Sony Electronics, Inc. should use the following definitions for the terms used herein.

A.   "Sony," "you," and "your" as used herein means Sony Electronics, Inc. and all persons or entities acting or purporting to act on Sony Electronics, Inc.'s behalf, and any Affiliates (as that term is defined herein) of Sony Electronics, Inc.

B.   "AUO" means AU Optronics Corporation, all persons or entities acting or purporting to act on AU Optronics Corporation's behalf, and any Affiliates (as that term is defined herein) of AU Optronics Corporation (including, for example, AU Optronics Corporation America).

C.   "CMO" means Chi Mei Optoelectronics Corporation, all persons or entities acting or purporting to act on Chi Mei Corporation's behalf, and any Affiliates (as that term is defined herein) of Chi Mei Corporation (including, for example, Chi Mei Optoelectronics USA).

D.   "QDI" means Quanta Display Inc., all persons or entities acting or purporting to act on Quanta Display Inc.'s behalf, and any Affiliates (as that term is defined herein) of Quanta Display Inc.

E.   "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity.

F.   "LCD module" means an LCD display component that includes, inter alia, an LCD panel, a backlight unit, and driver ICs.

G.   "LCD product" means any device or product that contains an LCD module.  An LCD computer monitor, LCD television, laptop computer, and any telephone or other portable or

handheld product incorporating an LCD module are examples of LCD products. This includes all such devices, regardless of brand name.

H.    "AUO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for AUO since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for AUO.

I.    "CMO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for CMO since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for CMO.

J.    "QDI Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for QDI since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for QDI.

K.    "OEMs" as used herein means any original equipment manufacturers or systems integrators that manufacture, assemble, or supply LCD products, and any of their officers, directors, employees, agents, representatives, and Affiliates.

L.    "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two or more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, presentations, interviews, consultations, agreements and other understandings.

M.    "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, regarding, describing, discussing, evidencing or constituting the referenced subject.

2

N.   The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all information that might otherwise be construed to be outside of their scope.

O.   "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, photographs, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, email, sound recordings, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and any other data, database, server, or data compilations from which information can be obtained either directly, or, if necessary translated by you through detection

3

devices into a reasonably usable form.  The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, products, prototypes, models, and specimens.

    P.    "Any" means each and every.

    Q.    "Person" means any natural person, firm, association, partnership, corporation, joint venture, or other form of legal entity.

    R.    The use of the singular form of any word includes the plural and vice versa.

<u>Deposition Topics</u>

Topics to be covered in the deposition include:

    1.    All documents that you produced in response to this subpoena, including the contents of the documents, and the business practices concerning those documents, such as:

        a.    the creation of such documents, including whether the documents were created as part of regularly conducted activity as a regular practice; and

        b.    the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

    2.    All communications between Sony and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, communications concerning: (a) the purchase, sale, and delivery of AUO Products, CMO Products, and/or QDI Products; (b) the technical specifications of AUO Products, CMO Products, and/or QDI Products; (c) the design and/or integration of AUO Products, CMO Products, and/or QDI Products into Sony's LCD display products; (d) OEMs; (e) the U.S. market; and/or (f) the storage, delivery, or distribution in or to the U.S. of AUO Products, CMO Products, and/or QDI Products.

4

3.      All presentations, meetings, and in-person communications between Sony and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, the frequency, location, participants and purpose of such presentations, meetings and communications.

4.      All actions and efforts by AUO, CMO, and/or QDI to: (a) promote and/or sell AUO Products, CMO Products, and/or QDI Products to or for Sony; (b) create new business opportunities with Sony; and/or (c) support or expand their relationship with Sony.

5.      All contracts, agreements, letters of agreements, and memoranda of understanding between Sony and AUO, CMO , and/or QDI regarding the manufacturing, production, design, marketing, sale or supply of LCD products, AUO Products, CMO Products, and/or QDI Products.

6.      All offers to sell and/or negotiations between Sony and any person regarding the actual or potential purchase or sale of AUO Products, CMO Products, and/or QDI Products since December 1, 2000.

7.      All LCD Products that contain or incorporate AUO Products, CMO Products, and/or QDI Products that were or could have been imported, offered for sale, and/or sold in the U.S. since December 1, 2000, including which brands and models of your LCD products used which models of AUO Products, CMO Products, and/or QDI Products.

8.      Since December 1, 2000, all shipments and sales of AUO Products, CMO Products, and/or QDI Products to be used for Sony LCD products, and all sales and imports in the U.S. by or for you, of AUO Products, CMO Products, and/or QDI Products (whether alone or as part of an LCD product).

5

9.      All audits, inspections, approvals, and awards or recognition concerning AUO, CMO, and QDI, including, but not limited to, with respect to manufacturing and production processes, facilities, and/or AUO Products, CMO Products, and QDI Products.

10.      All products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

11.      The efforts you took to gather and search for information and documents responsive to this subpoena and your document and email retention policies and practices.

6

### ATTACHMENT B: DOCUMENTS TO BE PRODUCED BY SONY ELECTRONICS, INC.

For purposes of this Attachment, Sony should refer to *Attachment A* for the definition or meaning of terms used herein, which are incorporated herein by reference. The documents to be produced on or before July 15, 2008, include the following:

1.      All documents reflecting the order, purchase, sale or delivery, by or to Sony and/or OEMs, since December 1, 2000, of any AUO Products, CMO Products, and/or QDI Products, including but not limited to summaries of sales and/or shipments, reports concerning sales and/or shipments, purchase orders, invoices, shipping records, and bills of lading.

2.      All documents reflecting orders and purchases by or for you from any person (including, but not limited to OEMs) of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products, such as, for example, summaries, reports, purchase orders, and invoices.

3.      Documents sufficient to identify all products purchased, manufactured, sold, or imported by or for Sony since December 1, 2000, that did or could contain AUO Products, CMO Products, and/or QDI Products, including information sufficient to identify which specific AUO Products have been used in which brands and models of LCD products, which specific CMO Products have been used in which brands and models of LCD products, and which specific QDI Products have been used in which brands and models of LCD products.

4.      All documents reflecting offers to sell, price quotes, and/or negotiations concerning AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

5.      All contracts and/or agreements between Sony and AUO, CMO, and/or QDI, or concerning AUO Products, CMO Products, and/or QDI Products.

6.      Summaries, reports, and other documents sufficient to identify all sales and imports in the United States, by or for you, of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products since December 1, 2000, including the dates, brands, models, quantities, customers, location, and price concerning all such sales and imports. If subtotals and totals are not included, then this information, including spreadsheets, is requested in native electronic format.

7.      All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the sale, marketing, supply, distribution, shipping, and/or importation of AUO Products, CMO Products, and/or QDI Products, or LCD products containing AUO Products, CMO Products, and/or QDI Products, including, but not limited to plans, presentations, proposals, strategies, and/or reports (for example, road maps, Business/Biz Alignment presentations, product codenames, product or market updates, feasibility studies, product strategies or strategy reports, quarterly business reviews, market reports or trends, meeting agendas, and sales kits).

8.      All documents reflecting communications (including e-mail) with AUO, CMO, and/or QDI, since December 1, 2000, referencing or concerning: (a) stores or websites selling LCD products in the U.S. (such as Best Buy); (b) the U.S. market; (c) U.S. laws, regulations, or requirements relevant to AUO Products, CMO Products, QDI Products, and/or LCD products; and/or (d) hubs or other locations in the U.S. for storage, delivery, and/or distribution of LCD products.

9.      All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the design, development, technical specifications, manufacturing, production, performance, and/or testing of AUO Products, CMO Products, and/or QDI Products.

2

10.     All documents concerning or reflecting any offer, proposal, or attempt to supply or promote AUO Products, CMO Products, and/or QDI Products, since December 1, 2000, including, for example, communications regarding possible business opportunities to design or supply LCD modules.

11.     All documents concerning any in-person communications/meetings between Sony and AUO, CMO, and/or QDI at any time since December 1, 2000, including, but not limited to e-mails, trip reports, agendas, presentations, meeting notes, minutes, or other summary of the in-person communication/meeting, including meetings or visits in the U.S.

12.     All documents concerning all audits, inspections, approvals, and awards or recognition regarding AUO, CMO, or QDI, including their facilities, their manufacturing and production processes, or AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

13.     All documents concerning any sales or product support provided by AUO, CMO, and QDI since December 1, 2000, including all communications and/or agreements relating to the service, repair, refurbishment, or replacement of AUO Products, CMO Products, and/or QDI Products in the United States, and all documents regarding warranties or service agreements for the benefit of Sony or purchasers of LCD products.

14.     All documents sufficient to identify product or project names and codenames for Sony LCD products, and documents sufficient to link or correlate such names or codenames to models or other identifiers for AUO Products, CMO Products, and/or QDI Products used and/or approved for those LCD product projects and/or codenames, since December 1, 2000.

3

15.     All documents reflecting products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

4

# EXHIBIT B

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| : : : : : Telephone No: | | |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

*Insert name of Court, and Judicial District and Branch Court:*

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT

*Plaintiff:* LG DISPLAY CO., INC.

*Defendant:* CHI MEI OPTOELECTRONICS CORPORATION, ET AL

| **PROOF OF SERVICE SUBPOENA IN A CIVIL** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>06-726-JJF, 07-357-JJF |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE; WITNESS FEE OF 63.23

3. a. Party served:
   b. Person served:

SONY ELECTRONICS, INC.
BECKY DEGEORGE, AUTHORIZED TO ACCEPT SERVICE OF PROCESS.,
WHITE, FEMALE, 49 Years Old, BLONDE Hair, BLUE Eyes, 5 Feet 9 Inches,
160 Pounds

4. *Address where the party was served:*       2730 GATEWAY OAKS DRIVE, SUITE 100
                                                SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Jun. 23, 2008 (2) at: 1:11PM
   b. *I received this subpena for service on:*       Friday, June 20, 2008

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. Craig Lawson
   b. **ESQUIRE DEPOSITION SERVICES**
      9901 IH-10 WEST, SUITE 630
      SAN ANTONIO, TX 78230
   c. 800.969.3027

Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
      (i)   Owner
      (ii)  *Registration No.:*        2002-59
      (iii) *County:*                  SACRAMENTO
      (iv)  *Expiration Date:*         Mon, Dec. 08, 2008

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Mon, Jun. 23, 2008

   Judicial Council Form              PROOF OF SERVICE                    (Craig Lawson)
   Rule 2.150.(a)&(b) Rev January 1, 2007    SUBPOENA IN A CIVIL                          esqsa.8789

**Exh. B Page 2 of 3**

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/23/08 | 8930 GATE WAY OAKS DR # 100 SACRAMENTO CA 95833 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BECKY DEGEORGE | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| CRAIG LAWSON | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/23/08
                    DATE

_____
SIGNATURE OF SERVER

1023 H ST # B3
ADDRESS OF SERVER

SACRAMENTO CA 95814

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exh. B Page 3 of 3**

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>                              Plaintiff,<br><br>        v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>                              Defendants. | Civil Action No.  06-726 (JJF)<br>Civil Action No.  07-357 (JJF)<br><br>**CONSOLIDATED CASES** |

**PLAINTIFF LG DISPLAY CO., LTD.'S NOTICE OF
FED.R.CIV.P. 30(b)(6) DEPOSITION AND
FED.R.CIV.P. 45 SERVICE OF SUBPOENA *DUCES TECUM*
(Sony Electronics, Inc.)**

TO:

Karen L. Pascale, Esq.
John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

Philip A. Rovner, Esq.
Dave E. Moore, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899-0951

Ron E. Shulman, Esq.
Julie Holloway, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

M. Craig Tyler, Esq.
Brian D. Range, Esq.
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497

Jonathan S. Kagan, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Vincent K. Yip, Esq.
Peter J. Wied, Esq.
Jay C. Chiu, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071

PLEASE TAKE NOTICE that Plaintiff LG Display Co., Ltd. ("LG Display") will take

the deposition *duces tecum* of third party Sony Electronics, Inc. ("Sony") pursuant to Fed. R.

Civ. P. 45 and Fed. R. Civ. P. 30(b)(6), on August 8, 2008, at 9:00 a.m.  The deposition will take

place at McKenna Long & Aldridge LLP, 750 B Street, Suite 3300, Symphony Towers, San

Diego, CA  92101-8105.  The deposition will be taken before a notary public or court reporter,

duly authorized to administer oaths and transcribe the testimony of the deponent(s).  The

deposition will be videotaped and continue from day to day until completed or adjourned if

authorized by the Court or stipulated by the parties.

　　　　PLEASE ALSO TAKE NOTICE that LG Display is serving Sony with a subpoena (the

"Subpoena"), a copy of which is attached hereto.  The subjects covered in the deposition will

include (but are not limited to) the subjects listed on Attachment A to the Subpoena.  Pursuant to

Fed. R. Civ. P. 30(b)(6), Sony is required to designate one or more persons to testify at the

deposition as to the matters known or reasonably available to Sony concerning all topics listed in

Attachment A to the Subpoena.  In addition, the Subpoena requires Sony to produce the

documents identified in Attachment B to the Subpoena at McKenna Long & Aldridge LLP, 230

Park Avenue, Suite 1700, New York, NY  10169, on or before July 15, 2008.

　　　　You are invited to attend and cross examine.


June 11, 2008                                    BAYARD, P.A.

                                                /s/ Richard D. Kirk (rk0922)
                                                Richard D. Kirk, Esquire (#922)
OF COUNSEL:                                     222 Delaware Avenue
Gaspare J. Bono                                 Ninth Floor
R. Tyler Goodwyn, IV                            Wilmington, DE  19801
Lora A. Brzezynski                              (302) 655-5000
Cass W. Christenson
McKenna Long & Aldridge LLP                     *Attorneys For Plaintiff LG Display Co., Ltd.*
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500


2

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# &Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

JOHN W. LOMAS, JR.
(202) 496-7183

EMAIL ADDRESS
jlomas@mckennalong.com

June 11, 2008

Sony Electronics, Inc.
1645 W. Bernardo Street
San Diego, CA 92127

Re:   *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
      Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Sir or Madam:

        We represent LG Display Co. Ltd. ("LG Display"), previously known as LG.Philips LCD Co., Ltd., in the above-referenced litigation involving AU Optronics Corp. ("AUO"), Chi Mei Optoelectronics Corp. ("CMO"), and related entities.   This is a patent infringement case involving claims and counterclaims alleging patent infringement.

        LG Display recognizes that your company is not a party to this litigation, and does not wish to inconvenience or burden you in any way.  However, because your company may have important information concerning AUO and CMO, it was necessary for us to have a subpoena issued to you requesting certain information.  Although this subpoena is necessary, we respect and do not want to interfere with any business dealings you may have with LG Display or others. Please be assured that LG Display intends to minimize your involvement in this case and the discovery process.   Thank you in advance for your assistance in providing the requested information, and we look forward to cooperating with you to obtain relevant information as efficiently as possible.

        The subpoena requests that your company produce relevant documents and electronically stored information, and provide a deposition to address certain topics, as more specifically discussed in the subpoena.

        We appreciate your cooperation in responding to the subpoena and providing us with the requested information.  If your counsel or you have any questions regarding the subpoena, we look forward to discussing the subpoena with your counsel (or with you directly, if you are not represented by counsel).  Please contact me directly with any questions by telephone or email.

        For your convenience, you may make copies of responsive documents and send them to me at the above address, which may avoid the need to produce documents in person.  Please

Sony Electronics, Inc.
June 11, 2008
Page 2

contact me in advance, however, to let me know the anticipated volume of documents to be produced.

Further, we will consider any scheduling conflicts you may have concerning the scheduled date for your deposition. We may be able to reschedule or limit deposition testimony, or forego the necessity of a deposition, depending on the circumstances. We can discuss this with you further after we have received and reviewed the documents that you produce in response to the subpoena.

We will work with you to obtain the information that we need efficiently and cooperatively, without any unnecessary inconvenience or disruption to your business.

Thank you in advance for your prompt attention and response to this subpoena.

Sincerely,

John W. Lomas, Jr.

JWL:ea
Enclosure

DC:50551927.1

AO88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Southern District of California

LG Display Co., Inc.

V.

Chi Mei Optoelectronics Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-726-JJF, 07-357-JJF (D.Del.)

TO:   Sony Electronics, Inc.
      1645 W. Bernardo Street
      San Diego, CA  92127

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    **The deposition may be videotaped.**

| PLACE OF DEPOSITION   McKenna Long & Aldridge LLP, Suite 3300 Symphony Towers 750 B Street, San Diego, CA 92101 (See Attachment A for topics.) | DATE AND TIME 8/8/2008 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed in Attachment B.

| PLACE   McKenna Long & Aldridge LLP, Suite 3300 Symphony Towers 750 B Street, San Diego, CA 92101 | DATE AND TIME 7/15/2008 10:30 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 6/10/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John W. Lomas, Jr., Esq., McKenna Long & Aldridge LLP (Attorney for Plaintiff/Counterclaim Defendant LG Display)
1900 K Street, NW, Washington, DC 20006 (202) 496-7183

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A: TOPICS TO BE ADDRESSED AT THE DEPOSITION

For purposes of this Attachment, Sony Electronics, Inc. should use the following definitions for the terms used herein.

A.    "Sony," "you," and "your" as used herein means Sony Electronics, Inc. and all persons or entities acting or purporting to act on Sony Electronics, Inc.'s behalf, and any Affiliates (as that term is defined herein) of Sony Electronics, Inc.

B.    "AUO" means AU Optronics Corporation, all persons or entities acting or purporting to act on AU Optronics Corporation's behalf, and any Affiliates (as that term is defined herein) of AU Optronics Corporation (including, for example, AU Optronics Corporation America).

C.    "CMO" means Chi Mei Optoelectronics Corporation, all persons or entities acting or purporting to act on Chi Mei Corporation's behalf, and any Affiliates (as that term is defined herein) of Chi Mei Corporation (including, for example, Chi Mei Optoelectronics USA).

D.    "QDI" means Quanta Display Inc., all persons or entities acting or purporting to act on Quanta Display Inc.'s behalf, and any Affiliates (as that term is defined herein) of Quanta Display Inc.

E.    "Affiliate(s)" means any partnerships, parents, subsidiaries, and divisions, and any corporation or other entity that controls, is controlled by, or is under common control with the identified corporation or entity.

F.    "LCD module" means an LCD display component that includes, inter alia, an LCD panel, a backlight unit, and driver ICs.

G.    "LCD product" means any device or product that contains an LCD module.  An LCD computer monitor, LCD television, laptop computer, and any telephone or other portable or

handheld product incorporating an LCD module are examples of LCD products. This includes all such devices, regardless of brand name.

H.    "AUO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for AUO since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for AUO.

I.    "CMO Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for CMO since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for CMO.

J.    "QDI Products" means all LCD modules and LCD panels made, shipped, imported, or sold by or for QDI since December 1, 2000, and any LCD products containing LCD modules and/or LCD panels made, shipped, imported, or sold by or for QDI.

K.    "OEMs" as used herein means any original equipment manufacturers or systems integrators that manufacture, assemble, or supply LCD products, and any of their officers, directors, employees, agents, representatives, and Affiliates.

L.    "Communication" means, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information between two or more persons of any nature whatsoever, by or to whomever, whether oral or written or whether face-to-face, by telephone, email, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, presentations, interviews, consultations, agreements and other understandings.

M.    "Concern" and "concerning" are used in their broadest sense and embrace all matter relating to, referring to, regarding, describing, discussing, evidencing or constituting the referenced subject.

2

N.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all information that might otherwise be construed to be outside of their scope.

O.    "Document" means all types of documents, electronically stored information, and things embraced within Federal Rules of Civil Procedure 34 and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, facsimiles, telegrams, cable, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, video tapes, films, slides, photographs, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent studies, opinions of counsel, records, reports, summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, email, sound recordings, computer printouts, floppy disks, hard drives, CD-ROM's, magnetic tapes and any other data, database, server, or data compilations from which information can be obtained either directly, or, if necessary translated by you through detection

3

devices into a reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, products, prototypes, models, and specimens.

    P.    "Any" means each and every.

    Q.    "Person" means any natural person, firm, association, partnership, corporation, joint venture, or other form of legal entity.

    R.    The use of the singular form of any word includes the plural and vice versa.

<u>Deposition Topics</u>

Topics to be covered in the deposition include:

    1.    All documents that you produced in response to this subpoena, including the contents of the documents, and the business practices concerning those documents, such as:

        a.    the creation of such documents, including whether the documents were created as part of regularly conducted activity as a regular practice; and

        b.    the maintenance of the documents, including whether the documents were kept in the course of regularly conducted activity.

    2.    All communications between Sony and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, communications concerning: (a) the purchase, sale, and delivery of AUO Products, CMO Products, and/or QDI Products; (b) the technical specifications of AUO Products, CMO Products, and/or QDI Products; (c) the design and/or integration of AUO Products, CMO Products, and/or QDI Products into Sony's LCD display products; (d) OEMs; (e) the U.S. market; and/or (f) the storage, delivery, or distribution in or to the U.S. of AUO Products, CMO Products, and/or QDI Products.

4

3.      All presentations, meetings, and in-person communications between Sony and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, the frequency, location, participants and purpose of such presentations, meetings and communications.

4.      All actions and efforts by AUO, CMO, and/or QDI to: (a) promote and/or sell AUO Products, CMO Products, and/or QDI Products to or for Sony; (b) create new business opportunities with Sony; and/or (c) support or expand their relationship with Sony.

5.      All contracts, agreements, letters of agreements, and memoranda of understanding between Sony and AUO, CMO , and/or QDI regarding the manufacturing, production, design, marketing, sale or supply of LCD products, AUO Products, CMO Products, and/or QDI Products.

6.      All offers to sell and/or negotiations between Sony and any person regarding the actual or potential purchase or sale of AUO Products, CMO Products, and/or QDI Products since December 1, 2000.

7.      All LCD Products that contain or incorporate AUO Products, CMO Products, and/or QDI Products that were or could have been imported, offered for sale, and/or sold in the U.S. since December 1, 2000, including which brands and models of your LCD products used which models of AUO Products, CMO Products, and/or QDI Products.

8.      Since December 1, 2000, all shipments and sales of AUO Products, CMO Products, and/or QDI Products to be used for Sony LCD products, and all sales and imports in the U.S. by or for you, of AUO Products, CMO Products, and/or QDI Products (whether alone or as part of an LCD product).

9.      All audits, inspections, approvals, and awards or recognition concerning AUO, CMO, and QDI, including, but not limited to, with respect to manufacturing and production processes, facilities, and/or AUO Products, CMO Products, and QDI Products.

10.      All products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

11.      The efforts you took to gather and search for information and documents responsive to this subpoena and your document and email retention policies and practices.

6

**ATTACHMENT B:  DOCUMENTS TO BE PRODUCED BY
SONY ELECTRONICS, INC.**

For purposes of this Attachment, Sony should refer to *Attachment A* for the definition or meaning of terms used herein, which are incorporated herein by reference.  The documents to be produced on or before July 15, 2008, include the following:

1.      All documents reflecting the order, purchase, sale or delivery, by or to Sony and/or OEMs, since December 1, 2000, of any AUO Products, CMO Products, and/or QDI Products, including but not limited to summaries of sales and/or shipments, reports concerning sales and/or shipments, purchase orders, invoices, shipping records, and bills of lading.

2.      All documents reflecting orders and purchases by or for you from any person (including, but not limited to OEMs) of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products, such as, for example, summaries, reports, purchase orders, and invoices.

3.      Documents sufficient to identify all products purchased, manufactured, sold, or imported by or for Sony since December 1, 2000, that did or could contain AUO Products, CMO Products, and/or QDI Products, including information sufficient to identify which specific AUO Products have been used in which brands and models of LCD products, which specific CMO Products have been used in which brands and models of LCD products, and which specific QDI Products have been used in which brands and models of LCD products.

4.      All documents reflecting offers to sell, price quotes, and/or negotiations concerning AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

5.      All contracts and/or agreements between Sony and AUO, CMO, and/or QDI, or concerning AUO Products, CMO Products, and/or QDI Products.

6.      Summaries, reports, and other documents sufficient to identify all sales and imports in the United States, by or for you, of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products since December 1, 2000, including the dates, brands, models, quantities, customers, location, and price concerning all such sales and imports. If subtotals and totals are not included, then this information, including spreadsheets, is requested in native electronic format.

7.      All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the sale, marketing, supply, distribution, shipping, and/or importation of AUO Products, CMO Products, and/or QDI Products, or LCD products containing AUO Products, CMO Products, and/or QDI Products, including, but not limited to plans, presentations, proposals, strategies, and/or reports (for example, road maps, Business/Biz Alignment presentations, product codenames, product or market updates, feasibility studies, product strategies or strategy reports, quarterly business reviews, market reports or trends, meeting agendas, and sales kits).

8.      All documents reflecting communications (including e-mail) with AUO, CMO, and/or QDI, since December 1, 2000, referencing or concerning: (a) stores or websites selling LCD products in the U.S. (such as Best Buy); (b) the U.S. market; (c) U.S. laws, regulations, or requirements relevant to AUO Products, CMO Products, QDI Products, and/or LCD products; and/or (d) hubs or other locations in the U.S. for storage, delivery, and/or distribution of LCD products.

9.      All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the design, development, technical specifications, manufacturing, production, performance, and/or testing of AUO Products, CMO Products, and/or QDI Products.

2

10.    All documents concerning or reflecting any offer, proposal, or attempt to supply or promote AUO Products, CMO Products, and/or QDI Products, since December 1, 2000, including, for example, communications regarding possible business opportunities to design or supply LCD modules.

11.    All documents concerning any in-person communications/meetings between Sony and AUO, CMO, and/or QDI at any time since December 1, 2000, including, but not limited to e-mails, trip reports, agendas, presentations, meeting notes, minutes, or other summary of the in-person communication/meeting, including meetings or visits in the U.S.

12.    All documents concerning all audits, inspections, approvals, and awards or recognition regarding AUO, CMO, or QDI, including their facilities, their manufacturing and production processes, or AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

13.    All documents concerning any sales or product support provided by AUO, CMO, and QDI since December 1, 2000, including all communications and/or agreements relating to the service, repair, refurbishment, or replacement of AUO Products, CMO Products, and/or QDI Products in the United States, and all documents regarding warranties or service agreements for the benefit of Sony or purchasers of LCD products.

14.    All documents sufficient to identify product or project names and codenames for Sony LCD products, and documents sufficient to link or correlate such names or codenames to models or other identifiers for AUO Products, CMO Products, and/or QDI Products used and/or approved for those LCD product projects and/or codenames, since December 1, 2000.

3

15.     All documents reflecting products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

4

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 11, 2008, he served the foregoing

documents by email and by hand upon the following counsel:

| | |
|---|---|
| Philip A. Rovner | Karen L. Pascale |
| David E. Moore | John W. Shaw |
| POTTER ANDERSON & CORROON LLP | YOUNG CONAWAY STARGATT & |
| 1313 North Market Street | TAYLOR, LLP |
| Wilmington, DE 19899-0951 | The Brandywine Building |
| | 1000 West Street, 17th Floor |
| | Wilmington, DE 19899-0391 |

The undersigned counsel further certifies that, on June 11, 2008, he served the

foregoing documents by email and by U.S. Mail upon the following counsel:

| | |
|---|---|
| Jonathan S. Kagan | Vincent K. Yip |
| IRELL & MANELLA LLP | Peter J. Wied |
| 1800 Avenue of the Stars | PAUL, HASTINGS, JANOFSKY & |
| Suite 900 | WALKER LLP |
| Los Angeles, CA 90067 | 515 South Flower Street, 25th Floor |
| | Los Angeles, CA 90071 |
| | |
| Ron E. Shulman, Esquire | M. Craig Tyler, Esquire |
| Julie Holloway, Esquire | Brian D. Range, Esquire |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| 650 Page Mill Road | 8911 Capital of Texas Highway North |
| Palo Alto, California 94304-1050 | Westech 360, Suite 3350 |
| | Austin, Texas 78759-8497 |

/s/ Richard D. Kirk, (rk0922)
Richard D. Kirk

# EXHIBIT D

**Bailey, Natalija**

| | |
|---|---|
| **From:** | Lomas, John |
| **Sent:** | Wednesday, July 02, 2008 11:11 AM |
| **To:** | 'West, Susan (LAW)' |
| **Subject:** | RE: LG Display Co. v. Chi Mei Optoelectronics: Subpoena served on Sony Electronics Inc. |

Susan,

That is correct.  Thanks again for the call and update on your progress with the subpoena.

John


**John W. Lomas, Jr.**
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
202.496.7183
jlomas@mckennalong.com


**From:** West, Susan (LAW) [mailto:Susan.West@am.sony.com]
**Sent:** Wednesday, July 02, 2008 11:09 AM
**To:** Lomas, John
**Subject:** LG Display Co. v. Chi Mei Optoelectronics: Subpoena served on Sony Electronics Inc.

Mr. Lomas:

This e-mail confirms our conversation today wherein you agreed to allow us until July 15, 2008 to file any objections to the subpoena served on Sony Electronics in the above referenced matter.

Thank you for the courtesy.

Sincerely,

*Susan R. West*
*Manager, Senior Litigation Paralegal*
*Law Department, MZ 7180*
*Sony Electronics Inc.*
*16530 Via Esprillo*
*San Diego, CA  92127*
*Phone:  858-942-2287*
*Fax:  858-942-9123*
*E-mail:  susan.west@am.sony.com*

*The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please notify the sender immediately by telephone or reply e-mail and delete the message and any attachments without retaining a copy.*

# EXHIBIT E

**Bailey, Natalija**

| | |
|---|---|
| **From:** | Lomas, John |
| **Sent:** | Tuesday, August 05, 2008 1:02 PM |
| **To:** | 'West, Susan (LAW)' |
| **Subject:** | RE: LG Display Subpoena |

Thanks.

-----Original Message-----
From: West, Susan (LAW) [mailto:Susan.West@am.sony.com]
Sent: Tuesday, August 05, 2008 1:00 PM
To: Lomas, John
Subject: RE: LG Display Subpoena

Yes - the call in number will be:  1-888-476-6128, participant code:
221909

Susan R. West
Manager, Senior Litigation Paralegal
Law Department, MZ 7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA  92127
Phone:  858-942-2287
Fax:  858-942-9123
E-mail:  susan.west@am.sony.com

The information contained in this e-mail message may be privileged, confidential and
protected from disclosure. If you are not the intended recipient, any dissemination,
distribution or copying is prohibited. If you think that you have received this e-mail
message in error, please notify the sender immediately by telephone or reply e-mail and
delete the message and any attachments without retaining a copy.

-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, August 05, 2008 9:59 AM
To: West, Susan (LAW)
Subject: LG Display Subpoena

Susan,

Thanks for your time this morning.  I just wanted to check in again and see if 2pm
Washington DC time tomorrow was still okay?

Also, given that we are still working on determining whether Sony Electronics has any
responsive documents, we will continue the Sony Electronics deposition to September 11.

Regards,

John

John W. Lomas, Jr.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
202.496.7183
jlomas@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any

1

dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

# EXHIBIT F

**Caplan, Mindy**

| | |
|---|---|
| **From:** | Lomas, John |
| **Sent:** | Wednesday, August 06, 2008 11:17 AM |
| **To:** | 'West, Susan (LAW)' |
| **Subject:** | RE: LG Display Subpoena |

Susan,

I am unexpectedly going to be tied up with an urgent matter the rest of the day.  I am also going to be out of the office later this week.

Can we set up a time for me to speak with Ms. Alpert sometime next week?  I'd prefer any time on Wednesday because my schedule looks a bit tight on Monday and Tuesday.

Thank you,

John

-----Original Message-----
From: West, Susan (LAW) [mailto:Susan.West@am.sony.com]
Sent: Tuesday, August 05, 2008 1:00 PM
To: Lomas, John
Subject: RE: LG Display Subpoena

Yes - the call in number will be:  1-888-476-6128, participant code: 221909

Susan R. West
Manager, Senior Litigation Paralegal
Law Department, MZ 7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA  92127
Phone:  858-942-2287
Fax:  858-942-9123
E-mail:  susan.west@am.sony.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please notify the sender immediately by telephone or reply e-mail and delete the message and any attachments without retaining a copy.

-----Original Message-----
From: Lomas, John [mailto:jlomas@mckennalong.com]
Sent: Tuesday, August 05, 2008 9:59 AM
To: West, Susan (LAW)
Subject: LG Display Subpoena

Susan,

Thanks for your time this morning.  I just wanted to check in again and see if 2pm Washington DC time tomorrow was still okay?

Also, given that we are still working on determining whether Sony Electronics has any responsive documents, we will continue the Sony Electronics deposition to September 11.

Regards,

John

John W. Lomas, Jr.
McKenna Long & Aldridge LLP

1900 K Street, NW
Washington, DC 20006
202.496.7183
jlomas@mckennalong.com


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

# EXHIBIT G

**Bailey, Natalija**

| | |
|---|---|
| **From:** | West, Susan (LAW) [Susan.West@am.sony.com] |
| **Sent:** | Friday, August 15, 2008 5:05 PM |
| **To:** | Lomas, John |
| **Cc:** | Alpert, Sonja (LAW) |
| **Subject:** | LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics |

Dear John:

Thank you for speaking with us yesterday regarding the subpoena LG Display Co. Ltd. Served on Sony Electronics in the LG Display v. AU Optronics, et al. matter. This e-mail will serve as confirmation of our conversation. You have agreed that Sony Electronics could serve its written objections next week, while working on collecting sales data (units and sale price) for televisions, computer monitors and computers. We will provide an update next week re: estimate of when final data can be delivered. If this does not accurately reflect our conversation, please advise.

Thank you.

Sincerely,


*Susan R. West*
*Manager, Senior Litigation Paralegal*
*Law Department, MZ 7180*
*Sony Electronics Inc.*
*16530 Via Esprillo*
*San Diego, CA  92127*
*Phone:  858-942-2287*
*Fax:  858-942-9123*
*E-mail:  susan.west@am.sony.com*


*The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please notify the sender immediately by telephone or reply e-mail and delete the message and any attachments without retaining a copy.*

# EXHIBIT H

## Bailey, Natalija

**From:** Wasinger, Ronald (LAW) [Ronald.Wasinger@am.sony.com]
**Sent:** Friday, August 22, 2008 8:37 PM
**To:** Lomas, John
**Cc:** West, Susan (LAW); Alpert, Sonja (LAW)
**Subject:** FW: LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics

John, I left you a voicemail earlier today. Sonja Alpert had to attend an unexpected, urgent family matter this week. We appreciate your cooperation and will provide our written objections to the above-referenced subpoena as soon as possible next week. I also write the clarify the comments from our litigation paralegal below. Sony's collection of data is for analysis of potential production, after completing review for relevancy and other obligations under the discovery rules. Any production would be subject to objections served and applicability of an acceptable protective order. To assist with that review, could you forward me that latest Complaint in the suit as well any applicable Protective Order? I apologize if you previously sent to Sonja these documents, but she has been unavailable this week. Thank you again for your understanding. For any questions, call me at 858-942-7812.

Ronald A. Wasinger, Esq.
Vice President
Law Department
Sony Electronics Inc.
16530 Via Esprillo, MZ 7310
San Diego, CA  92127
(858) 942-7812 (w)
(858) 942-2700 (fax)

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ronald.wasinger@am.sony.com.

**From:** West, Susan (LAW)
**Sent:** Friday, August 15, 2008 2:05 PM
**To:** 'Lomas, John'
**Cc:** Alpert, Sonja (LAW)
**Subject:** LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics

Dear John:

Thank you for speaking with us yesterday regarding the subpoena LG Display Co. Ltd. Served on Sony Electronics in the LG Display v. AU Optronics, et al. matter. This e-mail will serve as confirmation of our conversation. You have agreed that Sony Electronics could serve its written objections next week, while working on collecting sales data (units and sale price) for televisions, computer monitors and computers. We will provide an update next week re: estimate of when final data can be delivered. If this does not accurately reflect our conversation, please advise.

Thank you.

Sincerely,

*Susan R. West*
*Manager, Senior Litigation Paralegal*
*Law Department, MZ 7180*
*Sony Electronics Inc.*
*16530 Via Esprillo*
*San Diego, CA  92127*
*Phone:  858-942-2287*
*Fax:  858-942-9123*
*E-mail:  susan.west@am.sony.com*

*The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please notify the sender immediately by telephone or reply e-mail and delete the message and any attachments without retaining a copy.*

# EXHIBIT I

## Caplan, Mindy

| | |
|---|---|
| **From:** | Lomas, John |
| **Sent:** | Tuesday, August 26, 2008 6:55 PM |
| **To:** | 'Wasinger, Ronald (LAW)' |
| **Cc:** | 'West, Susan (LAW)'; 'Alpert, Sonja (LAW)' |
| **Subject:** | RE: LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics |
| **Attachments:** | LtrWasinger8-26-08.PDF |

Ron,

Please see the attached letter of this date.

Best regards,

John

---

**From:** Wasinger, Ronald (LAW) [mailto:Ronald.Wasinger@am.sony.com]
**Sent:** Friday, August 22, 2008 8:37 PM
**To:** Lomas, John
**Cc:** West, Susan (LAW); Alpert, Sonja (LAW)
**Subject:** FW: LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics

John, I left you a voicemail earlier today. Sonja Alpert had to attend an unexpected, urgent family matter this week. We appreciate your cooperation and will provide our written objections to the above-referenced subpoena as soon as possible next week. I also write the clarify the comments from our litigation paralegal below. Sony's collection of data is for analysis of potential production, after completing review for relevancy and other obligations under the discovery rules. Any production would be subject to objections served and applicability of an acceptable protective order. To assist with that review, could you forward me that latest Complaint in the suit as well any applicable Protective Order? I apologize if you previously sent to Sonja these documents, but she has been unavailable this week. Thank you again for your understanding. For any questions, call me at 858-942-7812.

‾
Ronald A. Wasinger, Esq.
Vice President
Law Department
Sony Electronics Inc.
16530 Via Esprillo, MZ 7310
San Diego, CA  92127
(858) 942-7812 (w)
(858) 942-2700 (fax)

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ronald.wasinger@am.sony.com.

---

**From:** West, Susan (LAW)
**Sent:** Friday, August 15, 2008 2:05 PM
**To:** 'Lomas, John'
**Cc:** Alpert, Sonja (LAW)
**Subject:** LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics

Dear John:

Thank you for speaking with us yesterday regarding the subpoena LG Display Co. Ltd. Served on Sony Electronics in the LG Display v. AU Optronics, et al. matter.  This e-mail will serve as confirmation of our conversation.  You

12/3/2008

have agreed that Sony Electronics could serve its written objections next week, while working on collecting sales data (units and sale price) for televisions, computer monitors and computers.  We will provide an update next week re: estimate of when final data can be delivered.  If this does not accurately reflect our conversation, please advise.

Thank you.

Sincerely,


**Susan R. West**
**Manager, Senior Litigation Paralegal**
**Law Department, MZ 7180**
**Sony Electronics Inc.**
**16530 Via Esprillo**
**San Diego, CA  92127**
**Phone:  858-942-2287**
**Fax:  858-942-9123**
**E-mail:  susan.west@am.sony.com**

*The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please notify the sender immediately by telephone or reply e-mail and delete the message and any attachments without retaining a copy.*

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
## & Aldridge LLP
### Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

JOHN W. LOMAS, JR.
(202) 496-7183

EMAIL ADDRESS
jlomas@mckennalong.com

August 26, 2008

**BY E-MAIL**

Ronald Wasinger, Esq.
Vice President
Law Department
Sony Electronics, Inc.
16530 Via Esprillo, MZ 7310
San Diego, CA 92127

Re:     LG Display's Subpoena to Sony Electronics, Inc. in *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corp., et al.*; CV 06-726 (JJF) (D. Del.)

Dear Ron:

Thank you for your voicemail and e-mail. Because Sony Electronics, Inc. ("Sony") was served with the subpoena on June 23, 2008, its objections were due on July 7, 2008. No one from Sony requested an extension for objections until August 14, 2008, when I spoke with Ms. West and Ms. Alpert. At that time, in the spirit of cooperation, I agreed to extend the deadline for Sony to serve objections to last week, based on the understanding that 1) Sony would provide an update as the volume and timing of its production last week and 2) Sony would be providing its production shortly thereafter. Last week came and went, however, and we still have no indication as to the volume of Sony's responsive information, or when Sony expects to produce its responsive information. Please provide such an update tomorrow.

Although the pleadings are numerous, LG Display alleges that liquid crystal display ("LCD") panels manufactured by AUO and CMO infringe a number of LG Display's patents related to LCD technology. AUO's and CMO's infringing products are imported and sold directly and indirectly in and to the United States. LG Display alleges that AUO and CMO directly infringe LG Display's patents. In addition, LG Display alleges that AUO and CMO induce, or encourage customers and third parties to import, sell, and offer to sell infringing products in the U.S. LG Display seeks to recover for both direct and indirect infringement against AUO and CMO.

As I discussed in recent teleconferences with Ms. West and Ms. Alpert, LG Display is seeking information in the subpoena relevant to its claims against AUO and CMO. One issue we

Ronald Wasinger, Esq.
August 26, 2008
Page 2

discussed, for example, and in addition to the sales information referenced in Ms. West's e-mail, is after-service sales and support.  Any information regarding AUO's and CMO's involvement with or funding of after sales service and support regarding Sony products would be relevant and responsive to the subpoena.

A protective order has not yet been entered, but LG Display moved for entry of a protective order and briefing has been completed since early July.  While we wait for the court to act, the parties have all stipulated to treat third-party confidential information in accordance with Delaware Local Rule 26.2, which provides for outside attorney only access to confidential information, until the protective order is entered.  Accordingly, confidentiality is no basis to withhold responsive documents.

I will call you tomorrow, Wednesday, August 27, 2008, to discuss these issues further.

Very truly yours,

John W. Lomas, Jr.

# EXHIBIT J

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LG Display Co., Inc., <br><br>             Plaintiff, <br><br> v. <br><br> Chi Mei Optoelectronics Corporation, et al. <br>            Defendants. | Case No.: 06-726-JJF <br> 07-357 JJF (D. Del) <br><br> **OBJECTIONS AND RESPONSES OF NON-PARTY SONY ELECTRONICS INC. TO SUBPOENA OF PLAINTIFF LG DISPLAY CO., INC.** |

Pursuant to Rule 45(c)(2)(D) of the Federal Rules of Civil Procedure, non-party Sony Electronics Inc. ("SONY") hereby responds and objects to the subpoena that plaintiff LG Display Co., Inc. ("LG") served on June 24, 2008 (the "Subpoena") as follows:

### GENERAL OBJECTIONS

1.    SONY objects to the Subpoena insofar as it purports to request documents or testimony protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege. In the event that it inadvertently produces any such protected document, SONY specifically reserves the right to request the documents' return, without prejudice to any claim of privilege.

2.    SONY objects to the Subpoena to the extent that it has defined "SONY", "YOU" or "YOUR" in the instructions, topics, and requests to mean anything other than SONY ELECTRONICS INC.

3.      SONY objects to the Subpoena to the extent that it is vague, ambiguous, overly broad, unduly burdensome and oppressive, particularly in light of the fact that SONY is not a party to the underlying action.

4.      SONY objects to the Subpoena to the extent that it seeks documents or testimony beyond the scope of, or seeks to impose burdens on SONY which are greater than or inconsistent with, the Federal Rules of Civil Procedure.

5.      SONY objects to the Subpoena to the extent that it purports to require the production of documents in the possession, custody or control of any person or entity other than SONY ELECTRONICS INC.

6.      SONY objects to the Subpoena to the extent that it purports to require the production of documents or testimony that SONY is prohibited from producing due to confidentiality agreements in place regarding such documents or subject matter.

7.      SONY objects to the Subpoena to the extent that it requests production of documents and a deposition in an unreasonable period of time from the alleged date of service.

8.      SONY objects to producing documents at the offices of McKenna Long & Aldridge LLP, Suite 3300 Symphony Towers, 750 B. Street, San Diego, CA 92101.

9.      SONY objects to providing deposition testimony at the offices of McKenna Long & Aldridge LLP, Suite 3300 Symphony Towers, 750 B. Street, San Diego, CA 921.

10.     SONY objects to the Subpoena to the extent that it seeks the production or disclosure of trade secrets, proprietary data, or other confidential or sensitive commercial or financial information or materials.

-2-

05/02/2016 01:25 FAX   858 942 2700     SONY/3rd FLOOR LAW                    ☒004/028

11.     SONY objects to the Subpoena to the extent that the relevant documents sought are duplicates of documents in the possession, custody or control of parties to the above-captioned litigation.

12.     SONY objects to the Subpoena to the extent that the requests seek the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

13.     SONY objects to producing any documents or providing any testimony referring or relating to any agreement, license or transaction that is not legally binding on the ground that production of such documents is unduly burdensome and oppressive and that such documents are neither relevant nor likely to lead to the discovery of admissible evidence.

14.     SONY objects to the Subpoena to the extent that the requests seek the production of documents or seeks to compel testimony about facts that are more easily obtainable from a party or parties to the above-captioned litigation.

15.     In making these responses and objections to the Subpoena, SONY does not in any way waive or intend to waive but rather intends to preserve and is preserving:

    A.     all objections as to competency, relevancy, materiality and admissibility of any objections, responses, testimony, and/or documents provided in response to the Subpoena;

    B.     all rights to object on any ground to the use of any of these objections, responses, testimony, and/or documents provided in response to this Subpoena, in any subsequent proceedings, including the trial of this or any action; and

-3-

05/02/2016 01:25 FAX   858 942 2700        SONY/3rd FLOOR LAW                      Ø005/028

   C.     all rights to object on any ground to any request for further responses to

           these or any other document requests or other discovery requests.

   16.    These Objections and Responses are made based on information now known.

SONY reserves the right to supplement or amend in any way any of its specific or general

objections or responses to any or all of the Requests, as well as any production made pursuant

thereto.

### SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

       Without waiving or limiting in any manner any of the foregoing General Objections, but

rather incorporating them into each of the following objections to the extent applicable, SONY

objects to the specific deposition areas for examination set forth in Attachment A to the

Subpoena ("Topic(s)") as follows:

**Deposition Topic No. 1**

1.     All documents that you produced in response to this subpoena, including the contents of

the documents, and the business practices concerning those documents, such as:

   a.     the creation of such documents, including whether the documents were created as

part of regularly conducted activity as a regular practice; and

   b.     the maintenance of the documents, including whether the documents were kept in

the court of regularly conducted activity.

**Objections to Deposition Topic No. 1**

       In addition to the General Objections, SONY specifically objects to this Topic as vague,

ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery.

SONY objects to this Topic to the extent "SONY" means anything other than SONY

-4-

ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 2**

All communications between Sony and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, communications concerning: (a) the purchase, sale, and delivery of AUO Products, CMO Products, and/or QDI Products; (b) the technical specifications of AUO Products, CMO Products, and/or ADI Products; (c) the design and/or integration of AUO Products, CMO Products, and/or QDI Products into Sony's LCD display products; (d) OEMs; (e) the U.S. market; and/or (f) the storage, delivery, or distribution in or to the U.S. of AUO Products, CMO Products, and/or QDI Products.

**Objections to Deposition Topic No. 2**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony

-5-

pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

## Deposition Topic No. 3

All presentations, meetings, and in-person communications between Sony and AUO, CMO, and/or QDI since December 1, 2000, including but not limited to, the frequency, location, participants and purpose of such presentations, meetings and communications.

## Objections to Deposition Topic No. 3

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 4**

All actions and efforts by AUO, CMO, and/or QDI to: (a) promote and/or sell AUO Products, CMO Products, and/or QDI Products to or for Sony; (b) create new business opportunities with Sony; and/or (c) support or expand their relationship with Sony.

**Objections to Deposition Topic No. 4**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 5**

All contracts, agreements, letters of agreements, and memoranda of understanding between Sony and AUO, CMO, and/or QDI regarding the manufacturing, production, design, marketing, sale or supply of LCD Products, AUO Products, CMO Products, and/or QDI Products.

**Objections to Deposition Topic No. 5**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 6**

All offers to sell and/or negotiations between Sony and any person regarding the actual or potential purchase or sale of AUO Products, CMO Products, and/or QDI Products since December 1, 2000.

**Objections to Deposition Topic No. 6**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony

pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 7**

All LCD Products that contain or incorporate AUO Products, CMO Products, and/or QDI Products that were or could have been imported, offered for sale, and/or sold in the U.S. since December 1, 2000, including which brands and models of your LCD products used which models of AUO Products, CMO Products, and/or ADI Products.

**Objections to Deposition Topic No. 7**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 8**

Since December 1, 2000, all shipments and sales of AUO Products, CMO Products, and/or QDI Products to be used for Sony LCD products, and all sales and imports in the U.S. by or for you, of AUO Products, CMO Products, and/or QDI Products (whether alone or as part of an LCD product).

**Objections to Deposition Topic No. 8**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 9**

All audits, inspections, approvals, and awards or recognition concerning AUO, CMO, and QDI, including, but not limited to, with respect to manufacturing and production processes, facilities, and/or AUO Products, CMO Products, and QDI Products.

-10-

05/02/2016 01:27 FAX  858 942 2700        SONY/3rd FLOOR LAW                    @012/028

**Objections to Deposition Topic No. 9**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 10**

All products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

**Objections to Deposition Topic No. 10**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the

-11-

consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Deposition Topic No. 11**

The efforts you took to gather and search for information and documents responsive to this subpoena and your document and e-mail retention policies and practices.

**Objections to Deposition Topic No. 11**

In addition to the General Objections, SONY specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Topic to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY further objects to this Topic to the extent that it calls for testimony pertaining to trade secrets, proprietary data or other confidential or sensitive commercial or financial information and to the extent this Testimony calls for testimony pertaining to subject matter that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Topic insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

-12-

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather

incorporating them into each of the following objections to the extent applicable, SONY objects

to the specific document requests set forth in Attachment B to the Subpoena ("Request(s)") as

follows:

**Request for Production No. 1**

All documents reflecting the order, purchase, sale or delivery, by or to Sony and/or

OEMs, since December 1, 2000, of any AUO Products, CMO Products, and/or QDI Products,

including but not limited to summaries of sales and/or shipments, reports concerning sales and/or

shipments, purchase orders, invoices, shipping records, and bills of lading.

**Objections to Request for Production No. 1**

In addition to the General Objections, SONY specifically objects to this Request as

vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible

discovery. SONY objects to this Request to the extent "SONY" means anything other than

SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks

information beyond the scope of permissible discovery and seeks documents that are neither

relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the

discovery of admissible evidence. SONY additionally objects to this Request to the extent that it

calls for documents that include trade secret, proprietary or confidential or sensitive commercial

or financial information. SONY objects to this Request to the extent it calls for production of

documents that SONY is contractually prohibited from producing without the consent of third

parties. SONY additionally objects to this Request insofar as it purports to request testimony

-13-

pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Request for Production No. 2**

All documents reflecting orders and purchases by or for you from any person (including, but not limited to OEMs) of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products, such as, for example, summaries, reports, purchase orders, and invoices.

**Objections to Request for Production No. 2**

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Request for Production No. 3**

Documents sufficient to identify all products purchased, manufactured, sold, or imported by or for Sony since December 1, 2000, that did or could contain AUO Products, CMO Products, and/or QDI Products, including information sufficient to identify which specific AUO Products have been used in which brands and models of LCD products, which specific CMO Products have been used in which brands and models of LCD products, and which specific QDI Products have been used in which brands and models of LCD products.

**Objections to Request for Production No. 3**

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Request for Production No. 4**

05/02/2016 01:28 FAX  858 942 2700          SONY/3rd FLOOR LAW                    ☑017/028

All documents reflecting offers to sell, price quotes, and/or negotiations concerning AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

## Objections to Request for Production No. 4

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC.  SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence.  SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information.  SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties.  SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

## Request for Production No. 5

All contracts and/or agreements between Sony and AUO, CMO, and/or QDI, or concerning AUO Products, CMO Products, and/or QDI Products.

## Objections to Request for Production No. 5

-16-

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Request for Production No. 6**

Summaries, reports, and other documents sufficient to identify all sales and imports in the United States, by or for you, of LCD products that did or could contain AUO Products, CMO Products, and/or QDI Products since December 1, 2000, including the dates, brands, models, quantities, customers, location, and price concerning all such sales and imports. If subtotals and totals are not included, then this information, including spreadsheets, is requested in native electronic format.

**Objections to Request for Production No. 6**

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible

-17-

discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Request for Production No. 7**

All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the sale, marketing, supply, distribution, shipping, and/or importation of AUO Products, CMO Products, and/or QDI Products, or LCD products containing AUO Products, CMO Products, and/or QDI Products, including, but not limited to plans, presentations, proposals, strategies, and/or reports (for example, road maps, Business/Biz Alignment presentations, product codenames, product or market updates, feasibility studies, product strategies or strategy reports, quarterly business reviews, market reports or trends, meeting agendas, and sales kits).

**Objections to Request for Production No. 7**

-18-

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Request for Production No. 8**

All documents reflecting communications (including e-mail) with AUO, CMO, and/or QDI, since December 1, 2000, referencing or concerning: (a) stores or websites selling LCD Products in the U.S. (such as Best Buy); (b) the U.S. market; (c) U.S. laws, regulations, or requirements relevant to AUO Products, CMO Products, QDI Products, and/or LCD products; and/or (d) hubs or other locations in the U.S. for storage, delivery, and/or distribution of LCD products.

**Objections to Request for Production No. 8**

-19-

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

**Request for Production No. 9**

All documents received from or provided to AUO, CMO, and/or QDI, since December 1, 2000, concerning the design, development, technical specifications, manufacturing, production, performance, and/or testing of AUO Products, CMO Products, and/or QDI Products.

**Objections to Request for Production No. 9**

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither

-20-

relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence.  SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information.  SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties.  SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

## Request for Production No. 10

All documents concerning or reflecting any offer, proposal, or attempt to supply or promote AUO Products, CMO Products, and/or QDI Products, since December 1, 2000, including, for example, communications regarding possible business opportunities to design or supply LCD modules.

## Objections to Request for Production No. 10

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery.  SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC.  SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence.  SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial

or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

## Request for Production No. 11

All documents concerning any in-person communications/meetings between Sony and AUO, CMO, and/or QDI at any time since December 1, 2000, including, but not limited to e-mails, trip reports, agendas, presentations, meeting notes, minutes, or other summary of the in-person communication/meeting, including meetings or visits in the U.S.

## Objections to Request for Production No. 11

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony

pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

## Request for Production No. 12

All documents concerning all audits, inspections, approvals, and awards or recognition regarding AUO, CMO, or QDI, including their facilities, their manufacturing and production processes, or AUO Products, CMO Products, and/or QDI Products, since December 1, 2000.

## Objections to Request for Production No. 12

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

-23-

## Request for Production No. 13

All documents concerning any sales or product support provided by AUO, CMO, and QDI since December 1, 2000, including all communications and/or agreements relating to the service, repair, refurbishment, or replacement of AUO Products, CMO Products, and/or QDI Products in the United States, and all documents regarding warranties or service agreements for the benefit of Sony or purchasers of LCD products.

## Objections to Request for Production No. 13

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

-24-

**Request for Production No. 14**

All documents sufficient to identify product or project names and codenames for Sony LCD products, and documents sufficient to link or correlate such names or codenames to models or other identifiers for AUO Products, CMO Products, and/or QDI Products used and/or approved for those LCD product projects and/or codenames, since December 1, 2000.

**Objections to Request for Production No. 14**

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

-25-

**Request for Production No. 15**

All documents reflecting products and specifications that you approved, designed, developed, or marketed jointly, cooperatively, or in coordination with AUO, CMO and/or QDI since December 1, 2000.

**Objections to Request for Production No. 15**

In addition to the General Objections, SONY specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and beyond the scope of permissible discovery. SONY objects to this Request to the extent "SONY" means anything other than SONY ELECTRONICS INC. SONY also objects to this Request to the extent it seeks information beyond the scope of permissible discovery and seeks documents that are neither relevant to the subject matter of the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. SONY additionally objects to this Request to the extent that it calls for documents that include trade secret, proprietary or confidential or sensitive commercial or financial information. SONY objects to this Request to the extent it calls for production of documents that SONY is contractually prohibited from producing without the consent of third parties. SONY additionally objects to this Request insofar as it purports to request testimony pertaining to subject matter protected from discovery by the attorney-client privilege, work-product immunity or any other applicable law, rule or privilege.

-26-

August 27, 2008

*Sonja K. Alpert*

Sonja K. Alpert
Director, Law Department
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA  92127
Phone:  (858) 942-4641
*Attorney for Sony Electronics Inc.*

## CERTIFICATE OF SERVICE

On August 27, 2008, I served the foregoing document described above as Objections and

Responses of Non-party Sony Electronics Inc. to Subpoena of Plaintiff LG Display Co., Inc. by

facsimile and overnight mail delivery by placing a true and correct copy thereof enclosed in

sealed envelopes addressed as follows:

John W. Lomas, Jr., Esq.
McKenna Long & Aldridge LLP
*1900 K Street, NW*
Washington, D.C.  20006-1108
Phone: (202) 496-7500
Facsimile: (202) 496-7756

*Sonja K. Alpert*

Sonja K. Alpert

-27-

# EXHIBIT K

**Caplan, Mindy**

**From:**    Lomas, John
**Sent:**    Tuesday, September 16, 2008 10:07 AM
**To:**      'West, Susan (LAW)'; 'Alpert, Sonja (LAW)'
**Subject:** RE: LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics

Susan and Sonja,

It has been over a month since you said you would provide an update on your data collection efforts and almost three weeks since I left a voicemail with Sonja asking for an update.  Could you please provide an update today.

Thank you,

John

---

**From:** West, Susan (LAW) [mailto:Susan.West@am.sony.com]
**Sent:** Friday, August 15, 2008 5:05 PM
**To:** Lomas, John
**Cc:** Alpert, Sonja (LAW)
**Subject:** LG Display v. AU Optronics, et al. - Subpoena served on Sony Electronics

Dear John:

Thank you for speaking with us yesterday regarding the subpoena LG Display Co. Ltd. Served on Sony Electronics in the LG Display v. AU Optronics, et al. matter.  This e-mail will serve as confirmation of our conversation.  You have agreed that Sony Electronics could serve its written objections next week, while working on collecting sales data (units and sale price) for televisions, computer monitors and computers.  We will provide an update next week re: estimate of when final data can be delivered.  If this does not accurately reflect our conversation, please advise.

Thank you.

Sincerely,


*Susan R. West*
*Manager, Senior Litigation Paralegal*
*Law Department, MZ 7180*
*Sony Electronics Inc.*
*16530 Via Esprillo*
*San Diego, CA  92127*
*Phone:  858-942-2287*
*Fax:  858-942-9123*
*E-mail:  susan.west@am.sony.com*


*The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please notify the sender immediately by telephone or reply e-mail and delete the message and any attachments without retaining a copy.*

# EXHIBIT L

**Bailey, Natalija**

| | |
|---|---|
| **From:** | Alpert, Sonja (LAW) [Sonja.K.Alpert@am.sony.com] |
| **Sent:** | Friday, September 26, 2008 8:51 PM |
| **To:** | Lomas, John |
| **Subject:** | Subpoena of Plaintiff LG Display Co., Inc. |

Dear John,

Without waiving any and all objections raised by Sony Electronics Inc. in response to your subpoena, we have been advised by our Delaware outside counsel that we should not produce any information without an appropriate protective order in place to ensure that Sony Electronics' sensitive business information will be properly protected.  Once the protective order is finalized, would you please provide a copy so that we can review it?

In the meantime, we would appreciate an explanation as to why you are not able to obtain LCD sales numbers from the defendants Chi Mei Optoelectronics Corporation and AU Optronics Corporation which necessitates obtaining this sensitive information from Sony Electronics?

Sincerely,

Sonja Alpert

Sonja K. Alpert
Director, Law Department
Sony Electronics Inc.
16530 Via Esprillo, MZ 7180
San Diego, California 92127-1708
Telephone (858) 942-2612
Fax (858) 942-9123

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at sonja.alpert@am.sony.com

12/2/2008