# EXHIBIT A

**Bailey, Natalija**

| | |
|---|---|
| **From:** | Caplan, Mindy |
| **Sent:** | Tuesday, November 04, 2008 7:10 PM |
| **To:** | 'Sonja.K.' |
| **Subject:** | LG Display Subpoena |
| | |
| **Attachments:** | Stipulation and order re 3rd party discovery.pdf; DI 501.pdf |

Ms. Alpert:

I am writing in response to your email to John Lomas dated September 26, 2008.  Attached is a Stipulation and Order Concerning the Confidentiality of Documents Produced by Third Parties agreed to by all parties.  I have also attached the Joint Stipulation and Order Concerning Entry of Interim Protective Order between LG Display and AUO.  CMO has agreed to the vast majority of the provisions of the LGD/AUO interim protective order, but would like to extend the list of those able to review highly confidential materials to three people in its legal department.  They have agreed that such access would be provided only in the restricted-access room at CMO's outside counsel's office where highly confidential native files are reviewed.  Accordingly, all third party documents will be protected pursuant to the attached documents and therefore there is no basis to withhold any responsive documents.  Please let me know when we can expect to receive responsive documents from Sony.  Sony's production is critical because it is impossible for us to determine whether AUO and CMO have produced all relevant documents that relate to Sony.  I am happy to discuss the matter further at your earliest convenience.

Thank you for your attention to this timely matter.  I look forward to hearing from you soon.

   

Stipulation and      DI 501.pdf (137 KB)
order re 3rd p...

Sincerely,
Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:  (202) 496-7756
mcaplan@mckennalong.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LG.PHILIPS LCD CO., LTD.,

                          Plaintiff,

        v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

                          Defendants.

Civil Action No.  06-726 (JJF)
Civil Action No.  07-357 (JJF)

**CONSOLIDATED CASES**

## STIPULATION AND ORDER CONCERNING THE CONFIDENTIALITY OF
## DOCUMENTS PRODUCED BY THIRD PARTIES

THE PARTIES HERETO STIPULATE AND AGREE, subject to the approval of the

Court, that defendant Chi Mei Optoelectronics Corporation hereby joins and submits to the June

24, 2008 Stipulation and Order Concerning the Confidentiality of Documents Produced By Third

Parties [D.I. 294], a copy of which is attached hereto as Exhibit A.


                              POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jonathan Kagan                   /s/ Philip A. Rovner
Alexandar C.D. Giza              Philip A. Rovner (#3215)
Adam Hoffman                     Hercules Plaza
Irell & Manella LLP              P.O. Box 951
1800 Avenue of the Stars, Suite 900   Wilmington, DE 19899
Los Angeles, CA 90067            (302) 984-6000
(310) 203-7092                   provner@potteranderson.com

                                 *Attorneys for Chi Mei Optoelectronics Corporation*
                                 *and Chi Mei Optoelectronics USA, Inc.*

BAYARD, P.A.

OF COUNSEL:

Gaspare J. Bono
R. Tyler Goodwyn, IV
Lora A. Brzezynski
Cass W. Christenson
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

/s/ Richard D. Kirk
Richard D. Kirk (#0922)
Ashley B. Stitzer
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

*Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

OF COUNSEL:

Vincent K. Yip
Peter J. Wied
Terry Garnett
Katherine Murray
Paul Hastings, Janofsky & Walker LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

M. Craig Tyler
Brian D. Range
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
(512) 338-5400

Ron E. Shulman
Julie Holloway
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

/s/ Karen L. Pascale
Karen L. Pascale (#2903)
John W. Shaw
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(301) 571-6600
kpascale@ycst.com

*Attorneys for AU Optronics Corporation and AU Optronics Corporation America*

SO ORDERED this ____ day of July, 2008.

_____

United States District Judge

-3-

# EXHIBIT A

Dbt f l2;17.dw.11837.KKG!ll!!Epdvn f ou3: 5!l!!llGjrhel170350119!l!!Obhf l2lpg4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LG DISPLAY CO., LTD.,

Plaintiff,

v.

CHI MEI OPTOELECTRONICS
CORPORATION, et al.

Defendants.

Civil Action No. 06-726 (JJF)
Civil Action No. 07-357 (JJF)

CONSOLIDATED CASES

**STIPULATION AND ORDER CONCERNING THE CONFIDENTIALITY OF
DOCUMENTS PRODUCED BY THIRD PARTIES**

WHEREAS LG Display Co., Ltd. and LG Display America, Inc. (collectively "LG

Display") and AU Optronics Corporation and AU Optronics Corporation America (collectively

"AUO") intend to protect their rights and interests with respect to confidential information and

documents that may be produced by third parties in response to any subpoena or letter of request

issued by or on behalf of AUO and LG Display.

WHEREAS third parties may produce confidential information concerning AUO and LG

Display, including product, financial, and business information, without designating that

information as confidential; and

WHEREAS Delaware Local Rule 26.2 provides for protection of confidential

information pending entry of a protective order;

THE PARTIES HERETO STIPULATE AND AGREE, subject to the approval of the

Court, that:

1.       All documents produced by third parties in this case concerning AUO and LG

Display, including in response to any subpoena or letter of request, shall be deemed and treated

as confidential and disclosed to "outside counsel only," as provided in Del. L.R. 26.2, for a

Dbt f l2;17.dw11837.KKGllllllEpdvn f ou3: 5lllllGjrhel17085l3l19lllllCbhf l3lpg4

period of thirty (30) days after the date that the documents are received by counsel for AUO and LG Display.

2. During the thirty (30) day period referenced in paragraph one, AUO and LG Display may designate any document that includes confidential information as protected under Del. L.R. 26.2 and/or any protective order entered in this case.

3. AUO and LG Display will treat all documents designated as confidential by any producing third party as protected by Del. L.R. 26.2 and/or any protective order, without the need for any further designation by AUO and LG Display.

4. Any documents designated as confidential by any third party, by AUO, or by LG Display, shall be protected and not disclosed to any person except as authorized by Del. L.R. 26.2 or any protective order for the duration of this case and thereafter, and shall be subject to all terms of any protective order that applies to the confidentiality of discovery in this case, including any provisions concerning patent prosecution.

5. This stipulation and order applies to documents produced by third parties before or after the execution and entry of this stipulation and order.

6. This stipulation is solely for purposes of protecting confidential information produced by third parties and AUO and LG Display reserve any other rights or objections concerning any subpoena or letter of request issued in this case, and further reserve all objections concerning admissibility or relevance of any information produced by third parties.

Dbt f l2;17.dw 11837.KKGllllllEpdvn f ou3: 5lllllllGjrhsl170l25l03l119llllllCbhf l4lpg4

June 20, 2008                          BAYARD, P.A.

OF COUNSEL:                            /s/ Richard D. Kirk (rk0922)
                                       Richard D. Kirk
Gaspare J. Bono                        Ashley B. Stitzer
R. Tyler Goodwyn, IV                   222 Delaware Avenue, 9th Floor
Lora A. Brzezynski                     P.O. Box 25130
Cass W. Christenson                    Wilmington, DE 19899-5130
McKenna Long & Aldridge LLP            (302) 655-5000
1900 K. Street, N.W.                   rkirk@bayardfirm.com
Washington, D.C. 20006
(202) 496-7500
                                       *Attorneys for LG Display Co., Ltd. and LG Display
                                       America, Inc.*


OF COUNSEL:                            YOUNG CONAWAY STARGATT & TAYLOR, LLP

Vincent K. Yip                         /s/ Karen L. Pascale (kp2903)
Peter J. Wied                          Karen L. Pascale
Terry Garnett                          John W. Shaw
Katherine Murray                       The Brandywine Building
Paul Hastings, Janofsky & Walker LLP   1000 West Street, 17th Floor
515 South Flower Street, 25th Floor    P.O. Box 391
Los Angeles, CA 90071                  Wilmington, DE 19899-0391
(213) 683-6000                         (301) 571-6600
                                       kpascale@ycst.com
M. Craig Tyler
Brian D. Range                         *Attorneys for AU Optronics Corporation and AU
Wilson Sonsini Goodrich & Rosati       Optronics Corporation America*
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
(512) 338-5400

Ron E. Shulman
Julie M. Holloway                      SO ORDERED this 2\( day of June, 2008.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050                            United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>AU OPTRONICS CORPORATION; AU )<br>OPTRONICS CORPORATION AMERICA; CHI )<br>MEI OPTOELECTRONICS CORPORATION, )<br>and CHI MEI OPTOELECTRONICS USA, INC., )<br><br>Defendants. ) | Civil Action No. 06-726-JJF<br><br>(CONSOLIDATED CASES) |
| AU OPTRONICS CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>LG DISPLAY CO., LTD. and )<br>LG DISPLAY AMERICA, INC., )<br><br>Defendants. ) | Civil Action No. 07-357-JJF |

## JOINT STIPULATION AND ORDER CONCERNING ENTRY
## OF INTERIM PROTECTIVE ORDER

WHEREAS LG Display Co., Ltd., and LG Display America, Inc. ("LGD") and AU Optronics Corporation and AU Optronics Corporation America ("AUO") are currently engaged in fact discovery and have produced numerous documents and other materials containing confidential and highly confidential information (hereafter "Confidential Materials"); and

WHEREAS, LGD and AUO have produced and anticipate producing further documents containing the third-party confidential information of their licensees, customers and/or other business partners; and

WHEREAS, on June 6, 2008, LGD moved for entry of a protective order (D.I. 225) that was attached as Exhibit A to that motion, which motion has not yet been ruled on by the Court; and

WHEREAS, AUO did not oppose LGD's motion for protective order, and AUO and LGD request that LGD's proposed protective order govern all discovery provided by LGD and AUO and be known as the Interim Protective Order;

THE PARTIES THEREFORE STIPULATE AND AGREE, subject to the approval of the Court, that all provisions of the Interim Protective Order (attached hereto as Exhibit A) shall govern discovery provided by LGD and AUO to date, both retroactively and going forward, until such time as the Court enters a formal Protective Order.

September 23, 2008

OF COUNSEL:

Gaspare J. Bono
Song K. Jung
R. Tyler Goodwyn, IV
Lora A. Brzezynski
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

*/s/ Richard D. Kirk*

Richard D. Kirk (#0922)
Ashley B. Stitzer (#3891)
THE BAYARD FIRM
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

*Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

OF COUNSEL:

Vincent K. Yip
Peter J. Wied
Terry Garnett
Katherine Murray
PAUL HASTINGS JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

M. Craig Tyler
Brian D. Range
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
(512) 338-5400

Ron E. Shulman
Julie M. Holloway
Monica Mucchetti Eno
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
(650) 493-9300

*/s/ Karen L. Pascale*
_____
John W. Shaw (#3362)
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
kpascale@ycst.com

*Attorneys for AU Optronics Corporation and AU
Optronics Corporation America*

SO ORDERED this 25 day of September, 2008.

_____
*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE

DB02:7374498.1                                        065944.1001

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| LG DISPLAY CO., LTD., | |
| Plaintiff, | Civil Action No.  06-726 (JJF) |
| v. | Civil Action No.  07-357 (JJF) |
| CHI MEI OPTOELECTRONICS CORPORATION, et al. | CONSOLIDATED CASES |
| Defendants. | |

## PROTECTIVE ORDER

WHEREAS, the parties have stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and useful to protect confidential business, financial or proprietary information that will likely be disclosed in the course of discovery in this action:

**IT IS HEREBY ORDERED THAT:**

## DEFINITIONS

1.     The term "Confidential Information" shall mean and include any Documents, whether in paper, electronic, or other form, portions of Documents, tangible items, information or other things furnished by any party, including third-parties, answers to interrogatories, responses to requests to produce documents or other things, responses to requests for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations, designations and portions thereof, and technical or commercial information derived therefrom deemed by any party to be its confidential information.  Documents designated "Confidential Information" shall meet the criteria stated in the Introduction of this Stipulation.  This Order shall not govern the admissibility of evidence during the trial proceedings nor does it prohibit any party or interested member of the public from seeking a protective order to govern disclosure of confidential information to the public during the trial proceedings.  However, any Confidential Information designated with a confidentiality marking under the terms of this Protective Order

shall continue to be afforded the protection of this Order by the parties unless the Confidential Information becomes a public record at trial.

2.     The term "Documents" shall mean all materials within the scope of F.R.C.P. Rule 34.

## SPECIFIC PROVISIONS

1.  **DESIGNATION OF MATERIAL AS CONFIDENTIAL**.  Any Document, file, tangible item, or testimony provided by any party or non-party which the producing party in good faith contends contains information proprietary to it and is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, may be designated as "CONFIDENTIAL" and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Protective Order (hereafter, "this Protective Order").

2.  **DESIGNATION OF MATERIAL AS HIGHLY CONFIDENTIAL**.  Any CONFIDENTIAL Document, file, tangible item, or testimony produced by any party which contains particularly sensitive information proprietary to the producing party, including, for example, particularly sensitive competitive information, may be designated as "HIGHLY CONFIDENTIAL." Non-exclusive examples of the types of information that may be HIGHLY CONFIDENTIAL include:

(a)     The names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors;

(b)     Information relating to pending patent applications;

(c)     Financial information of a party;

(d)     Information constituting product specifications;

(e)     Technical notebooks and technical reports of a party or other like information;

(f)     Marketing plans of a party; and

(g)     Other information that a party considers a trade secret.

Other categories of HIGHLY CONFIDENTIAL information may exist.  Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL" shall be resolved in accordance with paragraph 15.  The parties agree to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's or the public's access to information concerning the lawsuit.

3.   **PROCEDURE FOR DESIGNATING MATERIAL**.  Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a)     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or similar;

(b)     In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the first page and all subsequent pages containing the confidential information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";

(c)     In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if practicable or, if not practicable, by placing such marking visibly on a package or container for the item;

(d)     In the case of documents that are produced in an electronic file format and it is not possible to label each page in that format, such as native files, parties shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name, or otherwise affix the appropriate legend to the media in which the information is disclosed (i.e., CD, DVD or disk drive).

(e)     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party

shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

4.     **DESIGNATED MATERIAL SHALL BE KEPT CONFIDENTIAL**.  With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.  Any native files designated as HIGHLY CONFIDENTIAL can be stored, viewed, or printed out on paper only on or from stand-alone computers that are not networked to other computers or servers, and print-outs need to be marked as HIGHLY CONFIDENTIAL and with the source file name.

5.  **DEPOSITION TESTIMONY**.  If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, that the deposition, or a portion thereof, may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information.  If such designation is made, that deposition, or portion thereof, will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as the case may be, in accordance with this Protective Order including interpreters, videographers, and the Court Reporter.  Subject to the terms hereof, CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be disclosed by a receiving party to a deponent, to the extent that its use is necessary, at the deposition(s) of (a) employees, officers, and/or directors of the producing party or its affiliates (e.g., subsidiaries) (b) an author, addressee, or other person indicated as a lawful recipient of a document containing the information; (c) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information; (d) any independent advisor, consultant or expert otherwise qualified under

this Protective Order to receive such information; and (e) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed HIGHLY CONFIDENTIAL information. Transcripts of testimony, or portions thereof, containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be filed only under seal as described in paragraph 6, until further order of the Court.

6. **COURT FILINGS CONTAINING CONFIDENTIAL INFORMATION**. Any document, pleading, or tangible item which contains Confidential Information, if filed or submitted to the court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any document, pleading, or tangible item which contains Confidential Information shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of this action, the party filing the materials, the nature of the materials filed, the appropriate legend, and a statement substantially in the following form printed on the envelope(s):

**Subject To Protective Order**
**To Be Open Only As Directed By The Court**

7. **SIGNED UNDERTAKINGS REQUIRED**. Before disclosure of any information subject to this Protective Order is made to any employee, officer, or director of a non-producing party, or to any consultant or expert (who may not be a present or former employee, officer, or director of the non-producing party) who is retained by a non-producing party, or to any witness, or prospective witness (outside of an actual deposition of such witness), counsel for the party disclosing the information shall obtain the written Undertaking, attached hereto as Exhibit A,

-5-
PROTECTIVE ORDER

from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The written Undertaking shall be provided to opposing counsel ten (10) days in advance of the first disclosure of any Confidential Information to such person. If no objection is made to such person receiving Confidential Information within such ten (10) day period, then Confidential Information may be disclosed to such person. Any and all objections must be made in writing with all grounds for objection stated with specificity. If objection is made, then any party may bring before the Court the question of whether the Confidential Information may be disclosed to such person. All signed Undertakings shall be maintained by the counsel who obtained such Undertakings through the conclusion of this action. After completion of the action, the originals of all such Undertakings shall be provided to counsel for the party whose Confidential Information was provided to such person.

In connection with disclosures to experts and consultants, each party shall disclose to the opposing counsel in writing the identity, residence, and curriculum vitae of each expert or consultant (whether testifying or non-testifying). Such curriculum vitae shall provide or summarize the expert or consultant's full name, professional address, educational background, and the qualifications of the expert or consultant (including a list of all publications authored within the preceding four years and a listing of any other cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding four years) and disclose all of the expert's or consultant's current employers and consulting engagements as well as his or her former employers and past consulting engagements, each for the past four (4) years.

In the event a party retains an expert or consulting firm, the party shall disclose each person to whom the disclosing party's Confidential Information is disclosed whose education, work experience, and role on the matter qualifies him or her as an expert or consultant. In such cases, the party need not submit disclosures for junior analysts and staff members, so long as

they are working on the matter with an expert or consultant that has been disclosed and approved as set forth in this Paragraph.

The expert or consultant may designate his or her disclosures as CONFIDENTIAL or HIGHLY CONFIDENTIAL. To the extent the expert's or consultant's employments or engagements are confidential, the expert or consultant may make a representation that his or her undisclosed employments and engagement (whether current or from the past) did not involve the subject matter of this case (e.g., display technologies), the parties, or affiliates of the parties, in lieu of providing details regarding the employer or particular project.

This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel. The right of a party to object shall be waived if no objection is received by the party disclosing the expert or consultant within ten (10) business days of receipt of said disclosure, except to the extent that the non-designating party later discovers that the original disclosure of a particular expert or consultant was in error or otherwise not fully responsive to the requirements of this Paragraph 7.

In connection with disclosures to employees, officers, or directors of a non-producing party, each party shall disclose to the opposing counsel in writing the identity and title of each employee, officer, or director of the non-producing party. This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel.

8. **LIMITATIONS ON DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIALS.** Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of HIGHLY CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to:

(a)     outside counsel for the parties, whether trial counsel or not, and associate attorneys, paralegal, secretarial and clerical employees assisting such counsel;

(b)     Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending and qualified court reporters, videographers, and translators;

(c)      consultants or experts, who are not present or former employees or officers of the parties, retained by either of the parties to consult or testify in the case, who have executed the attached Undertaking;

(d)      employees and officers of the party producing the documents or information;

(e)      authors or drafters, addressees and those who received the documents or information prior to the commencement of this action; and

(f)      third party contractors and their employees whose regular business is providing litigation support services and who are engaged by a party to assist counsel with coding, imaging, or other document management services, translation services, trial preparation services, the preparation of demonstratives or other visual aids for presentation at a hearing or trial, and/or jury consulting services for this litigation, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.

The persons receiving (pursuant to Sections 8(a) above) mask files, electronic CAD files, or process specifications for LCD display products that are designated HIGHLY CONFIDENTIAL information, or any testimony or other discovery (e.g., interrogatory responses) containing such information, shall not supervise or participate on behalf of any party in drafting, filing, or prosecuting any patent applications involving the subject matter of any of the patents at suit in this action from the time the HIGHLY CONFIDENTIAL information is received and until one (1) year following the conclusion of their participation in the above captioned case.

9.   **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIALS**.

Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to (a) the persons and entities

identified in paragraph 8; and (b) no more than 7 employees or officers of the non-producing party whose identities shall be made known ten (10) days in advance to the producing party and who shall sign an Undertaking in the form attached hereto as Exhibit A.

However, nothing in this Protective Order shall bar or otherwise restrict counsel for a party from rendering legal advice to his or her client which is party to this litigation with respect to this litigation and, in the course thereof, relying upon his or her examination of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any person not entitled to have access to it.

10. **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**.  If it becomes necessary for counsel for a party receiving Confidential Information to seek the assistance of any person, other than those persons referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose certain Confidential Information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a)     Counsel for the receiving party shall notify, in writing, counsel for the party producing the Confidential Information of their desire to disclose certain Confidential Information and shall identify the person(s) to whom they intend to make disclosure;

(b)     If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Exhibit A, whereby such person agrees to comply with and be bound by this Protective Order;

(c)     If the producing party objects to such disclosure, no disclosure shall be made.  Any party may bring before the court the question of whether the particular Confidential

Information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

11. **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE MATERIAL AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL.** If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or HIGHLY CONFIDENTIAL nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or HIGHLY CONFIDENTIAL information upon receipt of written notice from the producing party. The failure of the producing party to designate material CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed or construed to constitute an admission that such material is not confidential or proprietary. The receiving party's disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL information to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take reasonable steps to retrieve all copies of the CONFIDENTIAL or HIGHLY CONFIDENTIAL information that are inconsistently designated, or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make a request in writing for return of the document and for an Undertaking (in the form provided at Exhibit A). In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

12. **CORRECTION OF INADVERTENT PRODUCTION OF PRIVILEGED OR WORK PRODUCT IMMUNE MATERIALS OR INFORMATION.** If a disclosing party

inadvertently discloses information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery the disclosing party shall promptly upon learning of such disclosure so advise the receiving party in writing, explaining the basis for the claim of privilege or immunity, and request that the item or items of information, and all copies thereof, be returned.  No party shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity.  It is further agreed that the receiving party will return or destroy the inadvertently produced item or items of information within five (5) days of the earliest of: (i) discovery by the receiving party of the inadvertent nature of the production; or (ii) receipt of a written request for the return or destruction of such item or items of information.

13. **INFORMATION NOT COVERED BY THIS ORDER**.  The restrictions set forth in this Order will not apply to information which is in the possession of or otherwise known to the receiving party or the public before the date of its transmission to the receiving party, or which comes into the possession of or becomes known to the receiving party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order.  If such information known to or possessed by the receiving party or the public is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the receiving party must provide ten (10) days written notice to the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. **LIMITATIONS ON USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**.  No person or party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL information obtained pursuant to any pretrial discovery in this action shall directly or indirectly utilize or disclose such information, except for the purpose of this action and Civil Action 2:07cv-176 in the United States District Court for the Eastern

Exh. A Page 24 of 27

District of Texas, or as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party (whether a party or non-party).

15. **CONTESTING DESIGNATION OF CONFIDENTIALITY**.  Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a concession that the information, document or thing is confidential.  Any party or interested member of the public may contest a claim of confidentiality.  If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", then the parties shall first try to resolve such disputes on an informal basis.  If agreement cannot be reached between counsel, then such dispute may be presented to the Court by any party by motion or otherwise.  In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be deemed as such until the matter is resolved.

16. **NO LIMITATION OF OTHER RIGHTS**.  This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

17. **RELIEF FROM OR MODIFICATION OF THIS ORDER**.  This Protective Order shall not prevent any party or interested member of the public from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. **RETURN OF CONFIDENTIAL INFORMATION**.  At the conclusion of this action and any related actions, including any appeals, all Confidential Information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the attorneys of record for the producing party, or destroyed by counsel for the receiving party.  In the case where the latter option is used, within thirty (30) days of the conclusion of this action, counsel for the

receiving party shall notify counsel for the producing party, in writing, that such destruction has taken place.  Notwithstanding the foregoing, outside counsel for the parties may maintain a reasonable number of copies of work product (including internal communications such as e-mail), discovery requests and responses (other than document production), correspondence, briefs, depositions, trial transcripts, trial exhibits, deposition exhibits.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Confidential Information produced hereunder shall continue to be binding after the conclusion of this action.

19. **INFORMATION PRODUCED BY THIRD PARTIES**.  If discovery is sought of a person or other entity not a party to this action ("third-party") requiring disclosure of information that such third-party believes in good faith must be kept CONFIDENTIAL or HIGHLY CONFIDENTIAL, such information disclosed by the third-party may be shared with only those persons designated in paragraphs 9 and 8 respectively.  Additionally such information will be subject to all other protections provided by the remainder of this Order.  Furthermore, to the extent that the Court, any party and/or any other person seeks to change the designation of or protection of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, use such information in open Court, or provide such information to any person not listed in paragraphs 9 and 8 respectively, the producing third-party shall have notice of no less than ten (10) days and shall be given an opportunity to be heard with respect to such action.  Finally, except as provided in paragraph 12 with respect to inadvertent disclosure, the burden of proving that a document is entitled to less protection than that selected by the producing third-party shall be on the receiving party who seeks to change such designation or use such information in a manner not permitted by paragraph 9 and 8.

20. **PROCESS IN OTHER ACTIONS**.  In the event any person or receiving party having possession, custody, or control of any document, testimony, or information produced in the above captioned action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing

-13-
PROTECTIVE ORDER

party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected.  The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or other process, or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

   21. **APPLICATION OF ORDER TO PREVIOUSLY DISCLOSED MATERIALS**.

This Protective Order shall apply to information and materials produced in this action prior to the entry of this order.

                                                          Honorable Judge Joseph J. Farnan
                                                          United States District Court

# EXHIBIT B

**Bailey, Natalija**

| | |
|---|---|
| From: | Caplan, Mindy |
| Sent: | Tuesday, November 25, 2008 7:21 PM |
| To: | 'Sonja.K.' |
| Subject: | LG Display Subpoena |

Attachments:        November 25 Letter.PDF

Ms. Alpert:

Please see my letter of today's date.



November 25
.etter.PDF (106 KB..

Sincerely,
Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:   (202) 496-7756
mcaplan@mckennalong.com

1

**Exh. B Page 2 of 5**



Albany
Atlanta
Brussels
Denver
Los Angeles

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

MINDY L. CAPLAN
(202) 496-7644

EMAIL ADDRESS
mcaplan@mckennalong.com

November 25, 2008

**Via E-Mail**

Sonja K. Alpert
Director, Law Department
Sony Electronics, Inc.
16530 Via Esprillo, MZ 7180
San Diego, California 92127

Re:   *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Ms. Alpert:

This letter relates to Plaintiff LG Display Co. Ltd.'s ("LG Display") third party subpoena to Sony Electronics, Inc. ("Sony"). LG Display served a Subpoena *Duces Tecum* on Sony on June 23, 2008 (the "Subpoena"). It has been approximately five months since the Subpoena was served on Sony in the above-captioned case involving defendants AU Optronics Corporation ("AUO") and Chi Mei Optoelectronics Corporation ("CMO").

On July 2, 2008 my colleague, John Lomas, spoke with Susan West. While Sony investigated what responsive information it had to produce, we agreed to extend Sony's deadline to file objections to the Subpoena until July 15, 2008. On July 14, 2008, Ms. West left a voicemail stating that Sony did not purchase any LCD products from AUO or CMO. Mr. Lomas spoke to Ms. West again on August 6, 2008 and discussed other information that would be responsive to the subpoena, including Sony's sales information and Sony's service and repair of LCD products that might include the repair or replacement of LCD panels manufactured by AUO and CMO. To give Sony an opportunity to continue its investigation for responsive information, Mr. Lomas agreed to continue the deposition date originally set for August 8 to September 11, 2008.

Mr. Lomas then had a conference call with you and Ms. West on August 14, 2008, which was postponed by Sony from August 13. During that call, Sony indicated that it was collecting sales data for televisions, monitors, and notebooks with LCD panels and that it would provide an update the next week regarding when Sony would produce its responsive documents, the volume of Sony's expected production, and how Sony would prefer to produce those documents (Ms.

DC:50587997.1

**Exh. B Page 3 of 5**

Sonja K. Alpert
November 25, 2008
Page 2

West had mentioned the possibility of producing documents via FTP).  In the spirit of cooperation, and given Sony's pledge to produce documents, Mr. Lomas agreed that Sony could serve its written objections by August 22, 2008.

Then, on August 22, 2008 Mr. Lomas received a voicemail and e-mail from Ronald Wasinger, stating that you had to attend an unexpected urgent family matter that week and that Sony would not be able to provide its objections until the following week.  Mr. Wasinger gave no further update on the progress of Sony's production.  Instead, Mr. Wasinger reversed course on Sony's pledge to provide responsive documents, claiming that Sony's collection efforts were merely for analysis of potential production.  On August 26, 2008 Mr. Lomas responded to Mr. Wasinger's e-mail wherein he explained that the extension of the deadline to file objections was granted in the spirit of cooperation based on the understanding that Sony would provide an update on its production during the week of August 18, and that Sony would shortly thereafter be producing responsive documents.  Mr. Lomas also provided information to Mr. Wasinger concerning LG Display's claims against AUO and CMO, and the protections in place for third-party confidential information.  Mr. Lomas requested an update on Sony's production by August 27, 2008.

The next day, Sony served written objections, but provided no update on the status of its document production.  Mr. Lomas called you on August 28, 2008 and left a voicemail requesting an update on Sony's document production.  Sony did not respond.  Mr. Lomas sent a follow up email on September 16, 2008 to you and Ms. West again seeking an update on Sony's document production.  Ten days later, on September 26, 2008, you sent Mr. Lomas an e-mail suddenly informing him that Sony has been advised by Delaware local counsel not to produce documents without an appropriate protective order.

Months after Sony had pledged to produce responsive documents, I sent you an e-mail on November 4 attaching documents relevant to the protections afforded to confidential information produced by third parties and asked when we could expect to receive responsive documents from Sony.  I received no response.  On November 13, 2008 I left you a voicemail message to follow-up on the status of Sony's document production, and stated that we were facing a fact discovery deadline of December 17, 2008 so that time was of the essence.  I never received a response.

The December 17 fact discovery deadline in the underlying case is rapidly approaching and we have no documents from Sony.  Please let me know when you are available either today, tomorrow or on December 1 for a meet and confer to discuss Sony's response to the Subpoena.  If we are unable to resolve this matter by December 1, LG Display will be left with no choice but to seek the Court's intervention.

Sonja K. Alpert
November 25, 2008
Page 3

I look forward to hearing from you soon.

Sincerely,

Mindy L. Caplan

# EXHIBIT C

**Bailey, Natalija**

| | |
|---|---|
| **From:** | System Administrator |
| **To:** | Alpert@am.sony.com |
| **Sent:** | Wednesday, November 26, 2008 11:15 AM |
| **Subject:** | Undeliverable: LG Display Subpoena |

Your message did not reach some or all of the intended recipients.

   Subject:     LG Display Subpoena
   Sent:        11/25/2008 7:21 PM

The following recipient(s) could not be reached:

   Alpert@am.sony.com on 11/25/2008 7:21 PM
      The e-mail account does not exist at the organization this message was sent to.  Check the e-mail address, or contact the recipient directly to find out the correct address.
         <USBMAXIM01.am.sony.com #5.1.1>

1

**Exh. C Page 2 of 2**

# EXHIBIT D

**Bailey, Natalija**

| | |
|---|---|
| **From:** | Caplan, Mindy |
| **Sent:** | Wednesday, November 26, 2008 11:18 AM |
| **To:** | 'Sonja.K.Alpert@am.sony.com' |
| **Subject:** | FW: LG Display Subpoena |
| | |
| **Attachments:** | November 25 Letter.PDF |

Ms. Alpert:

I received a notice just now alerting me that the email I sent yesterday was undeliverable.  Here is what I sent.

Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:  (202) 496-7756
mcaplan@mckennalong.com

| | |
|---|---|
| **From:** | Caplan, Mindy |
| **Sent:** | Tuesday, November 25, 2008 7:21 PM |
| **To:** | 'Sonja.K.' |
| **Subject:** | LG Display Subpoena |

Ms. Alpert:

Please see my letter of today's date.



November 25
Letter.PDF (106 KB..

Sincerely,
Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:  (202) 496-7756
mcaplan@mckennalong.com

**Exh. D Page 2 of 5**

Albany
Atlanta
Brussels
Denver
Los Angeles

# McKenna Long
# & Aldridge LLP
Attorneys at Law

1900 K Street, NW • Washington, DC 20006-1108
Tel: 202.496.7500 • Fax: 202.496.7756
www.mckennalong.com

New York
Philadelphia
Sacramento
San Diego
San Francisco
Washington, D.C.

MINDY L. CAPLAN
(202) 496-7644

EMAIL ADDRESS
mcaplan@mckennalong.com

November 25, 2008

**<u>Via E-Mail</u>**

Sonja K. Alpert
Director, Law Department
Sony Electronics, Inc.
16530 Via Esprillo, MZ 7180
San Diego, California 92127

Re:   *LG Display Co. Ltd. v. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Ms. Alpert:

This letter relates to Plaintiff LG Display Co. Ltd.'s ("LG Display") third party subpoena to Sony Electronics, Inc. ("Sony"). LG Display served a Subpoena *Duces Tecum* on Sony on June 23, 2008 (the "Subpoena"). It has been approximately five months since the Subpoena was served on Sony in the above-captioned case involving defendants AU Optronics Corporation ("AUO") and Chi Mei Optoelectronics Corporation ("CMO").

On July 2, 2008 my colleague, John Lomas, spoke with Susan West. While Sony investigated what responsive information it had to produce, we agreed to extend Sony's deadline to file objections to the Subpoena until July 15, 2008. On July 14, 2008, Ms. West left a voicemail stating that Sony did not purchase any LCD products from AUO or CMO. Mr. Lomas spoke to Ms. West again on August 6, 2008 and discussed other information that would be responsive to the subpoena, including Sony's sales information and Sony's service and repair of LCD products that might include the repair or replacement of LCD panels manufactured by AUO and CMO. To give Sony an opportunity to continue its investigation for responsive information, Mr. Lomas agreed to continue the deposition date originally set for August 8 to September 11, 2008.

Mr. Lomas then had a conference call with you and Ms. West on August 14, 2008, which was postponed by Sony from August 13. During that call, Sony indicated that it was collecting sales data for televisions, monitors, and notebooks with LCD panels and that it would provide an update the next week regarding when Sony would produce its responsive documents, the volume of Sony's expected production, and how Sony would prefer to produce those documents (Ms.

Sonja K. Alpert
November 25, 2008
Page 2

West had mentioned the possibility of producing documents via FTP).  In the spirit of cooperation, and given Sony's pledge to produce documents, Mr. Lomas agreed that Sony could serve its written objections by August 22, 2008.

Then, on August 22, 2008 Mr. Lomas received a voicemail and e-mail from Ronald Wasinger, stating that you had to attend an unexpected urgent family matter that week and that Sony would not be able to provide its objections until the following week.  Mr. Wasinger gave no further update on the progress of Sony's production.  Instead, Mr. Wasinger reversed course on Sony's pledge to provide responsive documents, claiming that Sony's collection efforts were merely for analysis of potential production.  On August 26, 2008 Mr. Lomas responded to Mr. Wasinger's e-mail wherein he explained that the extension of the deadline to file objections was granted in the spirit of cooperation based on the understanding that Sony would provide an update on its production during the week of August 18, and that Sony would shortly thereafter be producing responsive documents.  Mr. Lomas also provided information to Mr. Wasinger concerning LG Display's claims against AUO and CMO, and the protections in place for third-party confidential information.  Mr. Lomas requested an update on Sony's production by August 27, 2008.

The next day, Sony served written objections, but provided no update on the status of its document production.  Mr. Lomas called you on August 28, 2008 and left a voicemail requesting an update on Sony's document production.  Sony did not respond.  Mr. Lomas sent a follow up email on September 16, 2008 to you and Ms. West again seeking an update on Sony's document production.  Ten days later, on September 26, 2008, you sent Mr. Lomas an e-mail suddenly informing him that Sony has been advised by Delaware local counsel not to produce documents without an appropriate protective order.

Months after Sony had pledged to produce responsive documents, I sent you an e-mail on November 4 attaching documents relevant to the protections afforded to confidential information produced by third parties and asked when we could expect to receive responsive documents from Sony.  I received no response.  On November 13, 2008 I left you a voicemail message to follow-up on the status of Sony's document production, and stated that we were facing a fact discovery deadline of December 17, 2008 so that time was of the essence.  I never received a response.

The December 17 fact discovery deadline in the underlying case is rapidly approaching and we have no documents from Sony.  Please let me know when you are available either today, tomorrow or on December 1 for a meet and confer to discuss Sony's response to the Subpoena.  If we are unable to resolve this matter by December 1, LG Display will be left with no choice but to seek the Court's intervention.

Sonja K. Alpert
November 25, 2008
Page 3

I look forward to hearing from you soon.

Sincerely,

Mindy L. Caplan

# EXHIBIT E

**Bailey, Natalija**

**From:**    Alpert, Sonja (LAW) [Sonja.K.Alpert@am.sony.com]

**Sent:**    Wednesday, November 26, 2008 11:18 AM

**To:**      Caplan, Mindy

**Subject:** Out of Office AutoReply: LG Display Subpoena

I will be out of the office beginning Monday, November 24th and returning on Monday, December 1st. I will not have access to email or telephone messages. Please contact my secretary, Adrienne Shoaee, at 858-942-1401 or adrienne.shoaee@am.sony.com, if you require assistance before my return. Thank you.

Sonja Alpert

# EXHIBIT F

**Bailey, Natalija**

| | |
|---|---|
| **From:** | Alpert, Sonja (LAW) [Sonja.K.Alpert@am.sony.com] |
| **Sent:** | Monday, December 01, 2008 8:26 PM |
| **To:** | Caplan, Mindy |
| **Subject:** | RE: LG Display Subpoena |

Mindy,

As you saw from my out of office message, I was out of the office last week.  I just got to your email so I cannot meet your deadline of today.

In addition, I did not receive your November 4th email nor your November 13th voicemail.

I will call you tomorrow.

Sonja K. Alpert
Director, Law Department, MZ7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA 92127-1708
Telephone (858)942-2612
Fax (858) 942-9123
Email: sonja.alpert@am.sony.com

The information contained in this email message may be privileged, confidential, and/or protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is prohibited.  If you think that you have received this email message in error, please email the sender at sonja.alpert@am.sony.com.  Thank you.


-----Original Message-----
From: Caplan, Mindy [mailto:mcaplan@mckennalong.com]
Sent: Wednesday, November 26, 2008 8:18 AM
To: Alpert, Sonja (LAW)
Subject: FW: LG Display Subpoena

Ms. Alpert:

I received a notice just now alerting me that the email I sent yesterday was undeliverable.  Here is what I sent.

Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:   (202) 496-7756
mcaplan@mckennalong.com


> _____
> From:      Caplan, Mindy
> Sent:      Tuesday, November 25, 2008 7:21 PM
> To: 'Sonja.K.'
> Subject:  LG Display Subpoena
>
> Ms. Alpert:
>
> Please see my letter of today's date.
>

1

**Exh. F Page 2 of 3**

```
>   <<November 25 Letter.PDF>>
>
> Sincerely,
> Mindy
>
> Mindy L. Caplan, Esq.
> McKenna Long & Aldridge LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006
> Direct Dial: (202) 496-7644
> Facsimile:   (202) 496-7756
> mcaplan@mckennalong.com
>
```

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

**Exh. F Page 3 of 3**

# EXHIBIT G

## Caplan, Mindy

| | |
|---|---|
| From: | Caplan, Mindy |
| Sent: | Tuesday, December 02, 2008 2:36 PM |
| To: | 'Alpert, Sonja (LAW)' |
| Subject: | RE: LG Display Subpoena |

Ms. Alpert:

I have yet to receive your call. I would appreciate a call by 4 p.m. EST, as LG Display cannot permit Sony to continue to delay responding to the subpoena served in June.

Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:   (202) 496-7756
mcaplan@mckennalong.com

-----Original Message-----
From: Alpert, Sonja (LAW) [mailto:Sonja.K.Alpert@am.sony.com]
Sent: Monday, December 01, 2008 8:26 PM
To: Caplan, Mindy
Subject: RE: LG Display Subpoena

Mindy,

As you saw from my out of office message, I was out of the office last week.  I just got to your email so I cannot meet your deadline of today.

In addition, I did not receive your November 4th email nor your November 13th voicemail.

I will call you tomorrow.

Sonja K. Alpert
Director, Law Department, MZ7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA 92127-1708
Telephone (858)942-2612
Fax (858) 942-9123
Email: sonja.alpert@am.sony.com

The information contained in this email message may be privileged, confidential, and/or protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is prohibited.  If you think that you have received this email message in error, please email the sender at sonja.alpert@am.sony.com.  Thank you.


-----Original Message-----
From: Caplan, Mindy [mailto:mcaplan@mckennalong.com]
Sent: Wednesday, November 26, 2008 8:18 AM
To: Alpert, Sonja (LAW)
Subject: FW: LG Display Subpoena

Ms. Alpert:

I received a notice just now alerting me that the email I sent yesterday was

1

Exh. G Page 2 of 3

undeliverable.  Here is what I sent.

Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:   (202) 496-7756
mcaplan@mckennalong.com


> _____
> From:     Caplan, Mindy
> Sent:     Tuesday, November 25, 2008 7:21 PM
> To: 'Sonja.K.'
> Subject:  LG Display Subpoena
>
> Ms. Alpert:
>
> Please see my letter of today's date.
>
>  <<November 25 Letter.PDF>>
>
> Sincerely,
> Mindy
>
> Mindy L. Caplan, Esq.
> McKenna Long & Aldridge LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006
> Direct Dial: (202) 496-7644
> Facsimile:   (202) 496-7756
> mcaplan@mckennalong.com
>

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients.
This e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing
of the e-mail or any attachments or from making any use of the e-mail or attachments. If
you believe you have received this e-mail in error, notify the sender immediately and
permanently delete the e-mail, any attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or attachments.

# EXHIBIT H

## Caplan, Mindy

**From:**        Caplan, Mindy
**Sent:**        Tuesday, December 02, 2008 3:12 PM
**To:**          'Alpert, Sonja (LAW)'
**Subject:**     LG Display

**Attachments:**     Stipulation and order re 3rd party discovery.pdf; DI 501.pdf

   

Stipulation and       DI 501.pdf (137 KB)
order re 3rd p...

Ms. Alpert:

Please confirm that you received this e-mail.

Attached is a Stipulation and Order Concerning the Confidentiality of Documents Produced
by Third Parties, which was signed by Judge Farnan on August 1, 2008.  I have also
attached the Joint Stipulation and Order Concerning Entry of Interim Protective Order
between LG Display and AUO.  CMO has agreed to the vast majority of the provisions of the
LGD/AUO interim protective order, but would like to extend the list of those able to
review highly confidential materials to three people in its legal department.  Since
submitting its own proposed protective order, however, CMO has agreed to the terms of the
attached Stipulation and Order Concerning the Confidentiality of Documents Produced by
Third Parties.  Thus, Sony's documents are subject to limited disclosure to outside counsel
only.

Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:   (202) 496-7756
mcaplan@mckennalong.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD., | |
| Plaintiff, | Civil Action No.  06-726 (JJF) |
| | Civil Action No.  07-357 (JJF) |
| v. | |
| | **CONSOLIDATED CASES** |
| CHI MEI OPTOELECTRONICS CORPORATION, et al. | |
| Defendants. | |

### STIPULATION AND ORDER CONCERNING THE CONFIDENTIALITY OF DOCUMENTS PRODUCED BY THIRD PARTIES

THE PARTIES HERETO STIPULATE AND AGREE, subject to the approval of the

Court, that defendant Chi Mei Optoelectronics Corporation hereby joins and submits to the June

24, 2008 Stipulation and Order Concerning the Confidentiality of Documents Produced By Third

Parties [D.I. 294], a copy of which is attached hereto as Exhibit A.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jonathan Kagan                          /s/ Philip A. Rovner
Alexandar C.D. Giza                     Philip A. Rovner (#3215)
Adam Hoffman                            Hercules Plaza
Irell & Manella LLP                     P.O. Box 951
1800 Avenue of the Stars, Suite 900     Wilmington, DE 19899
Los Angeles, CA 90067                   (302) 984-6000
(310) 203-7092                          provner@potteranderson.com

*Attorneys for Chi Mei Optoelectronics Corporation
and Chi Mei Optoelectronics USA, Inc.*

BAYARD, P.A.

OF COUNSEL:

Gaspare J. Bono                     /s/ Richard D. Kirk
R. Tyler Goodwyn, IV                Richard D. Kirk (#0922)
Lora A. Brzezynski                  Ashley B. Stitzer
Cass W. Christenson                 222 Delaware Avenue, 9th Floor
McKenna Long & Aldridge LLP         P.O. Box 25130
1900 K Street, N.W.                 Wilmington, DE 19899-5130
Washington, D.C.  20006             (302) 655-5000
(202) 496-7500                      rkirk@bayardfirm.com

                                    *Attorneys for LG Display Co., Ltd. and LG Display
                                    America, Inc.*


                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

OF COUNSEL:

Vincent K. Yip                      /s/ Karen L. Pascale
Peter J. Wied                       Karen L. Pascale (#2903)
Terry Garnett                       John W. Shaw
Katherine Murray                    The Brandywine Building
Paul Hastings, Janofsky & Walker LLP 1000 West Street, 17th Floor
515 South Flower Street, 25th Floor P.O. Box 391
Los Angeles, CA 90071               Wilmington, DE 19899-0391
(213) 683-6000                      (301) 571-6600
                                    kpascale@ycst.com
M. Craig Tyler
Brian D. Range                      *Attorneys for AU Optronics Corporation and AU
Wilson Sonsini Goodrich & Rosati    Optronics Corporation America*
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
(512) 338-5400

Ron E. Shulman
Julie Holloway
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

SO ORDERED this ____ day of July, 2008.

_____
United States District Judge

-3-

# EXHIBIT A

Dbt f l2;17.dw11837.KKGlllllEpdvn f oul3: 5llllllGjrhel17G350311 9llllllGbhf l2lpg4

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD., | |
| Plaintiff, | Civil Action No. 06-726 (JJF) |
| v. | Civil Action No. 07-357 (JJF) |
| CHI MEI OPTOELECTRONICS CORPORATION, et al. | CONSOLIDATED CASES |
| Defendants. | |

### STIPULATION AND ORDER CONCERNING THE CONFIDENTIALITY OF DOCUMENTS PRODUCED BY THIRD PARTIES

WHEREAS LG Display Co., Ltd. and LG Display America, Inc. (collectively "LG Display") and AU Optronics Corporation and AU Optronics Corporation America (collectively "AUO") intend to protect their rights and interests with respect to confidential information and documents that may be produced by third parties in response to any subpoena or letter of request issued by or on behalf of AUO and LG Display.

WHEREAS third parties may produce confidential information concerning AUO and LG Display, including product, financial, and business information, without designating that information as confidential; and

WHEREAS Delaware Local Rule 26.2 provides for protection of confidential information pending entry of a protective order;

THE PARTIES HERETO STIPULATE AND AGREE, subject to the approval of the Court, that:

1.      All documents produced by third parties in this case concerning AUO and LG Display, including in response to any subpoena or letter of request, shall be deemed and treated as confidential and disclosed to "outside counsel only," as provided in Del. L.R. 26.2, for a

A

Dbt f l2;17.dw.11837.KKG!!!!Epdvn f ou3: 5!!!!!Gjfnel17Œ5Œ3119!!!!Qbhf l3lpg4

period of thirty (30) days after the date that the documents are received by counsel for AUO and LG Display.

2.      During the thirty (30) day period referenced in paragraph one, AUO and LG Display may designate any document that includes confidential information as protected under Del. L.R. 26.2 and/or any protective order entered in this case.

3.      AUO and LG Display will treat all documents designated as confidential by any producing third party as protected by Del. L.R. 26.2 and/or any protective order, without the need for any further designation by AUO and LG Display.

4.      Any documents designated as confidential by any third party, by AUO, or by LG Display, shall be protected and not disclosed to any person except as authorized by Del. L.R. 26.2 or any protective order for the duration of this case and thereafter, and shall be subject to all terms of any protective order that applies to the confidentiality of discovery in this case, including any provisions concerning patent prosecution.

5.      This stipulation and order applies to documents produced by third parties before or after the execution and entry of this stipulation and order.

6.      This stipulation is solely for purposes of protecting confidential information produced by third parties and AUO and LG Display reserve any other rights or objections concerning any subpoena or letter of request issued in this case, and further reserve all objections concerning admissibility or relevance of any information produced by third parties.

Dbl f l2;17.dw.11837.KKG!!!!Epdvn f ou3: 5I!!!!IGjnel17G85G3119!!!!IGbhf l4lpg4

June 20, 2008                              BAYARD, P.A.

OF COUNSEL:                                /s/ Richard D. Kirk (rk0922)
                                           Richard D. Kirk
Gaspare J. Bono                            Ashley B. Stitzer
R. Tyler Goodwyn, IV                       222 Delaware Avenue, 9th Floor
Lora A. Brzezynski                         P.O. Box 25130
Cass W. Christenson                        Wilmington, DE 19899-5130
McKenna Long & Aldridge LLP                (302) 655-5000
1900 K Street, N.W.                        rkirk@bayardfirm.com
Washington, D.C.  20006
(202) 496-7500
                                           Attorneys for LG Display Co., Ltd. and LG Display
                                           America, Inc.


OF COUNSEL:                                YOUNG CONAWAY STARGATT & TAYLOR, LLP

Vincent K. Yip                             /s/ Karen L. Pascale (kp2903)
Peter J. Wied                              Karen L. Pascale
Terry Garnett                              John W. Shaw
Katherine Murray                           The Brandywine Building
Paul Hastings, Janofsky & Walker LLP       1000 West Street, 17th Floor
515 South Flower Street, 25th Floor        P.O. Box 391
Los Angeles, CA 90071                      Wilmington, DE 19899-0391
(213) 683-6000                             (301) 571-6600
                                           kpascale@ycst.com
M. Craig Tyler
Brian D. Range                             Attorneys for AU Optronics Corporation and AU
Wilson Sonsini Goodrich & Rosati           Optronics Corporation America
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
(512) 338-5400

Ron E. Shulman
Julie M. Holloway
Wilson Sonsini Goodrich & Rosati           SO ORDERED this 2X day of June, 2008.
650 Page Mill Road
Palo Alto, CA 94304-1050
                                           _____
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG DISPLAY CO., LTD., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-726-JJF |
| AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA; CHI MEI OPTOELECTRONICS CORPORATION, and CHI MEI OPTOELECTRONICS USA, INC., | ) | (CONSOLIDATED CASES) |
| Defendants. | ) | |
| AU OPTRONICS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-357-JJF |
| LG DISPLAY CO., LTD. and LG DISPLAY AMERICA, INC., | ) | |
| Defendants. | ) | |

## JOINT STIPULATION AND ORDER CONCERNING ENTRY OF INTERIM PROTECTIVE ORDER

WHEREAS LG Display Co., Ltd., and LG Display America, Inc. ("LGD") and AU Optronics Corporation and AU Optronics Corporation America ("AUO") are currently engaged in fact discovery and have produced numerous documents and other materials containing confidential and highly confidential information (hereafter "Confidential Materials"); and

WHEREAS, LGD and AUO have produced and anticipate producing further documents containing the third-party confidential information of their licensees, customers and/or other business partners; and

WHEREAS, on June 6, 2008, LGD moved for entry of a protective order (D.I. 225) that was attached as Exhibit A to that motion, which motion has not yet been ruled on by the Court; and

WHEREAS, AUO did not oppose LGD's motion for protective order, and AUO and LGD request that LGD's proposed protective order govern all discovery provided by LGD and AUO and be known as the Interim Protective Order;

THE PARTIES THEREFORE STIPULATE AND AGREE, subject to the approval of the Court, that all provisions of the Interim Protective Order (attached hereto as Exhibit A) shall govern discovery provided by LGD and AUO to date, both retroactively and going forward, until such time as the Court enters a formal Protective Order.

September 23, 2008

OF COUNSEL:

Gaspare J. Bono
Song K. Jung
R. Tyler Goodwyn, IV
Lora A. Brzezynski
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C.  20006
(202) 496-7500

/s/ *Richard D. Kirk*

Richard D. Kirk (#0922)
Ashley B. Stitzer (#3891)
THE BAYARD FIRM
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

*Attorneys for LG Display Co., Ltd. and LG Display America, Inc.*

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

DB02:7374498.1

065944.1001

OF COUNSEL:

Vincent K. Yip
Peter J. Wied
Terry Garnett
Katherine Murray
PAUL HASTINGS JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

M. Craig Tyler
Brian D. Range
WILSON SONSINI GOODRICH & ROSATI
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, TX 78759-8497
(512) 338-5400

Ron E. Shulman
Julie M. Holloway
Monica Mucchetti Eno
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
(650) 493-9300

/s/ *Karen L. Pascale*
_____
John W. Shaw (#3362)
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
kpascale@ycst.com

*Attorneys for AU Optronics Corporation and AU Optronics Corporation America*

SO ORDERED this 25 day of September , 2008.

_____
UNITED STATES DISTRICT JUDGE

-3-

**Exh. H Page 12 of 27**

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS<br>CORPORATION, et al.<br><br>Defendants. | Civil Action No.  06-726 (JJF)<br>Civil Action No.  07-357 (JJF)<br><br>CONSOLIDATED CASES |

### PROTECTIVE ORDER

**WHEREAS**, the parties have stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and useful to protect confidential business, financial or proprietary information that will likely be disclosed in the course of discovery in this action:

**IT IS HEREBY ORDERED THAT:**

### DEFINITIONS

1.       The term "Confidential Information" shall mean and include any Documents, whether in paper, electronic, or other form, portions of Documents, tangible items, information or other things furnished by any party, including third-parties, answers to interrogatories, responses to requests to produce documents or other things, responses to requests for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations, designations and portions thereof, and technical or commercial information derived therefrom deemed by any party to be its confidential information.  Documents designated "Confidential Information" shall meet the criteria stated in the Introduction of this Stipulation.  This Order shall not govern the admissibility of evidence during the trial proceedings nor does it prohibit any party or interested member of the public from seeking a protective order to govern disclosure of confidential information to the public during the trial proceedings.  However, any Confidential Information designated with a confidentiality marking under the terms of this Protective Order

shall continue to be afforded the protection of this Order by the parties unless the Confidential Information becomes a public record at trial.

2.    The term "Documents" shall mean all materials within the scope of F.R.C.P. Rule 34.

## SPECIFIC PROVISIONS

1.    **DESIGNATION OF MATERIAL AS CONFIDENTIAL.**  Any Document, file, tangible item, or testimony provided by any party or non-party which the producing party in good faith contends contains information proprietary to it and is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure, may be designated as "CONFIDENTIAL" and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Protective Order (hereafter, "this Protective Order").

2.    **DESIGNATION OF MATERIAL AS HIGHLY CONFIDENTIAL.**  Any CONFIDENTIAL Document, file, tangible item, or testimony produced by any party which contains particularly sensitive information proprietary to the producing party, including, for example, particularly sensitive competitive information, may be designated as "HIGHLY CONFIDENTIAL." Non-exclusive examples of the types of information that may be HIGHLY CONFIDENTIAL include:

(a)    The names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors;

(b)    Information relating to pending patent applications;

(c)    Financial information of a party;

(d)    Information constituting product specifications;

(e)    Technical notebooks and technical reports of a party or other like information;

(f)    Marketing plans of a party; and

-2-
PROTECTIVE ORDER

(g)     Other information that a party considers a trade secret.

Other categories of HIGHLY CONFIDENTIAL information may exist.  Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL" shall be resolved in accordance with paragraph 15.  The parties agree to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's or the public's access to information concerning the lawsuit.

    3.   **PROCEDURE FOR DESIGNATING MATERIAL.**  Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

    (a)     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or similar;

    (b)     In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the first page and all subsequent pages containing the confidential information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";

    (c)     In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if practicable or, if not practicable, by placing such marking visibly on a package or container for the item;

    (d)     In the case of documents that are produced in an electronic file format and it is not possible to label each page in that format, such as native files, parties shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name, or otherwise affix the appropriate legend to the media in which the information is disclosed (i.e., CD, DVD or disk drive).

    (e)     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party

shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

4.   **DESIGNATED MATERIAL SHALL BE KEPT CONFIDENTIAL**.  With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.  Any native files designated as HIGHLY CONFIDENTIAL can be stored, viewed, or printed out on paper only on or from stand-alone computers that are not networked to other computers or servers, and print-outs need to be marked as HIGHLY CONFIDENTIAL and with the source file name.

5.  **DEPOSITION TESTIMONY**.  If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, that the deposition, or a portion thereof, may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information.  If such designation is made, that deposition, or portion thereof, will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as the case may be, in accordance with this Protective Order including interpreters, videographers, and the Court Reporter.  Subject to the terms hereof, CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be disclosed by a receiving party to a deponent, to the extent that its use is necessary, at the deposition(s) of (a) employees, officers, and/or directors of the producing party or its affiliates (e.g., subsidiaries) (b) an author, addressee, or other person indicated as a lawful recipient of a document containing the information; (c) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information; (d) any independent advisor, consultant or expert otherwise qualified under

this Protective Order to receive such information; and (e) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed HIGHLY CONFIDENTIAL information. Transcripts of testimony, or portions thereof, containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be filed only under seal as described in paragraph 6, until further order of the Court.

6. **COURT FILINGS CONTAINING CONFIDENTIAL INFORMATION**. Any document, pleading, or tangible item which contains Confidential Information, if filed or submitted to the court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any document, pleading, or tangible item which contains Confidential Information shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of this action, the party filing the materials, the nature of the materials filed, the appropriate legend, and a statement substantially in the following form printed on the envelope(s):

**Subject To Protective Order**
**To Be Open Only As Directed By The Court**

7. **SIGNED UNDERTAKINGS REQUIRED**. Before disclosure of any information subject to this Protective Order is made to any employee, officer, or director of a non-producing party, or to any consultant or expert (who may not be a present or former employee, officer, or director of the non-producing party) who is retained by a non-producing party, or to any witness, or prospective witness (outside of an actual deposition of such witness), counsel for the party disclosing the information shall obtain the written Undertaking, attached hereto as Exhibit A,

-5-
PROTECTIVE ORDER

from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The written Undertaking shall be provided to opposing counsel ten (10) days in advance of the first disclosure of any Confidential Information to such person. If no objection is made to such person receiving Confidential Information within such ten (10) day period, then Confidential Information may be disclosed to such person. Any and all objections must be made in writing with all grounds for objection stated with specificity. If objection is made, then any party may bring before the Court the question of whether the Confidential Information may be disclosed to such person. All signed Undertakings shall be maintained by the counsel who obtained such Undertakings through the conclusion of this action. After completion of the action, the originals of all such Undertakings shall be provided to counsel for the party whose Confidential Information was provided to such person.

In connection with disclosures to experts and consultants, each party shall disclose to the opposing counsel in writing the identity, residence, and curriculum vitae of each expert or consultant (whether testifying or non-testifying). Such curriculum vitae shall provide or summarize the expert or consultant's full name, professional address, educational background, and the qualifications of the expert or consultant (including a list of all publications authored within the preceding four years and a listing of any other cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding four years) and disclose all of the expert's or consultant's current employers and consulting engagements as well as his or her former employers and past consulting engagements, each for the past four (4) years.

In the event a party retains an expert or consulting firm, the party shall disclose each person to whom the disclosing party's Confidential Information is disclosed whose education, work experience, and role on the matter qualifies him or her as an expert or consultant. In such cases, the party need not submit disclosures for junior analysts and staff members, so long as

they are working on the matter with an expert or consultant that has been disclosed and approved as set forth in this Paragraph.

The expert or consultant may designate his or her disclosures as CONFIDENTIAL or HIGHLY CONFIDENTIAL. To the extent the expert's or consultant's employments or engagements are confidential, the expert or consultant may make a representation that his or her undisclosed employments and engagement (whether current or from the past) did not involve the subject matter of this case (e.g., display technologies), the parties, or affiliates of the parties, in lieu of providing details regarding the employer or particular project.

This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel. The right of a party to object shall be waived if no objection is received by the party disclosing the expert or consultant within ten (10) business days of receipt of said disclosure, except to the extent that the non-designating party later discovers that the original disclosure of a particular expert or consultant was in error or otherwise not fully responsive to the requirements of this Paragraph 7.

In connection with disclosures to employees, officers, or directors of a non-producing party, each party shall disclose to the opposing counsel in writing the identity and title of each employee, officer, or director of the non-producing party. This disclosure shall be made at the same time the written Undertaking is provided to opposing counsel.

8. **LIMITATIONS ON DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIALS**. Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of HIGHLY CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to:

      (a)     outside counsel for the parties, whether trial counsel or not, and associate attorneys, paralegal, secretarial and clerical employees assisting such counsel;

      (b)     Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending and qualified court reporters, videographers, and translators;

(c)     consultants or experts, who are not present or former employees or officers of the parties, retained by either of the parties to consult or testify in the case, who have executed the attached Undertaking;

(d)     employees and officers of the party producing the documents or information;

(e)     authors or drafters, addressees and those who received the documents or information prior to the commencement of this action; and

(f)     third party contractors and their employees whose regular business is providing litigation support services and who are engaged by a party to assist counsel with coding, imaging, or other document management services, translation services, trial preparation services, the preparation of demonstratives or other visual aids for presentation at a hearing or trial, and/or jury consulting services for this litigation, provided that such personnel of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business.

The persons receiving (pursuant to Sections 8(a) above) mask files, electronic CAD files, or process specifications for LCD display products that are designated HIGHLY CONFIDENTIAL information, or any testimony or other discovery (e.g., interrogatory responses) containing such information, shall not supervise or participate on behalf of any party in drafting, filing, or prosecuting any patent applications involving the subject matter of any of the patents at suit in this action from the time the HIGHLY CONFIDENTIAL information is received and until one (1) year following the conclusion of their participation in the above captioned case.

9.  **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIALS**.

Except as permitted by further order of this Court or by subsequent written agreement of the producing party, disclosure of CONFIDENTIAL documents, deposition transcripts, tangible items or information, including summaries thereof, but not including documents or tangible items with the confidential portions redacted, shall be limited to (a) the persons and entities

identified in paragraph 8; and (b) no more than 7 employees or officers of the non-producing party whose identities shall be made known ten (10) days in advance to the producing party and who shall sign an Undertaking in the form attached hereto as Exhibit A.

However, nothing in this Protective Order shall bar or otherwise restrict counsel for a party from rendering legal advice to his or her client which is party to this litigation with respect to this litigation and, in the course thereof, relying upon his or her examination of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any person not entitled to have access to it.

10. **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**. If it becomes necessary for counsel for a party receiving Confidential Information to seek the assistance of any person, other than those persons referred to in paragraphs 8 and 9, such as any employee of the receiving party, and to disclose certain Confidential Information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

    (a)    Counsel for the receiving party shall notify, in writing, counsel for the party producing the Confidential Information of their desire to disclose certain Confidential Information and shall identify the person(s) to whom they intend to make disclosure;

    (b)    If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Undertaking in the form attached hereto as Exhibit A, whereby such person agrees to comply with and be bound by this Protective Order;

    (c)    If the producing party objects to such disclosure, no disclosure shall be made. Any party may bring before the court the question of whether the particular Confidential

Information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

11. **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE MATERIAL AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL.** If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or HIGHLY CONFIDENTIAL nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or HIGHLY CONFIDENTIAL information upon receipt of written notice from the producing party. The failure of the producing party to designate material CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed or construed to constitute an admission that such material is not confidential or proprietary. The receiving party's disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL information to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the document has been distributed in a manner inconsistent with the designation, a receiving party will take reasonable steps to retrieve all copies of the CONFIDENTIAL or HIGHLY CONFIDENTIAL information that are inconsistently designated, or notes or extracts thereof. In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make a request in writing for return of the document and for an Undertaking (in the form provided at Exhibit A). In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

12. **CORRECTION OF INADVERTENT PRODUCTION OF PRIVILEGED OR WORK PRODUCT IMMUNE MATERIALS OR INFORMATION.** If a disclosing party

inadvertently discloses information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery the disclosing party shall promptly upon learning of such disclosure so advise the receiving party in writing, explaining the basis for the claim of privilege or immunity, and request that the item or items of information, and all copies thereof, be returned. No party shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity. It is further agreed that the receiving party will return or destroy the inadvertently produced item or items of information within five (5) days of the earliest of: (i) discovery by the receiving party of the inadvertent nature of the production; or (ii) receipt of a written request for the return or destruction of such item or items of information.

13. **INFORMATION NOT COVERED BY THIS ORDER**. The restrictions set forth in this Order will not apply to information which is in the possession of or otherwise known to the receiving party or the public before the date of its transmission to the receiving party, or which comes into the possession of or becomes known to the receiving party or comes into the possession of or otherwise becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order. If such information known to or possessed by the receiving party or the public is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the receiving party must provide ten (10) days written notice to the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

14. **LIMITATIONS ON USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**. No person or party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL information obtained pursuant to any pretrial discovery in this action shall directly or indirectly utilize or disclose such information, except for the purpose of this action and Civil Action 2:07cv-176 in the United States District Court for the Eastern

District of Texas, or as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party (whether a party or non-party).

15. **CONTESTING DESIGNATION OF CONFIDENTIALITY.** Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a concession that the information, document or thing is confidential. Any party or interested member of the public may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by any party by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be deemed as such until the matter is resolved.

16. **NO LIMITATION OF OTHER RIGHTS.** This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

17. **RELIEF FROM OR MODIFICATION OF THIS ORDER.** This Protective Order shall not prevent any party or interested member of the public from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. **RETURN OF CONFIDENTIAL INFORMATION.** At the conclusion of this action and any related actions, including any appeals, all Confidential Information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the attorneys of record for the producing party, or destroyed by counsel for the receiving party. In the case where the latter option is used, within thirty (30) days of the conclusion of this action, counsel for the

receiving party shall notify counsel for the producing party, in writing, that such destruction has taken place. Notwithstanding the foregoing, outside counsel for the parties may maintain a reasonable number of copies of work product (including internal communications such as e-mail), discovery requests and responses (other than document production), correspondence, briefs, depositions, trial transcripts, trial exhibits, deposition exhibits. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Confidential Information produced hereunder shall continue to be binding after the conclusion of this action.

19. **INFORMATION PRODUCED BY THIRD PARTIES**. If discovery is sought of a person or other entity not a party to this action ("third-party") requiring disclosure of information that such third-party believes in good faith must be kept CONFIDENTIAL or HIGHLY CONFIDENTIAL, such information disclosed by the third-party may be shared with only those persons designated in paragraphs 9 and 8 respectively. Additionally such information will be subject to all other protections provided by the remainder of this Order. Furthermore, to the extent that the Court, any party and/or any other person seeks to change the designation of or protection of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL information, use such information in open Court, or provide such information to any person not listed in paragraphs 9 and 8 respectively, the producing third-party shall have notice of no less than ten (10) days and shall be given an opportunity to be heard with respect to such action. Finally, except as provided in paragraph 12 with respect to inadvertent disclosure, the burden of proving that a document is entitled to less protection than that selected by the producing third-party shall be on the receiving party who seeks to change such designation or use such information in a manner not permitted by paragraph 9 and 8.

20. **PROCESS IN OTHER ACTIONS**. In the event any person or receiving party having possession, custody, or control of any document, testimony, or information produced in the above captioned action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a disclosing party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail the attorneys of record of the disclosing

party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any reasonable procedure sought to be pursued by the party whose interest may be affected.  The disclosing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or other process, or order shall be entitled to comply with it except to the extent the disclosing party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

21. **APPLICATION OF ORDER TO PREVIOUSLY DISCLOSED MATERIALS**.

This Protective Order shall apply to information and materials produced in this action prior to the entry of this order.

Honorable Judge Joseph J. Farnan
United States District Court

---

-14-
PROTECTIVE ORDER

# EXHIBIT I

## Caplan, Mindy

**From:**      Caplan, Mindy
**Sent:**      Wednesday, December 03, 2008 11:38 AM
**To:**        'Alpert, Sonja (LAW)'
**Subject:**   RE: LG Display Subpoena

Ms. Alpert:

I received your voicemail from yesterday stating that you could not get back to me until Thursday.  I will hold off on filing our motion to compel until then, with the hopes that Sony will commit to producing all responsive documents by a date certain, i.e., by Monday, December 8. Please contact me by 12 p.m. PT on Thursday to provide an update as to Sony's response to the Subpoena.  If we cannot reach a resolution at that time, I will have to file our motion to compel to protect LG Display's rights under the subpoena. In addition to the discussions  John Lomas has had with you and your colleagues, I have attempted to contact you several times since early November, but did not receive a response until December 1.  Given our fact discovery deadline, LG Display simply cannot afford to continue to wait for Sony to comply with its obligations under the subpoena.

In the meantime, you have the relevant documents setting forth the protections afforded to confidential third party documents. As you can see, all documents may be reviewed only by outside counsel.  If your Delaware local counsel continues to have concerns, however, please give me his or her contact information so that our Delaware counsel may speak to him/her to discuss the matter.

I look forward to hearing from you on Thursday.

Sincerely,
Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:   (202) 496-7756
mcaplan@mckennalong.com

1

Exh. I Page 2 of 2

# EXHIBIT J

**Caplan, Mindy**

| | |
|---|---|
| **From:** | Alpert, Sonja (LAW) [Sonja.K.Alpert@am.sony.com] |
| **Sent:** | Thursday, December 04, 2008 8:51 PM |
| **To:** | Caplan, Mindy |
| **Subject:** | Letter from Sony Re Production |
| **Attachments:** | Kaplan Letter_120408.pdf |

Mindy, please see the attached letter.

Sincerely,

Sonja

Sonja K. Alpert
Director, Law Department, MZ7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA 92127-1708
Telephone (858)942-2612
Fax (858) 942-9123
Email: sonja.alpert@am.sony.com

The information contained in this email message may be privileged, confidential, and/or protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is prohibited.  If you think that you have received this email message in error, please email the sender at sonja.alpert@am.sony.com.  Thank you.

# SONY

Sony Electronics Inc.
16530 Via Esprillo, San Diego, California 92127

December 4, 2008

<u>Via Email and Regular Mail</u>

Mindy L. Caplan
McKenna Long & Aldridge
1900 K. Street, NW
Washington, DC 2006-1108

Re:  Subpoena Directed to Sony Electronics Inc.
    *LG Display Co. Otd. V. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
    Case Nos. 06-726-JJF & 07-357-JJF (consolidated)

Dear Ms. Caplan:

As a follow up to our conversation and based on our reasonable investigation, Sony
Electronics Inc. ("SEL") did not purchase LCD modules from AUO, CMO or QDI (as
such parties are defined in the subpoena served on SEL; together, the "Companies") for
televisions or computers.  We have no agreements with these Companies for the purchase
of LCD modules.  Some of our suppliers have procured LCD modules from these
Companies, but we do not have information regarding their purchases.  SEL does not
track panels at the factory level from a particular supplier to a particular model of a
finished product so we are unable to provide this type of information to you.

With regard to stand-alone monitors, to date SEL has searched from January 2000
through December 2006, and we will be able to provide you such procurement data in the
form of a spreadsheet showing purchases in units and dollars from AUO and LG.  We
will be able to provide this by 5:00 p.m. EST on Monday, December 8, 2008.  We will
also continue our investigation for data from January 2007 to the current date and, to the
extent there is further relevant information, will be able supplement to our response to
you.

We are still investigating whether our service center may purchase some LCD modules
directly from the Companies for use in warranty and other repairs.  To the extent that we
acquire any information with regard to these potential purchases, we will be able to
supplement our response to you by December 23, 2008.

All production of documents by Sony is subject to the objections and responses Sony
previously served on LG on August 27, 2008, and the Stipulation and Order Concerning
the Confidentiality of Documents Produced by Third Parties, and referenced Joint

**Exh. J Page 3 of 4**

# SONY

Stipulation and Order Concerning Entry of Interim Protective Order, in the above referenced matter for which the Sony documents are to be designated "highly confidential." This is the reasonable information that SEL can provide in compliance with the subpoena. We cannot provide information which we do not have.  Please confirm this is an acceptable resolution and we will arrange for production.

Sincerely,

*Sonja K. Alpert*

Sonja K. Alpert
Director
Sony Legal Department

# EXHIBIT K

## Caplan, Mindy

| | |
|---|---|
| **From:** | Caplan, Mindy |
| **Sent:** | Monday, December 22, 2008 6:40 PM |
| **To:** | 'Alpert, Sonja (LAW)' |
| **Subject:** | RE: Letter from Sony Re Production |

Ms. Alpert:

We have been working with Sony for a long time to resolve the subpoena and obtain the discovery that we need. Because we have very limited time to complete this discovery in our case, we need to know right away whether Sony will provide the discovery that we need without a court order. We would prefer not to have to file a motion to compel, but we cannot afford to wait any longer to obtain this discovery.

I am in receipt of your December 4 letter wherein you agreed to produce procurement data in spreadsheet form showing purchases from AUO and LG dating back to 2000. I have left you several voicemails regarding your letter but have not received any response. I have been trying to contact you regarding your reference to "LG" in the second paragraph of your letter, which I assume refers to LG Display Co., Ltd. Please confirm my understanding is correct as soon as possible. Please also confirm that the procurement information includes both direct purchases from AUO, as well as the purchase of products from an original equipment manufacturer (OEM), such as AmTRAN, Delta or AOC, that contain AUO panels. Your letter made no mention of Sony's purchases of QDI or CMO panels for stand-alone monitors. Please confirm whether Sony does, in fact, purchase products incorporating CMO LCD panels either directly from QDI or CMO or through an OEM. Regarding such procurement information, LG Display is seeking not only the quantity and dollar amounts of such purchases, but also the date, who ordered, paid for, and received the products, the AUO, CMO or QDI LCD panel model number, and Sony product numbers for which the AUO, CMO or QDI products were purchased. We need complete information concerning all AUO, CMO, and QDI modules that Sony has ordered and used.

We also need other discovery as we previously have requested. For example, to the extent there are contracts or agreements between Sony and AUO, CMO or QDI, regarding the manufacturing, production, design, marketing, sale or supply of LCD products, AUO products, CMO products, and/or QDI products, those are also responsive and must be produced.

We also have requested information showing which Sony products use which AUO and CMO modules. With respect to Sony's purchases of products for its televisions and computers, it is hard to imagine that Sony does not know which AUO, CMO or QDI panels are incorporated into its televisions and computers. DisplaySearch, for example, indicates that AUO and CMO panels are supplied to Sony for incorporation into various sizes of televisions. Please confirm whether Sony can determine which panels are incorporated into its products, just like it is able to do for its stand-alone monitors.

Further, it is essential that we obtain documents exchanged between Sony and AUO or CMO, including any reports, road maps, presentations, and email communications. Your letter was silent regarding Sony's communications regarding AUO, CMO or QDI or their products. We are willing to work with you to limit the number of employees whose emails are searched to those who primarily communicate with AUO, CMO and QDI. Please let us know immediately what type and volume of documents, including communications, Sony is collecting to produce.

Your letter also failed to address the production of Sony's U.S. sales information of LCD products the incorporate AUO, CMO or QDI products. As Sony is the only source of information regarding the sale of its LCD products in the United States that incorporate AUO, CMO or QDI panels, that information is critical. We need information showing all U.S. imports and sales of products that use AUO, CMO, and QDI modules.

Please confirm by Wednesday, December 24, whether Sony will agree to produce the requested information by December 31. If we do not receive such confirmation, LG Display will have no choice but to file a motion to compel next week. Again, we look forward to your prompt response in an effort to avoid the need to seek the Court's assistance, as we cannot delay this matter any further.

Sincerely,

Mindy

Mindy L. Caplan, Esq.

12/29/2008

McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:  (202) 496-7756
mcaplan@mckennalong.com

**From:** Alpert, Sonja (LAW) [mailto:Sonja.K.Alpert@am.sony.com]
**Sent:** Thursday, December 04, 2008 8:51 PM
**To:** Caplan, Mindy
**Subject:** Letter from Sony Re Production

Mindy, please see the attached letter.

Sincerely,

Sonja

Sonja K. Alpert
Director, Law Department, MZ7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA 92127-1708
Telephone (858)942-2612
Fax (858) 942-9123
Email: sonja.alpert@am.sony.com

The information contained in this email message may be privileged, confidential, and/or protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is prohibited.  If you think that you have received this email message in error, please email the sender at sonja.alpert@am.sony.com.  Thank you.

12/29/2008

# EXHIBIT L

**Caplan, Mindy**

| | |
|---|---|
| **From:** | Alpert, Sonja (LAW) [Sonja.K.Alpert@am.sony.com] |
| **Sent:** | Wednesday, December 24, 2008 4:43 PM |
| **To:** | Caplan, Mindy |
| **Subject:** | RE: Letter from Sony Re Production |
| **Attachments:** | Caplan Letter_122408.pdf |

Please see the attached letter.

Sonja K. Alpert
Director, Law Department, MZ7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA 92127-1708
Telephone (858)942-2612
Fax (858) 942-9123
Email: sonja.alpert@am.sony.com

The information contained in this email message may be privileged, confidential, and/or protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is prohibited. If you think that you have received this email message in error, please email the sender at sonja.alpert@am.sony.com. Thank you.

**From:** Caplan, Mindy [mailto:mcaplan@mckennalong.com]
**Sent:** Monday, December 22, 2008 3:40 PM
**To:** Alpert, Sonja (LAW)
**Subject:** RE: Letter from Sony Re Production

Ms. Alpert:

We have been working with Sony for a long time to resolve the subpoena and obtain the discovery that we need. Because we have very limited time to complete this discovery in our case, we need to know right away whether Sony will provide the discovery that we need without a court order. We would prefer not to have to file a motion to compel, but we cannot afford to wait any longer to obtain this discovery.

I am in receipt of your December 4 letter wherein you agreed to produce procurement data in spreadsheet form showing purchases from AUO and LG dating back to 2000. I have left you several voicemails regarding your letter but have not received any response. I have been trying to contact you regarding your reference to "LG" in the second paragraph of your letter, which I assume refers to LG Display Co., Ltd. Please confirm my understanding is correct as soon as possible. Please also confirm that the procurement information includes both direct purchases from AUO, as well as the purchase of products from an original equipment manufacturer (OEM), such as AmTRAN, Delta or AOC, that contain AUO panels. Your letter made no mention of Sony's purchases of QDI or CMO panels for stand-alone monitors. Please confirm whether Sony does, in fact, purchase products incorporating CMO LCD panels either directly from QDI or CMO or through an OEM. Regarding such procurement information, LG Display is seeking not only the quantity and dollar amounts of such purchases, but also the date, who ordered, paid for, and received the products, the AUO, CMO or QDI LCD panel model number, and Sony product numbers for which the AUO, CMO or QDI products were purchased. We need complete information concerning all AUO, CMO, and QDI modules that Sony has ordered and used.

We also need other discovery as we previously have requested. For example, to the extent there are contracts or agreements between Sony and AUO, CMO or QDI, regarding the manufacturing, production, design, marketing, sale or supply of LCD products, AUO products, CMO products, and/or QDI products, those are also responsive and must be produced.

We also have requested information showing which Sony products use which AUO and CMO modules. With respect to Sony's purchases of products for its televisions and computers, it is hard to imagine that Sony does not know which AUO, CMO or QDI panels are incorporated into its televisions and computers. DisplaySearch, for example, indicates that AUO and CMO panels are supplied to Sony for incorporation into various sizes of televisions. Please confirm whether Sony can determine which panels are incorporated into its products, just like it is able to do for its stand-alone monitors.

12/29/2008

Further, it is essential that we obtain documents exchanged between Sony and AUO or CMO, including any reports, road maps, presentations, and email communications. Your letter was silent regarding Sony's communications regarding AUO, CMO or QDI or their products. We are willing to work with you to limit the number of employees whose emails are searched to those who primarily communicate with AUO, CMO and QDI. Please let us know immediately what type and volume of documents, including communications, Sony is collecting to produce.

Your letter also failed to address the production of Sony's U.S. sales information of LCD products the incorporate AUO, CMO or QDI products. As Sony is the only source of information regarding the sale of its LCD products in the United States that incorporate AUO, CMO or QDI panels, that information is critical. We need information showing all U.S. imports and sales of products that use AUO, CMO, and QDI modules.

Please confirm by Wednesday, December 24, whether Sony will agree to produce the requested information by December 31. If we do not receive such confirmation, LG Display will have no choice but to file a motion to compel next week. Again, we look forward to your prompt response in an effort to avoid the need to seek the Court's assistance, as we cannot delay this matter any further.

Sincerely,

Mindy

Mindy L. Caplan, Esq.
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006
Direct Dial: (202) 496-7644
Facsimile:  (202) 496-7756
mcaplan@mckennalong.com

---

**From:** Alpert, Sonja (LAW) [mailto:Sonja.K.Alpert@am.sony.com]
**Sent:** Thursday, December 04, 2008 8:51 PM
**To:** Caplan, Mindy
**Subject:** Letter from Sony Re Production

Mindy, please see the attached letter.

Sincerely,

Sonja

Sonja K. Alpert
Director, Law Department, MZ7180
Sony Electronics Inc.
16530 Via Esprillo
San Diego, CA 92127-1708
Telephone (858)942-2612
Fax (858) 942-9123
Email: sonja.alpert@am.sony.com

The information contained in this email message may be privileged, confidential, and/or protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is prohibited.  If you think that you have received this email message in error, please email the sender at sonja.alpert@am.sony.com.  Thank you.

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any

12/29/2008

dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

# SONY

Sony Electronics Inc.
16530 Via Esprillo, San Diego, California 92127-1708

December 24, 2008

Mindy L. Caplan
McKenna Long & Aldridge LLP
1900 K Street N.W.
Washington, D.C. 20006

Via Email and Regular Mail

Re:  Subpoena Directed to Sony Electronics Inc.
      *LG Display Co. Ltd. V. AU Optronics Corp., Chi Mei Optoelectronics Corp., et al.*
      Case Nos. 06-726-JJF & 07-357-JJF

Dear Ms. Caplan,

In response to your email dated December 22, 2008, please be advised that Sony
Electronics Inc. ("SEL") will be in a mandatory shutdown from December 24, 2008 until
January 5, 2009 so we will not be able to provide any documents to you by December 31,
2008.

Next, I check my voicemails on a regular basis and have had no voicemail messages from
you.  I have received no emails, letters, faxes or any other communication from you.

With regard to my reference to "LG" in the second paragraph of my December 4th letter,
the entity I refer to is LG Philips LCD America Inc.

As previously discussed with both you and Mr. Lomas, while SEL is trying to be
cooperative, the entity with the majority of the information you are seeking is not SEL.
SEL has already identified the limited amount of information we have available with
regard to direct purchases from the relevant vendors.  In addition, as outlined in our
formal objections, the burden and expense in obtaining the detailed information you are
requesting would be excessive for a third party to this litigation.  It would also appear that
this type of information would be obtainable from the actual parties to the litigation.

My letter made no mention of SEL's purchases of QDI or CMO panels for stand-alone
monitors because, to the best of our knowledge, SEL does not purchase any panels
directly from QDI or CMO.

Exh. L Page 5 of 6

# SONY

Sony Electronics Inc.
16530 Via Esprillo, San Diego, California 92127-1708

Again, SEL does not have "complete information" about any of the information you have requested since the majority of the purchases of panels are made by other entities. As previously explained, SEL has no agreements with AUO, CMO or QDI for panels to the best of our knowledge.

SEL does not track the panel vendors used in each of the many different models of our products. With regard to the panels we obtain from our internal supply chain, an internal Sony part number is assigned to the panel which provides SEL with no information as to the manufacturer of the panel. Because it would be extremely difficult and burdensome to determine which products contain a panel from a particular panel vendor, if possible to determine at all, we cannot determine the sales for products with panels from those particular vendors. In addition, our objections stand as to producing SEL's confidential and sensitive sales information.

We are willing to produce the information outlined in my letter of December 4, 2008 if this is an acceptable resolution. Please confirm and we will arrange for production when SEL reopens in January 2009.

Sincerely,

Sonja K. Alpert

Sonja K. Alpert
Director, Law Department
Sony Electronics Inc.

# EXHIBIT M

ReferenceUSA                                                                    Page 1 of 3



☎ Questions?
800.808.1113  E-mail Us

| Version 2008.12 | US Businesses | | Home | About Us | Our Quality | Contact Us | Help |

**Back to Results**                                    **Revise My Criteria**  **New Search**

## Search Results

Record 1 2 3 4 5 6 7 8 9 10   Next 10 >>

Displaying 1 of 33

First Record  Last Record  Go to record number: [      ] **Go!**                    «« Previous  Next »»

**Data Feedback**  **Print**  **Download**

# Sony Electronics Inc  San Diego, CA

## Address Information

| | | | |
|---|---|---|---|
| **Address:** | 16450 W Bernardo Dr | **Toll Free Number:** | Not Available |
| **City** | San Diego | **Fax:** | Not Available |
| **State:** | CA | **Line of Business:** | Radio, TV & Other Electronics Stores |
| **ZIP Code:** | 92127-1804 | **Primary SIC:** | 5731-17 |
| **Phone:** | (858) 942-2400 | **NAICS:** | 44311207 |
| **Map & Directions:** | Map it!  Driving Directions  Radius | **IUSA Number:** | 80-105-6862 |

## Corporate Information

| | | | |
|---|---|---|---|
| **Corporate Employees:** | 20,000 | **Years in Database:** | 25 |
| **Location Employees:** | 1,000 | **Year Established:** | 1985 |
| **Est. Annual Sales:** | | **Yellow Page Ad Spending:** | $1 - $300 |
| **Type of Business:** | Privately Owned | **Ticker Symbol:** | Not Available |
| **Location Type:** | Subsidiary | **Stock Exchange:** | None |
| **Credit Rating Score:** | Excellent | **Annual Reports:** | Not Applicable |
| **Metro Area:** | San Diego, CA | **Parent Company:** | Sony Corp Of America Inc |
| **County:** | San Diego | **Foreign Parent:** | No |
| **View Web Site:** | Not Available | **Fortune 1000 Ranking:** | Not Applicable |
| **Number of Personal Computers:** | Not Available | **SQ Footage:** | 40,000+ |
| **Home Business:** | No | **Hours of Operation:** | Sunday: Closed |
| **Public Company:** | No | | Monday: 9:00 AM - 5:00 PM |
| **Lat/Long:** | 033.013089 / -117.087628 | | Tuesday: 9:00 AM - 5:00 PM |
| | | | Wednesday: 9:00 AM - 5:00 PM |
| | | | Thursday: 9:00 AM - 5:00 PM |
| | | | Friday: 9:00 AM - 5:00 PM |
| | | | Saturday: Closed |
| | | **Credit Cards Accepted:** | Not Available |

## Management Directory

| Title | Name | Gender | Bio |
|---|---|---|---|
| | | | |

## Corporate Family Tree

**Corporate Linkage**  ◆ ◆   Click to view

## Company Description

✔ **Primary Line of Business:**
   Electronic Equipment & Supplies-Retail (SIC 5731-17)

**Business Profile:**
N/A

| Other Lines of Business: | SIC: | Brand/Specialty: |
|---|---|---|
| Computer Peripherals (Manufacturers) | 3577-02 | |
| Television & Radio-Manufacturers | 3651-10 | |
| Electronic Equipment & Supplies-Mfrs | 3679-01 | |
| Physicians & Surgeons Equip & Supls-Mfrs | 3841-04 | |
| Photographic Equipment-Manufacturers | 3861-03 | |
| Physicians & Surgeons Equip & Supls-Whol | 5047-04 | |
| Appliances-Household-Major-Wholesale | 5064-04 | |
| Exporters (Whol) | 5099-01 | |
| Importers (Whol) | 5099-05 | |
| Marketing Programs & Services | 8742-13 | |

**Exh. M Page 2 of 4**

**Primary Line of Business:**
**Radio, TV & Other Electronics Stores (NAICS 44311207) , Other
Computer Peripheral Equip Mfg, Audio & Video Equip Mfg, Other
Electronic Component Mfg, Surgical & Medical Instrument Mfg,
Photographic & Photocopying Equip Mfg**

| Other Lines of Business: | NAICS: |
|---|---|
| Other Computer Peripheral Equip Mfg | 33411901 |
| Audio & Video Equip Mfg | 33431013 |
| Other Electronic Component Mfg | 33441902 |
| Surgical & Medical Instrument Mfg | 33911203 |
| Photographic & Photocopying Equip Mfg | 33331505 |
| Medical Equip Merchant Whols | 42345028 |
| Electric Appliance Merchant Whols | 42362003 |
| All Other Durable Goods Merchant Whols | 42399010 |
| All Other Durable Goods Merchant Whols | 42399019 |
| Marketing Consulting Svcs | 54161303 |

## Location Image



View this
business
Just mouse
over photo.

## Company News Click on the article title to view it.

| DATE: | ARTICLE: | SOURCE: |
|---|---|---|
| 12/02/2008 | Satellite system/internet system with display option palette with multiple filtering options | Micropatent |
| 11/29/2008 | Reportlinker.com Offers Report: World Bluetooth Enabled Devices Market | Wireless News |
| 11/21/2008 | WIPO: Inventor in California Develops Enhanced Mobile-Device Location Procedures Performance Apparatus | U.S. Fed News |

Click here for more company news articles

## Business Expenditures

The estimated annual spending range for this business are displayed in the categories below.

| Spending Category | Range | Spending Category | Range |
|---|---|---|---|
| Accounting | | Technology | |
| Insurance | | Legal | |
| Office Equipment and Supplies | | Package/Container | |
| Payroll | | Purchase Print | |
| Rent and Leasing | | Management/Administration | |
| Contract Labor | Not Available | Telecommunications | |

## Competitors Report

About Competitors Report

| | | | |
|---|---|---|---|
| Bayside Sales & Marketing<br>225 Broadway # 925<br>San Diego, CA 92101 | Doosan Electro-Materials Co<br>6480 Weathers Pl # 105<br>San Diego, CA 92121 | Kyung In America Inc<br>7750 Dagget St # 201<br>San Diego, CA 92111 | Mapa Electronics<br>7577 Airway Rd<br>San Diego, CA 92154 |
| National Circuitry<br>11770 Bernardo Plaza Ct # 451<br>San Diego, CA 92128 | Panasonic AVC Networks America<br>7625 Panasonic Way<br>San Diego, CA 92154 | Panasonic Technologies Inc<br>10993 Via Frontera<br>San Diego, CA 92127 | Partronix West Corp<br>5173 Waring Rd # 107<br>San Diego, CA 92120 |
| Sea Level Sound<br>San Diego, CA 92101 | Xtreme Gadget Co<br>9360 Cabot Dr<br>San Diego, CA 92126 | | |

## Nearby Businesses

| | | | |
|---|---|---|---|
| Advanced Software Solution Inc<br>16516 Via Esprillo<br>San Diego, CA 92127 | Astute Networks Inc<br>16516 Via Esprillo # 200<br>San Diego, CA 92127 | Broadcom Corp<br>16340 W Bernardo Dr<br>San Diego, CA 92127 | Creative Learning<br>16510 Via Esprillo<br>San Diego, CA 92127 |
| Fedex Supply Chain Svc<br>16399 W Bernardo Dr<br>San Diego, CA 92127 | Kia Inc<br>16516 Via Esprillo<br>San Diego, CA 92127 | Precise Engineering Inc<br>11280 Turtleback Ct<br>San Diego, CA 92127 | Rudolph & Sletten Inc<br>16550 W Bernardo Dr<br>San Diego, CA 92127 |
| Symtek Corp<br>16516 Via Esprillo<br>San Diego, CA 92127 | Systech Corp<br>16510 Via Esprillo<br>San Diego, CA 92127 | | |

**Exh. M Page 3 of 4**

## UCC Filings

About UCC Filings

**UCC Filed Date:** 08/23/2000
**Expiration Date:** 08/23/2005
**Filing Number:** 0023760429
**Jurisdiction:** SEC of State CA
**Secured Party:** SONY FINANCIAL SVC LLC  155 TICE BLVD WOODCLIFF LAKE , NJ 07677
**Collateral:** Undefined

**UCC Filed Date:** 09/11/2000
**Expiration Date:** 09/12/2005
**Filing Number:** 0025660249
**Jurisdiction:** SEC of State CA
**Secured Party:** SONY FINANCIAL SVC LLC  155 TICE BLVD WOODCLIFF LAKE , NJ 07677
**Collateral:** Undefined

**UCC Filed Date:** 09/15/2000
**Expiration Date:** 09/15/2005
**Filing Number:** 0026260802
**Jurisdiction:** SEC of State CA
**Secured Party:** SONY FINANCIAL SVC LLC  155 TICE BLVD WOODCLIFF LAKE , NJ 07677
**Collateral:** Undefined

Click here for more UCC Lisitings

## Public Filings

| Filing Date | State | County | Type | Amount or Liability | Case Number |
|-------------|-------|--------|------|---------------------|-------------|
| 20050727 | WI | La Crosse | Civil New Filing | $0.00 | 05SC001828 |
| 20050727 | WI | La Crosse | Civil New Filing | $0.00 | 05SC001828 |
| 20020418 | PA | Allegheny | Small Claims Judgement | $1,900.00 | CV000008502 |
| Click here for more Public Filings | | | | | |

## Terms & Conditions

1. The information contained in this report is exclusively provided to you for your own use and may not be transferred to any other party. By necessity, credit decisions must be based on the credit provider's policies as applied to each unique transaction. In no event, should the information contained in this report be used as the sole source in making a credit decision. infoUSA expressly disclaims all warranties associated with the provision of this information, and makes no representations as to the accuracy or timeliness. In all events, infoUSA's liability shall be limited to the amount actually received by it on account of the provision of this report.

2. Due to changes occurring every day, this information is believed to be accurate but is not guaranteed.

3. It is a violation of both federal and state law to transmit an unsolicited advertisement to a facsimile machine. Any person violating such laws may be subject to civil and criminal penalties which may exceed $500 for each transmission of any unsolicited facsimile. We provide business information for lawful purposes and expressly forbid the use of our business information in any unlawful manner.

15 Prints/Downloads per Search
© 2008 infoUSA, Inc. All Rights Reserved.
5711 South 86th Circle, P.O. Box 27347 Omaha, NE 68127
IP: 216.185.22.100

**Exh. M Page 4 of 4**

# EXHIBIT N

Sony USA - Sony Electronics Inc. Outline of Principal Operations                Page 1 of 12

**SONY**

- +Register
  - Sony Rewards
    - Join

    - Member Login

    - Learn More

  - Sony Card
    - Learn More

    - Member Benefits

  - Electronics
    - Product Registration

    - 101 Online Learning

    - Sony Ericsson

  - Gaming
    - PlayStation
      - Register

      - Forums

    - Station.com
      - Register

      - Community

  - Music & Movies
    - Promotions Sweepstakes

    - SPN: Sony Pictures Network

      - MyPlay Music

- +Shop
  - Shop at Sony Style
    - Computers
      - Notebooks

      - Desktops

      - mylo

    - Disc Burners

    - Software & Media

    - Accessories

    - Cameras & Camcorders
      - Digital Cameras

**Exh. N Page 2 of 13**

- Digital SLR Cameras
  - Camcorders
  - Photo Printers
  - Accessories

- TV & Home Entertainment
  - Televisions
  - Home Theater Systems
  - Blu-ray Disc
  - DVD Players
  - Home Audio
  - LocationFree
  - Accessories

- MP3 & Portable Electronics
  - MP3 Players
  - Reader Digital Book
  - mylo Internet Devices
  - Mobile Phones
  - GPS Navigation
  - Headphones
  - Accessories

- Movies & Music
  - On DVD
  - Bluray Disc
  - UMD Videos for PSP
  - Music

- Games
- PlayStation Systems
  - Games
  - Accessories

- Sony Style Gift Card

- Sony Style Store Locations

o More Sony Shopping
  - Sony Card & Rewards
    - Sony Rewards

**Exh. N Page 3 of 13**

- Join
  - Member Login
    - Learn More

  - Sony Card
    - Learn More
  - Member Benefits

- Gaming & Multimedia
  - PlayStation Store
  - Station.com Store
  - Creative Software
  - MyPlay Music Store

    - Mobile
    - Sony Ericsson
  - Sony Ericsson Downloads
  - Sony Pictures Mobile

  - eBook Store

- +Electronics
  - Consumer
  - Cameras & Camcorders
    - Digital Cameras
      - Shop and Compare

      - Accessories
      - Creative Software
      - Support & Drivers
    - 101 Online Learning

    - Camcorders
    - Shop and Compare

      - Accessories
      - Creative Software
      - Support & Drivers
    - 101 Online Learning

  - Our Brands & Technologies
    - CyberShot Technologies
    - Handycam Technologies

- Alpha DSLR

- Computers
  - Notebook Computers
    - Shop and Compare

  - Accessories & Peripherals

    - Creative Software

    - Support & Drivers

    - 101 Online Learning

  - Desktop Computers
    - Shop and Compare

  - Accessories & Peripherals

    - Creative Software

    - Support & Drivers

    - 101 Online Learning

- Our Brands & Technologies
  - Blu-ray Disc

  - LocationFree

 

- TV & Home Entertainment
  - Televisions
  - Shop and Compare

    - Accessories

    - Support & Drivers

    - 101 Online Learning

  - Home Theater Systems
    - Shop and Compare

    - Accessories

    - Support & Drivers

    - 101 Online Learning

  - Blu-ray Disc Products
    - Shop and Compare

    - Accessories

    - Support & Drivers

    - 101 Online Learning

- Home Audio Components

**Exh. N Page 5 of 13**

- Shop and Compare
  - Accessories
- Support & Drivers
- 101 Online Learning

- Our Brands & Technologies
  - Blu-ray Disc
    - OLED
  - LocationFree
- BRAVIA & HDTV Technologies

- Portable Electronics
  - MP3 Players
  - Shop and Compare
    - Accessories
  - Support & Drivers
  - 101 Online Learning

  - Reader Digital Book
    - Shop and Compare
      - Accessories
    - Support & Drivers
      - eBook Store
    - 101 Online Learning

- Mobile Communications
  - Mobile Phones
  - Shop and Compare
    - Accessories
  - Support & Drivers

  - mylo Internet Devices
    - Shop and Compare
      - Accessories
    - Support & Drivers
    - 101 Online Learning

- Car Audio & GPS
  - Car Audio
  - Shop and Compare

- Learn More

- Accessories

- GPS Navigation
  - Shop and Compare

  - Support & Drivers

  - 101 Online Learning

  o Business
  - Sony for Business

- VAIO Professional Notebooks

  - Displays

  - Projectors

  - Digital Imaging

  - Storage

  - Televisions & Video

o Broadcast & Industrial

- +PlayStation
  o PlayStation 3
    - Systems

    - Accessories

    - Features

    - Games

    - Support

  o PSP System
    - Systems

    - Accessories

    - Features

    - Games

    - Support

  o PlayStation 2
    - Systems

    - Accessories

    - Features

    - Games

**Exh. N Page 7 of 13**

- Support

  - ○ PlayStation Network
    - PlayStation Store

    - PlayStation Home

      - Events

  - **+Online Games**
    - ○ PC Games
      - EverQuest

      - EverQuest II

    - Legends of Norrath

      - PlanetSide

    - Star Wars Galaxies

      - Vanguard

    - See All PC Games

    - ○ Console & Handheld
      - Champions Return to Arms

    - Untold Legends Dark Kingdom

      - Field Commander

    - High Stakes on the Vegas Strip

    - See All Console & Handheld

      - ○ Casual Games
        - Puzzle

        - Arcade

        - Trivia

      - ○ Game Shows
        - JEOPARDY!

        - Wheel of Fortune

    - GSN. The network for games.

      - ○ Mobile Games

    - **+Music & Movies**
      - ○ Music
        - Artists

        - Music Videos

        - New Music

**Exh. N Page 8 of 13**

- Photos

  - Movies
    - In Theaters
    - Movie Trailers

- DVD, Blu-ray Disc & UMD

  - TV
    - TV Shows
    - TV on DVD

  - Crackle Videos
    - Channels
    - Contest
    - Upload
    - Featured

- +Service & Support
  - Electronics
    - Drivers/Software
    - Product Support
      - Repair
    - 101 Online Learning
    - Parts & Accessories
    - Contact Support
    - Product Registration
  - Sony Style Store Locations

  - Mobile
    - Sony Ericsson

  - Gaming
    - PlayStation
    - Station.com

  - Sony Connect

  - eBook Store

**Exh. N Page 9 of 13**

# Sony Corporation of America

Overview

Corporate Fact Sheet

Outline of Principal Operations

Senior Management

Speeches

Press Releases

Corporate Philanthropy

Job Postings

## Outline of Principal Operations   Select a Section



**SONY ELECTRONICS INC.**

- Stan Glasgow, President and COO, SEL

- Headquartered in San Diego, CA

- Engineers, manufactures, sells and markets consumer and professional audio and video equipment, computer and peripheral products, recording media and energy products, semiconductors, and other electronic components

- Comprised of business units that are supported by a sales platform targeting consumer sales, consumer systems and applications, commercial IT sales, corporate, education and A/V reseller channels

**CONSUMER AND B2B PRODUCT MARKETING DIVISIONS**

*Home Products Division*

- BRAVIA® LCD flat-panel and LCD and SXRD rear-projection HDTVs. SXRD and LCD front home theater projectors

- BRAVIA® Internet Video Link Service

- Organic Light Emitting Diode TV (OLED)

- LocationFree™ TVs

- Blu-ray Disc™ Player

- DVD-video players/recorders, VCRs, Super Audio CD players, and home theater-in-a-box systems

- Hi-Fi components (AV receivers), shelf systems and speakers

*Digital Imaging and Audio Division*

- Walkman® digital music players and MiniDisc Walkman® players/recorders players

Sony USA - Sony Electronics Inc. Outline of Principal Operations                    Page 10 of 12

- Handycam® camcorders

- Cyber-shot® digital still cameras

- Alpha Digital SLR cameras

- Rolly™ Music Player

- Xplod car stereo and marine products

- nav-u™ portable navigation system

- Personal Digital photo printers

- Memory Stick® flash media

- Personal audio accessories

- Shelf systems, boomboxes and radios

- Digital voice recorders

*Information Technology Products Division*

- VAIO® computers

- VAIO Digital Home

- Branded optical and tape storage drives

- LocationFree™

- Reader Digital Book

- mylo Personal Communicator

*Business Solutions Division*

- Video conferencing products

- Visual imaging products

- Medical imaging systems

- Professional digital photography systems

- IP monitoring, storage solutions

- E-communication and digital signage

*Broadcast and Production Systems Division*

**Exh. N Page 11 of 13**

Sony USA - Sony Electronics Inc. Outline of Principal Operations                      Page 11 of 12

- Professional video and audio production equipment for episodic TV and motion pictures

- Broadcast production and content creation systems for TV news

- Professional monitors, displays, and projectors for b-to-b and large-venue applications

- Professional services

*Media Applications Solution Division*

- Consumer, professional, data and advanced recording media solutions

*Component Solutions Business Division*

- OEM AIT & SAIT drives and auto loaders

- OEM blue laser and MO drives, Dual RW drives, CD-R/RW drives and floppy drives

- OEM Li-ion and li-polymer batteries

- Semiconductor devices, including SigmaRAM memory, ICs, CCD sensors, optical comm. ICs, GPS and cellular/PCs ICs

**SALES ORGANIZATIONS**

*Consumer Sales*

- Consumer product sales to retailers/dealers

- Direct telephone and online sales to consumers via SonyStyle.com

- Sony Style retail flagship stores **www.sony.com/retail** for locations

*Professional Sales*

- Sale of consumer products and systems to custom A/V installers, home builders, and other special markets

- Sales to commercial IT resellers

- Sales of professional and consumer AV products to corporate and non-profit institutions directly, as well as AV resellers

- DirectPoint(SM) sales support for small and medium businesses

**CORPORATE MARKETING**

http://www.sony.com/SCA/outline/electronics.shtml                                    12/3/2008

- Corporate Marketing is responsible for developing marketing strategies that cross leverage Sony's brand name including marketing platform development, corporate research, tradeshows and exhibits and marketing project administration.

- This unit also manages direct marketing and web services.

**ENGINEERING, MANUFACTURING & CUSTOMER SERVICE**

- Electronics and recording media manufacturing and engineering operations in the U.S. and Mexico; customer service support nationwide

For additional information, go to **www.sony.com/news**

October 2008

Index of Sites  |  FAQ  |  Terms/Privacy  |  Investor Relations  |  Corporate Information

© 2008 Sony Corporation of America  |  Voluntary Recall Programs

**Exh. N Page 13 of 13**

# EXHIBIT O

Sony : Televisions - BestBuy                                                      Page 1 of 6

Español | English



Weekly Ad   Store Locator   Outlet Center   Gift Center   Small Business Center

Gift Cards    Credit Cards    Reward Zone®    Customer Service    Wish List    Order Status    My Account

0 Items

SEARCH FOR   Keyword or Item #         IN   All Categories           GO          **Welcome.** Please create an account or Sign


Cyber Week Specials   Now through December 6.   shop now ▸

Best Buy > TV & Video > Televisions > Sony

## Shop Televisions

Flat-Panel TVs (30)
Projectors & Screens (4)

### You've Selected:
Brand: Sony
[Remove]

### Narrow Your Results by:

**Customer Reviews**
Top-Rated (15)

**Current Offers**
On Sale (12)
Special Offers (33)
Free Shipping (32)
Online Only (7)
Financing Offers (33)
Outlet Center (1)

**Screen Size**
1" to 20" (7)
21" - 29" (1)
30" - 39" (5)
40" - 49" (14)
50" - 59" (4)

**Price Range**
$250 - $499.99 (6)
$500 - $749.99 (3)
$750 - $999.99 (3)
$1000 - $1249 (2)
$1250 - $1499 (4)
$1500 - $1999 (6)

1 - 15 of 34     1 2 3

View:  15 per page

Compare
up to 3 items

Sort by:  Best Selling

---

**Sony - BRAVIA 32" 720p Flat-Panel LCD HDTV**
Model: KDL-32L4000 | SKU: 8808061

2 HDMI inputs; PC input; black cabinet; 16:9 widescreen aspect ratio

☐ Compare

☆☆☆☆☆ 4.4 of 5 (50 reviews)

Check Shipping & Availability

**$585.99**
Save $100 on a TiVo HD DVR: Find Out How
10% Off Bose Speaker System: See How
Add'l 10% Off On-Sale Mounts: See How

add to cart ▾

---



**Sony - BRAVIA 40" 1080p Flat-Panel LCD HDTV**
Model: KDL-40S4100 | SKU: 8828708

3 HDMI inputs; 1 PC input; black cabinet; 16:9 widescreen aspect ratio

☐ Compare

☆☆☆☆☆ 4.7 of 5 (43 reviews)

Check Shipping & Availability

**$999.99**
Save $100 on a TiVo HD DVR: Find Out How
10% Off Bose Speaker System: See How
Add'l 10% Off On-Sale Mounts: See How

add to cart ▾

**Exh. O Page 2 of 7**

Sony : Televisions - BestBuy

Page 2 of 6

$2000 - $2499 (4)
$2500 - $2999 (2)
$3000 and Up (4)

**Television Features**
ENERGY STAR
Qualified (29)
HDMI Inputs (32)
Media Card Slot (1)

**Collection**
Magnolia Home Theater (6)
Small Business (1)

**Screen Refresh Rate**
120Hz (10)
60Hz (14)

**Vertical Resolution**
1080p (19)
480p (1)
720p (10)

**Accessories**
Television Accessories

**Research**
Home Theater Resource
Center



☐ Compare

**Sony - BRAVIA 46" 1080p 120Hz Flat-Panel
LCD HDTV**
**Model:** KDL-46W4100 | **SKU:** 8828655

4 HDMI inputs; PC input; black cabinet; 16:9 widescreen
aspect ratio

☆☆☆☆☆  **4.8 of 5** (17 reviews)

Check Shipping & Availability

**$1,999.99**

Save $100 on a TiVo
HD DVR: Find Out
How
10% Off Bose
Speaker System:
See How
Add'l 10% Off On-
Sale Mounts: See
How

add to cart



☐ Compare

**Sony - BRAVIA 46" 1080p Flat-Panel LCD
HDTV**
**Model:** KDL46S4100 | **SKU:** 8808285

3 HDMI inputs: 1 PC input; black cabinet; 16:9 widescreen
aspect ratio

☆☆☆☆☆  **4.3 of 5** (14 reviews)

Check Shipping & Availability

**$1,399.99**

Save $100 on a TiVo
HD DVR: Find Out
How
10% Off Bose
Speaker System:
See How
Add'l 10% Off On-
Sale Mounts: See
How

add to cart



☐ Compare

**Sony - BRAVIA 52" 1080p 120Hz Flat-Panel
LCD HDTV**
**Model:** KDL-52W4100 | **SKU:** 8817373

4 HDMI inputs; PC input; black cabinet; 16:9 widescreen
aspect ratio

☆☆☆☆☆  **4.7 of 5** (21 reviews)

Check Shipping & Availability

**Sale:**
See price in cart>
Reg. Price: $2,799.99

On Sale
Save $100 on a TiVo
HD DVR: Find Out
How
10% Off Bose
Speaker System:
See How

add to cart



☐ Compare

**Sony - BRAVIA 1080p 52" Flat-Panel LCD
HDTV**
**Model:** KDL-52V4100 | **SKU:** 8828673

4 HDMI inputs; PC input; black cabinet; 16:9 widescreen
aspect ratio

☆☆☆☆☆  **4.8 of 5** (17 reviews)

Check Shipping & Availability

**Sale: $2,199.99**
Reg. Price: $2,299.99
You Save: $100.00

On Sale
Save $100 on a TiVo
HD DVR: Find Out
How
10% Off Bose
Speaker System:
See How





**Sony - BRAVIA 46" 1080p 120Hz Flat-Panel LCD HDTV**
**Model:** KDL-46Z4100/B | **SKU:** 8828691

4 HDMI inputs; Digital Media Port; PC input; black cabinet; 16:9 aspect ratio

☆☆☆☆☆ **4.9 of 5** (15 reviews)

Check Shipping & Availability

**Sale:**
See price in cart>
Reg. Price: $2,499.99

On Sale
Save $100 on a TiVo
HD DVR: Find Out
How
10% Off Bose
Speaker System:
See How

☐ Compare





**Sony - BRAVIA 26" 720p Flat-Panel LCD HDTV**
**Model:** KDL-26M4000 | **SKU:** 8783578

2 HDMI inputs; PC input; black cabinet; 16:9 aspect ratio

☆☆☆☆☆ **4.8 of 5** (24 reviews)

Check Shipping & Availability

**Sale:**
See price in cart>
Reg. Price: $599.99

**POWER PRICE**

On Sale
Save $100 on a TiVo
HD DVR: Find Out
How
10% Off Bose
Speaker System:
See How

☐ Compare





**Sony - BRAVIA 42" 1080p Flat-Panel LCD HDTV**
**Model:** KDL-42V4100 | **SKU:** 8828726

4 HDMI inputs; PC input; black cabinet; 16:9 widescreen aspect ratio

☆☆☆☆☆ **4.6 of 5** (22 reviews)

Check Shipping & Availability

**$1,499.99**

Save $100 on a TiVo
HD DVR: Find Out
How
10% Off Bose
Speaker System:
See How
Add'l 10% Off On-
Sale Mounts: See
How

☐ Compare



**Sony - BRAVIA XBR 52" 1080p 120Hz Flat-**

**Sale:**
See price in cart>



**Panel LCD HDTV**
**Model:** KDL-52XBR6 | **SKU:** 9023246

4 HDMI inputs; PC input; black cabinet; 16:9 aspect ratio

☆☆☆☆☆ **4.9 of 5** (8 reviews)

Check Shipping & Availability

Reg. Price: $3,499.99

On Sale
10% Off Bose
Speaker System:
See How

Add'l 10% Off On-
Sale Mounts: See
How



---



**Sony - BRAVIA 32" Class 720p Flat-Panel LCD HDTV**
**Model:** KDL-32M4000 | **SKU:** 8783587

2 HDMI inputs; PC input; black cabinet; 16:9 aspect ratio

☆☆☆☆☆ **4.7 of 5** (15 reviews)

Backordered
Check Shipping & Availability

**Sale:**
See price in cart>
Reg. Price: $749.99

On Sale
Save $100 on a TiVo
HD DVR: Find Out
How

10% Off Bose
Speaker System:
See How



---



**Sony - BRAVIA XBR 32" Class 1080p Flat-Panel LCD HDTV**
**Model:** KDL-32XBR6 | **SKU:** 8804911

4 HDMI inputs; PC input; black cabinet; 16:9 aspect ratio

☆☆☆☆☆ **4.6 of 5** (19 reviews)

Check Shipping & Availability

**$1,099.99**

Save $100 on a TiVo
HD DVR: Find Out
How

10% Off Bose
Speaker System:
See How

Add'l 10% Off On-
Sale Mounts: See
How



---



**Sony - BRAVIA 46" 1080p Flat-Panel LCD HDTV**
**Model:** KDL-46V4100 | **SKU:** 8828637

4 HDMI inputs; PC input; black cabinet; 16:9 widescreen aspect ratio

☆☆☆☆☆ **4.9 of 5** (34 reviews)

Check Shipping & Availability

**$1,799.99**

Save $100 on a TiVo
HD DVR: Find Out
How

10% Off Bose
Speaker System:
See How

Add'l 10% Off On-
Sale Mounts: See
How





**Sony - BRAVIA XBR 46" 1080p 120Hz Flat-Panel LCD HDTV**
Model: KDL-46XBR6 | SKU: 9023193

4 HDMI inputs; PC input; black cabinet; 16:9 aspect ratio

☆☆☆☆☆ **4.4 of 5** (5 reviews)

Check Shipping & Availability

☐ Compare

**Sale:**
See price in cart>
Reg. Price: $2,799.99

On Sale
Save $100 on a TiVo HD DVR: Find Out How

10% Off Bose Speaker System: See How

add to cart

---



**Sony - BRAVIA 1080p 40" Flat-Panel HDTV**
Model: KDL-40V4100 | SKU: 8784032


We'll call you now
click to talk

4 HDMI inputs; PC input; black cabinet; 16:9 widescreen aspect ratio

☆☆☆☆☆ **4.7 of 5** (25 reviews)

Check Shipping & Availability

☐ Compare

**Sale: $1,249.99**
Reg. Price: $1,399.99
You Save: $150.00

On Sale
Save $100 on a TiVo HD DVR: Find Out How

10% Off Bose Speaker System: See How


add to cart

---

**1 - 15 of 34**    1 2 3

View: 15 per page

Compare
up to 3 items

Sort by: Best Selling

☐ ☐ ☐

---



**Gift Cards**
· Buy a gift card
· Check your balance



**Credit Cards**
· Learn more
· Apply now
· Make a payment



**Reward Zone® Program**
· Learn more
· Check points

---

**Your Order**
Order Status
Shipping & Delivery
Store Pickup
Find a Rebate
Returns

**Product Support**
Community Forum
Installation & Repairs
Warranties & Performance Plans
Part Search
Product Recalls
Trade-in Center

**Safe & Secure Shopping**
Conditions of Use
Legal Policies
Privacy Policy
California Privacy Rights
Low Price Guarantee

**More Best Buy Sites**
Select a Site

RSS - (What's this?)

---

About Best Buy | News Center | Careers | For Our Investors | Responsibility | Community Relations | Affiliate Program | Site Map | Contact

**Need help? We're available 24/7 at 1-888-BEST BUY (1-888-237-8289)**

Sony : Televisions - BestBuy

Online prices and selection generally match our retail stores, but may vary. Prices and offers are subject to change. © 2003-2008 Best Buy. All rights reserved. Best Buy, BestBuy.com and the tag design are trademarks of Best Buy. For personal, noncommercial use only.



# EXHIBIT P




Save money. Live better.



Electronics                                    [FIND]

Store Finder    Local Ad    Top Products    Sign In/New    Track Orders    Help

Electronics >  TVs >  All TVs >  Sony

## SONY

**All Items (7)**    Store Items (3)                    Views:    Grid    List

**Sort by:**  Featured Items

Items 1-7 of 7 total

## Select up to four items to co

☐ Select to Compare



Sony 46"
LCD HD
46S410

★★★
- 1080p
- 1920 x 1080 resolution
- 2500:1 contrast ratio
- HDMI

Model#: KDL-46S4100

In-Store: Find in Store

site to store
Free shipping to your store.

---

☐ Select to Compare



Sony Bravia 1080p 46" Class LCD HDTV
& Home Theater Audio System Bundle

**From $1,548.00**
**SPECIAL BUY**

**Availability:**

Online

Not Sold In Stores

---

☐ Select to Compare



Sony 32" Class Bravia LCD HDTV &
Upconvert DVD Player Bundle
Bundle includes Sony 32" Class Bravia LCD
HDTV with Digital Tuner, a Sony DVD Player
with 1080p Upconversion and a Cables
Unlimited 6' HDMI V1.3b Audio/Video cable

**From $638.00**

**Availability:**

Online

Not Sold In Stores

### Shop Electronics

Electronics

TVs
- AOC
- Audiovox
- Curtis Mathes
- Emerson
- Magnavox
- Panasonic
- Philips
- Polaroid
- RCA
- Samsung
- Sanyo
- Sharp
- Sony
- Sylvania
- VIZIO
- See All TVs

### Narrow Your Results

**TV Screen Size Range**
- 40" - 49" (2)
- 32" (2)
- 30" - 39" (1)
- 46" (1)
- 40" (1)

**Price**
- $500 - $750 (2)
- $750 - $1,000 (2)
- $1,250 - $1,500 (2)
- $1,500 - $2,000 (1)

**Customer Rating**
- 4 - 5 Stars (3)

**TV Technology**
- LCD (3)

**TV Definition**
- HDTV (3)

Exh. P Page 2 of 4

**Special Offers**

Special Buy (2)

As Advertised (1)

**Delivery Options**

Free Shipping: Site to Store (3)

**TV Screen Size**

32" (1)

40" (1)

46" (1)

☐ Select to Compare



**Sony Bravia 1080p 40" Class LCD HDTV & Home Theater Audio System Bundle**

From $1,258.00

SPECIAL BUY

Availability:

Online

Not Sold In Stores

☐ Select to Compare



**Sony Bravia 32" Class LCD HDTV & Home Theater Audio System Bundle**
Bundle includes a Sony 32" Class Bravia LCD HDTV with Digital Tuner, a Sony Bravia Home Theater Audio System with Upconverting DVD Changer & iPod Dock and a Cables Unlimited 6' HDMI V1.3b Audio/Video ...

From $898.00

Availability:

Online

Not Sold In Stores

☐ Select to Compare



**Sony 32" Class Bravia LCD HDTV with Digital Tuner, KDL-32L4000**

★★★★★
- 720p, 1366 x 768 resolution
- 2000:1 contrast ratio
- 2 HDMI connections and component video inputs

Model#: KDL-32L4000

$598.00

AS ADVERTISED

Availability:

Online
**Out of Stock Online**

In-Store: Find In Store

☐ Select to Compare



**Sony 40" Class Bravia Full HD 1080p LCD HDTV w/ Digital Tuner, KDL-40S4100 - Energy Star Compliant**

★★★★☆
- 1080p
- 1920 x 1080 resolution
- 2500:1 contrast ratio
- HDMI

Model#: KDL-40S4100

$925.54

Availability:

Online
**Out of Stock Online**

In-Store: Find In Store

---

Sort by:   Featured Items

Items 1-7 of 7 total

Back to top

**Sponsored Links** What's this?

Exh. P Page 3 of 4

TV Clearance
Top **Televisions** Discounted. Save Money at Lowest Priced Stores.
Sony-Television.ShopCompareUS.com

Bose ® Home Entertainment
Award-winning products from the most respected name in sound
www.Bose.com

Testers Wanted
Participate and Get a Free Vizio 50" Plasma **TV**. Join Today.
SweetFreeDeals.com

**Sony**
Get Your **Sony** at **Sony** Style. For **All** Your **Electronics**.
www.sonystyle.com

Top 10 Plasma **TVs**
See owner reviews and demos of top plasma **TVs** and compare prices
www.ExpoTV.com

Plasma **Televisions**
Looking for Plasma **Televisions**? Find great deals now!
MonitorsforComputers.com

**ABOUT WALMART.COM**
- About Walmart.com
- Site Directory
- Sign Up for Email or RSS Feeds
- Join Our Affiliate Program
- About Our Ads
- Security & Privacy
- Terms of Use
- International Customers
- Careers at Walmart.com

**ABOUT WAL-MART STORES**
- Store Finder
- Wal-Mart Stores, Inc.
- Wal-Mart Blog
- Wal-Mart Facts
- Wal-Mart Sustainability
- Wal-Mart Credit Cards
- Wal-Mart Associates
- Careers at Wal-Mart

**HELP**
- Online Customer Service
- Track Your Order
- Questions About Your Order
- Shipping Costs & Times
- Our Return Policy
- Return an Item
- Product Recall Info
- MSDS
- Registry or Wish List

© 2008 Wal-Mart Stores, Inc.
ndc-www46.walmart.com
/search/browse-
ng.do, /search/browseSearch.do, /include/dynamic/tiles/templates/search/browseResultsTemplate.jsp, /include/dynamic
/tiles/templates/search/browseResultsTemplate.jsp, /include/dynamic/tiles/templates/search/browseResultsTemplate.jsp
/include/dynamic/tiles/templates/search/browseResultsTemplate.jsp

**Exh. P Page 4 of 4**

# EXHIBIT Q



simplicity guaranteed™

  shop by phor
1-800-843-2

# Televisions

Order anytime @ 1-888-244

Home  >  TV & Home Entertainment  >  Televisions  >  Sony

 Email a friend

## Shop by

### Category

LCD & Plasma TVs (23)
Projectors (2)

### Screen size range

26" - 30" (1)   40" - 42" (6)
32" - 37" (9)   46" - 52" (7)

### Resolution

720p (10)   1080p (15)

### Price

$200-$499 (1)   $1000-$1499
$500-$999        (6)
(10)             $1500-$3000
                 (8)

### Other ways to shop

Deals (14)
Available in-store (19)
In-home delivery (15)

View All Televisions

## Accessories & Add-ons

Cables & connectors
TV stands
Home theater systems
Remote controls

---

## No interest for 36 months
on all TVs $999 & up. Call 1-800-503-1545 or apply online

See deta

Sort by:  Top sellers

Click & Learn about Televis

Page  1 2 >
1 - 24 of 25 Matching It

---

**Sony 32" Bravia L Series LCD HDTV (KDL-32L4000)**

 

Customer rating: 4.6

• 720p resolution
• 2 HDMI inputs
• HD tuner
• Dolby Digital audio
• CineMotion pulldown
• PC input

~~$699.99~~
See price in cart

 No payments or interest/3 mos.

 add to cart

☐ Compare items

● Not available for shipping
● Get it today: check i store availability

---

**Sony 40" Bravia S-Series LCD TV (KDL-40S4100)**



Customer rating: 4.2

• 1080p resolution
• 2 HDMI inputs
• HD tuner
• Dolby Digital
• 24p True Cinema
• Picture-in-Picture

~~$1099.99~~
See price in cart

 No interest for 36 mos.

add to cart

☐ Compare items

● Have it delivered
● Get it today: check i store availability

---

**Sony 46" Z Series LCD HDTV (KDL46Z4100)**



Customer rating: 4.4

• 1080p resolution
• 4 HDMI inputs
• 120Hz frame rate
• HD tuner
• 24p True Cinema
• DMex compatibility

$2499.99
after $300.00 savings

 No interest for 36 mos.

 add to cart

☐ Compare items

● Have it delivered
● Get it today: check i store availability

---

**Sony 46" S Series LCD HDTV (KDL-46S4100)**

Customer rating: 4.5

• 1080p resolution
• 3 HDMI inputs
• HD tuner
• Dolby Digital audio
• Picture-in-Picture

~~$1599.99~~
See price in cart

 No interest for 36 mos.

 add to cart

☐ Compare items

● Have it delivered

---



• 24p True Cinema

⊘ Get it today: check
store availability

---

**Sony 40" V Series LCD HDTV (KDL-40V4100)**



• 1080p resolution
• 4 HDMI inputs
• HD tuner
• S-Force audio
• DMex compatibility
• Bravia Engine

Customer rating:
4.6

Price was:        $1499.99
You save:         -$100.00

$1399.99
🛒 See price in cart


No interest for 36 mos.

add to cart

☐ Compare items

⊘ Have it delivered

⊘ Get it today: check
store availability

---

**Sony 52" BRAVIA XBR 6-Series LCD HDTV (KDL-52XBR6)**



• 1080p resolution
• 4 HDMI inputs
• 120Hz frame rate
• HD tuner
• 10-bit processor
• DMex compatibility

Customer rating:
4.5

Price was:        $3699.99
You save:         -$200.00

$3499.99
🛒 See price in cart


No interest for 36 mos.

add to cart

☐ Compare items

⊘ Have it delivered

⊘ Get it today: check
store availability

---

**Sony 52" W Series LCD HDTV (KDL-52W4100)**



• 1080p resolution
• 4 HDMI inputs
• 120Hz frame rate
• HD tuner
• DMex compatibility
• Bravia Engine

Customer rating:
4.5

Price was:        $2999.99
You save:         -$200.00

$2799.99
🛒 See price in cart

No interest for 36 mos.

add to cart

☐ Compare items

⊘ Have it delivered

⊘ Get it today: check
store availability

---

**Sony 46" V Series LCD TV (KDL46V4100)**



• 1080p resolution
• 4 HDMI inputs
• HD tuner
• Dolby Digital audio
• DMex compatibility
• 24p True Cinema

Customer rating:
4.5

Price was:        $1999.99
You save:         -$200.00

$1799.99
🛒 See price in cart

No interest for 36 mos.

add to cart

☐ Compare items

⊘ Not available for
shipping

⊘ Get it today: check
store availability

---

**Sony 26" LCD HDTV (KDL-26M4000)**



• 720p resolution
• 2 HDMI inputs
• HD tuner
• Dolby Digital audio
• Picture-in-Picture
• Bravia Engine

Customer rating:
4.5

Price was:        $614.99
You save:         -$15.00

$599.99
🛒 See price in cart


No payments or interest/3 mos.


add to cart

☐ Compare items

⊘ Free shipping on
orders $24 & up

⊘ Get it today: check
store availability

---

### Sony 46" BRAVIA XBR 6-Series LCD HDTV (KDL-46XBR6)



- 1080p resolution
- 4 HDMI inputs
- 120Hz frame rate
- HD tuner
- 10-bit processor
- DMex compatibility

**Customer rating:** 4.0

Price was: $2999.99
You save: -$200.00

$2799.99
🛒 See price in cart

**add to cart**

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

### Sony 52" V Series LCD HDTV (KDL-52V4100)



- 1080p resolution
- 4 HDMI inputs
- HD tuner
- S-Force front surround
- DMex compatibility
- Picture and Picture

**Customer rating:** 4.7

Price was: $2499.99
You save: -$200.00

 
$2299.99
🛒 See price in cart

**add to cart**

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

### Sony 40" W Series LCD HDTV (KDL-40W4100)



- 1080p resolution
- 4 HDMI inputs
- 120Hz frame rate
- HD tuner
- Dolby Digital audio
- DMex compatibility

**Customer rating:** 4.5

Price was: $1899.99
You save: -$200.00

$1699.99
🛒 See price in cart



**add to cart**

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

### Sony 40" BRAVIA XBR 6-Series LCD HDTV (KDL-40XBR6)



- 1080p resolution
- 4 HDMI inputs
- 120Hz frame rate
- HD tuner
- 10-bit processor
- DMex compatibility

**Customer rating:** 3.9

Price was: $2399.99
You save: -$100.00

$2299.99
🛒 See price in cart

**add to cart**

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

### Sony 32" XBR LCD TV (KDL-32XBR6)



- 1080p resolution
- 4 HDMI connections
- HD tuner
- S-Force audio
- DMex compatibility
- 10-bit processor

**Customer rating:** 4.7

$1199.99



**add to cart**

☐ Compare items

✓ Free shipping on orders $24 & up
✓ Get it today: check store availability

---

### Sony BRAVIA HD Home Entertainment Projector (VPLAW10)

- 3LCD technology
- 1100 ANSI lumens
- Advanced Iris Function

**Customer rating:** 4.5

$999.99



- Free: Get a free 80

**add to cart**

☐ Compare items

---



- 1280 x 720 resolution
- 6,000:1 contrast ratio
- Wireless remote

inch diagonal screen with purchase ($299.99 value)

✓ Free shipping on orders $24 & up
✗ Not available for in-store pickup

---

**Sony 32" M Series LCD TV (KDL-32M4000)**



- 720p resolution
- 2 HDMI inputs
- HD tuner
- Dolby Digital audio
- Bravia Engine technology
- Advanced Color Enhancer

Customer rating: 4.0

🛒 See price in cart

~~$899.99~~



 No payments or interest/3 mos.

**add to cart**

☐ Compare items

✓ Free shipping on orders $24 & up
✓ Get it today: check store availability

---

**web-only item**

**Sony 37" XBR Series 6 LCD HDTV (KDL-37XBR6)**



- 1080p resolution
- 4 HDMI inputs
- HD tuner
- Dolby Digital audio
- 10-bit processor
- DMex compatibility

Customer rating: 4.6

 No interest for 36 mos.

$1499.99

 **add to cart**

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

**Sony 32" M-Series LCD HDTV - Brown (KDL-32M4000/T)**



Not yet rated
- 720p resolution
- 2 HDMI inputs
- HD tuner
- Dolby Digital audio
- BRAVIA Theatre Sync
- Stylish colored bezel

🛒 See price in cart

~~$899.99~~

 **add to cart**

 No payments or interest/3 mos.

☐ Compare items

✓ Free shipping on orders $24 & up
✗ Not available for in-store pickup

---

**Sony 42" Bravia V-Series LCD HDTV (KDL-42V4100)**



- 1080p resolution
- 4 HDMI inputs
- HD tuner
- 24p True Cinema
- DMex compatibility
- BRAVIA video processor

Customer rating: 4.7

$1499.99
after $100.00 savings

 No interest for 36 mos.

 **add to cart**

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

**Sony 32" M-Series LCD HDTV - White (KDL-32M4000/T)**

- 720p resolution
- 2 HDMI inputs
- HD tuner
- Dolby Digital audio
- BRAVIA Theatre Sync

Customer rating: 4.5

🛒 See price in cart

~~$899.99~~

 **add to cart**

 No payments or interest/3 mos.

☐ Compare items

✓ Free shipping on orders $24 & up

---



· Stylish colored bezel

⊗ Not available for in-store pickup

**Sony 37" M Series LCD HDTV (KDL-37M4000)**



Customer rating: 4.0

· 720p resolution
· 3 HDMI inputs
· HD tuner
· 8ms response time
· Dolby Digital audio
· BRAVIA Engine with ACE

Price was:     $1199.99
You save:      -$100.00
               ~~$1099.99~~

🛒 See price in cart


No payments or interest/3 mos. ▶▶

add to cart

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

**Sony 37" L Series LCD HDTV (KDL37L4000)**



Not yet rated
· 720p resolution
· 1 HDMI input
· HD tuner
· 8ms response time
· Dolby Digital audio
· PC input


No payments or interest/3 mos. ▶▶

$949.99

add to cart

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

**Sony VPL-BW5 Home Projector (VPL-BW5)**



Not yet rated
· 3LCD technology
· 1280 x 800 resolution
· 2000 ANSI lumens
· 700:1 contrast ratio
· HDMI connectivity
· Wireless remote

$949.99
after $50.00 savings


No payments or interest/3 mos. ▶▶

add to cart

☐ Compare items

✓ Free shipping on orders $24 & up
✓ Get it today: check store availability

---

web-only item

**Sony 40" Z Series LCD HDTV (KDL-40Z4100)**



Customer rating: 4.3

· 1080p resolution
· 4 HDMI inputs
· 120Hz frame rate
· HD tuner
· DMex compatibility
· BRAVIA engine

$1999.99
after $200.00 savings

No interest for 36 mos. ▶▶

add to cart

☐ Compare items

✓ Have it delivered
✓ Get it today: check store availability

---

Page  1 2 >

1 - 24 of 25 Matching It