JAMES S. MCNEILL (SBN 201663)
E-mail: jmcneill@mckennalong.com
RUPA G. SINGH (SBN 214542)
E-mail: rsingh@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
750 B Street, Suite 3300
San Diego, CA 92101
Telephone:    (619) 595-5400
Facsimile:     (619) 595-5450

LORA A. BRZEZYNSKI (*Pro Hac Vice to be submitted*)
Mindy L. Caplan (*Pro Hac Vice to be submitted*)
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006
Telephone:    (202) 496-7500
Facsimile:     (202) 496-7756

Attorneys for Plaintiff
LG DISPLAY CO., LTD.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG DISPLAY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>CHI MEI OPTROELECTRONICS CORPORATION; AU OPTRONICS CORPORATION<br><br>Defendants | CASE NO. 08-cv-2408 L (POR)<br><br>**PLAINTIFF LG DISPLAY CO., LTD.'s *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM, AND ATTENDANCE AT DEPOSITION BY, THIRD PARTY SONY ELECTRONICS, INC.**<br><br>Date:         January 27, 2009<br>Time:        2:00 p.m.<br>Judge:       Hon. Lousia S. Porter<br>Courtroom: H |

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

08-CV-2408

  Pursuant to Local Rule 7.1(e)(5), plaintiff LG Display Co., Ltd. ("LG Display") submits this *Ex Parte* Application for an Order Shortening Time on its Motion to Compel Production of Documents from, and Attendance at Deposition by, Third Party Sony Electronics, Inc. ("Sony"), which is filed concurrently (the "Motion to Compel").

  1. On December 1, 2006, plaintiff LG Display filed a patent infringement case involving twenty-three patents concerning liquid crystal display ("LCD") products and methods of manufacturing against defendants Chi Mei Optoelectronics Corporation ("CMO"); CMO's subsidiary, Chi Mei Optoelectronics USA; AU Optronics Corporation ("AUO"); and AUO's subsidiary, AU Optronics Corporation America (collectively the "Defendants").  Defendants filed separate but related suits, which were consolidated and are pending in the United States District Court for the District of Delaware, titled *LG Display Co., Ltd. v. Chi Mei Optoelectronics Corporation, et al.*, Case No. 06-726 (the "Main Case").

  2. Though LG Display has obtained extensive discovery from the Defendants in the Main Case, they have refused to provide certain information regarding the sale of their products in the United States, including the correlation information linking the sale of their products to companies such as Sony, which sells its products to large retailers such as Best Buy, Wal-Mart, and Circuit City.  LG Display has filed multiple motions to compel the production of such documents from both AUO and CMO.

  3. In addition, LG Display has issued subpoenas to various third parties either known to have purchased and sold or believed to have purchased and sold various types of LCD products that incorporate Defendants' LCD panels, which are then sold in the United States.

  4. On June 23, 2008 a third party subpoena issued by this Court was served on Sony, commanding both its appearance at a deposition and the production of documents (the "Subpoena"). (Declaration of John W. Lomas, Jr. in Support of Plaintiff LG Display Co., Ltd.'s Motion to Compel et al. ("Lomas Decl.") ¶¶ 2-3.)

  5. After several extensions granted by LG Display, Sony served objections to the Subpoena dated August 27, 2008.  (*See id*. ¶¶ 5-15.)

  6. Consistent with its obligations under Rule 45 of the Federal Rules of Civil

1  Procedure, LG Display tried to negotiate with Sony to reduce any burdens imposed by the
2  Subpoena. (Id. ¶¶ 5-19; Declaration of Mindy L. Caplan in Support of Plaintiff LG Display Co.,
3  Ltd.'s Motion to Compel et al. ("Caplan Decl.") ¶¶ 2-17); cf. Fed. R. Civ. P. 45(c)(1).

4      7.  After confirming that it was preparing to produce responsive documents to LG
5  Display, Sony suddenly reversed its position and stated that its collection efforts were for analysis
6  purposes only. (Lomas Decl. ¶¶ 10-13.) Thereafter, Sony failed to produce any documents and
7  generally engaged in dilatory tactics. (Id. ¶¶ 12-18; Caplan Decl. ¶¶ 2-17.)

8      8.  Despite LG Display's repeated attempts to meet and confer with Sony, and provide
9  numerous extensions, Sony has refused to commit to producing all responsive documents and
10 instead, has only agreed to produce a limited category of information. (Caplan Decl. ¶¶ 13, 17.)

11     9.  The third party discovery deadline in the Main Case was recently extended from
12 December 17, 2008 to January 30, 2009.

13     10. After months of attempting to negotiate with Sony, LG Display must obtain the
14 responsive information as soon as possible as the extended discovery deadline is quickly
15 approaching.

16     11. Because the Motion to Compel must be ruled upon sufficiently in advance of this
17 deadline to give Sony time to produce documents and appear for deposition before January 30,
18 2009, LG Display respectfully requests that this Court shorten time on the hearing of the Motion
19 to Compel from the presently-scheduled date of January 27, 2009 to as soon as possible.

20

21 Dated: December 30, 2008         Respectfully submitted,

22                                   MCKENNA LONG & ALDRIDGE LLP

23

24                                   s/James S. McNeill
                                  James S. McNeill

25                                   Attorneys for Plaintiff LG DISPLAY CO., LTD.
                                  E-mail: jmcneill@mckennalong.com
26 SD:22170422

27

28