UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG DISPLAY CO, LTD,<br><br>         Plaintiff,<br><br>  v.<br><br>CHI MEI OPTROELECTRONICS CORPORATION; AU OPTRONICS CORPORATION,<br><br>         Defendants. | Civil No. 08cv2408-L (POR)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>**[Dkt. No. 4.]** |

  On December 30, 2008, Plaintiff LG Display filed a motion to compel production of documents and attendance at deposition by third-party Sony Electronics, Inc.  (Dkt. No. 4.)  On January 13, 2009, third party Sony Electronics, Inc., submitted a response in opposition to Plaintiff's motion.  (Dkt. No. 10.)  On January 16, 2009, Plaintiff submitted a reply.  (Dkt. No. 11.)

  The Court has thoroughly reviewed the parties' papers and addresses each issue below.

## INTRODUCTION

  This case stems from several patent infringement cases consolidated in the District of Delaware concerning twenty-three patents related to liquid crystal display ("LCD") products and methods of manufacturing.  Pl.'s Mem. of P. & A. in Supp. of Mot. to Compel at 1.

  On June 23, 2008, Plaintiff served its Subpoena on third party Sony Electronics.  Pl.'s Mem. of P. & A. in Supp. of Mot. to Compel at 1.  That Subpoena sought production of documents and deposition testimony pertaining to Sony Electronics' business relationships with the defendants in the underlying matter.  Id.  Based upon numerous representations by Sony Electronics that they were

1  investigating responsive information for production, Plaintiff extended the deadline for filing
2  objections multiple times. Id. at 2-3. On August 27, 2008, Sony Electronics served written
3  objections to the Subpoena on Plaintiff. Id. at 3. Plaintiff asserts Sony Electronics has not complied
4  with the Subpoena despite the fact that Plaintiff provided, upon request by Sony Electronics, a
5  protective order. Id. After numerous attempts to obtain the information sought under the Subpoena,
6  Plaintiffs allege they have not received all responsive documents from Sony Electronics. Id. at 6.

   Sony Electronics presents three arguments for their purported failure to comply with the
Subpoena. See Mem. of P. & A. in Supp. of Third Party Sony Elec.'s Opp. at 2. First, Sony
Electronics alleges Plaintiff's documents requests and deposition topics are overly broad and unduly
burdensome. Id. Second, Sony Electronics alleges it has made good faith efforts to investigate the
documents it may have in its possession and has either produced or will produce those documents
which can be located with a reasonable search. Id. Finally, Sony Electronics alleges the majority of
documents Plaintiff's Subpoena seeks are not within its possession, custody or control. Id.

   In support of its first argument, Sony Electronics asserts Plaintiff's requests are irrelevant,
available from other sources, overly broad, impose an undue burden, the eight-year time period
covered by the Subpoena request imposes a great burden, and the Subpoena fails to describe many
of the documents with reasonable particularity. Mem. of P. & A. in Supp. of Third Party Sony
Elec.'s Opp. at 2. In support of its third argument, Sony Electronics asserts much of the information
sought by Plaintiff is not in Sony Electronics' possession, custody, or control, but instead in the
possession, custody or control of its parent company. See id. at 5-8. Further, those documents that
are available are not reasonably accessible and would take considerable time and expense to search.
Id. at 6.

**DISCUSSION**

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. See Fed.
R. Civ. P. 45. If an objection is made, the party serving the subpoena is not entitled to the
documents at issue but may, upon notice to the person commanded to produce, seek an order to
compel the production. Fed. R. Civ. P. 45 (c)(2)(B). The scope of discovery through a subpoena is
the same as that applicable to Federal Rule of Civil Procedure and other discovery rules. See Fed.

1  R. Civ. P. 45 Advisory Committee's note to the 1970 Amendments.  While Rule 45 does not include
2  relevance as an enumerated reason for quashing a subpoena, it is well settled that the scope of
3  discovery under a subpoena is the same as the scope of discovery under Federal Rules of Civil
4  Procedure 26(b) and 34.  As such, a court must examine whether a request contained in a subpoena
5  duces tecum is overly broad or seeks irrelevant information under the same standards set forth in
6  Rule 26(b) 2 and as applied to Rule 34 requests for production. See Fed. R. Civ. P. 45(d)(1)
7  Advisory Committee's note to the 1970 Amendment ("the changes make it clear that the scope of
8  discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery
9  rules.")

10        The Court begins by noting that Sony Electronics has created prejudice on Plaintiff by
11  delaying the filing of their objections.  In reliance on Sony Electronics' numerous representations to
12  Plaintiff, Plaintiff repeatedly extended the date for the filing of objections.  This motion comes now
13  before the Court on the eve of Plaintiff's discovery deadline.

14  1.    *Relevance*

15        To the extent Sony Electronics is failing to comply with Plaintiff's Subpoena on the ground
16  that the information sought by Plaintiff is irrelevant, the Court disagrees.  Information as to Sony
17  Electronics' interactions with the defendants in the underlying action is directly relevant to
18  Plaintiff's inducement and infringement claims.  As such, the information sought is relevant and
19  discoverable.

20  2.    *Overly Broad / Unduly Burdensome*

21        Sony Electronics also alleges the Subpoenas are overly broad and/or unduly burdensome.

22        First, Sony Electronics contends the eight-year period covered by the Subpoena creates an
23  undue burden.  Although the time period covered by a subpoena is relevant in determining undue
24  burden, the Court cannot say that eight years is burdensome.  See Application of Radio Corp of
25  America, 13 F.R.D. 167 (S.D.N.Y. 1952) (eighteen years is not burdensome).

26        Second, Sony Electronics asserts that certain documents are not "reasonably accessible and
27  would . . . take considerable time and expense to search."  Mem. of P. & A. in Supp. of Third Party
28  Sony Elec.'s Opp. at 6.  These documents have been archived and are either on microfiche or in hard

copy in an off-site storage facility. Id. The Court finds that Sony has failed to meet its burden of showing that the requests are unduly burdensome.

Third, Sony Electronics asserts Plaintiff's deposition topics are overbroad and unduly burdensome in that they cover an eight-year period, would cover "all" information in the responsive documents provided by Sony Electronics, and would require multiple employees to attest to the contents of those documents. Mem. of P. & A. in Supp. of Third Party Sony Elec.'s Opp. at 4. The Court does not find the deposition topics to be overbroad and/or unduly burdensome. They are relevant to the claims in the underlying matter, cover a reasonable period of time, and are narrowly tailored. Furthermore, Federal Rule of Civil Procedure 30(b)(6) provides that "one or more officers, directors, or managing agents" may testify in response to a subpoena directed to an organization. The Rules themselves contemplate the presence of multiple employees of a corporation in response to a subpoena. Thus, the Court again finds that Sony has failed to meet its burden of showing that the deposition topics are overbroad and/or unduly burdensome.

Sony Electronics shall conduct a due diligent search and produce those documents that are responsive to Plaintiff's Subpoena. If documents have been destroyed, Sony Electronics shall submit affidavits concerning when the destruction occurred, what was destroyed, why those documents were destroyed, by whom, and how. Further, if after conducting the search Sony Electronics continues to assert that the request is burdensome, it shall submit affidavits to the Court.

3. *Duplicative Documents*

Sony Electronics further alleges the documents sought by Plaintiff's Subpoena are duplicative in that these documents are readily attainable from the defendants in the underlying matter. The Court finds this argument unavailing, particularly in light of Plaintiff's desire to test the accuracy and completeness of the defendants' discovery responses and their denials that additional information exists. Thus, Sony Electronics shall produce all responsive documents even if they are duplicative.

4. *Possession, Custody or Control*

Sony Electronics also asserts that much of the information sought by Plaintiff is not in Sony Electronics' possession, custody or control. See Mem. of P. & A. in Supp. of Third Party Sony

1  Elec.'s Opp. at 5-6.  Rather, the documents are in the possession, custody or control of Sony's parent
2  company.  Id. at 7-8.
3       The obligation of a party to produce documents requested by its adversary is limited by the
4  terms of Federal Rule of Civil Procedure 34 to those documents that "are in the possession, custody
5  or control of the party upon whom the request is served; . . . ."  Fed. R. Civ. P. 34(a).  Numerous
6  courts have concluded that a parent corporation has a sufficient degree of ownership and control
7  over a wholly-owned subsidiary that it must be deemed to have control over documents located with
8  that subsidiary.  See, e.g., United States v. International Union of Petroleum and Indus. Workers,
9  AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("A corporation must produce documents possessed
10 by a subsidiary that the parent corporation owns or wholly controls.")  The contrary, however, is not
11 necessarily true.  A subsidiary will be deemed to have possession, custody or control of documents
12 held by its parent company only in certain circumstances.  See In re Uranium Antitrust Litigation,
13 480 F.Supp. 1138, 1152-53 (N.D. Ill. 1979).  If, for example, there exist circumstances that indicate
14 some form of "control" by the subsidiary over the documents and information sought – even if the
15 documents or other information are in the possession of the parent – the subsidiary may be required
16 to produce the requested data or at least to make a good faith effort to do so.  Id.  Where the
17 relationship is thus such that the subsidiary can secure documents of the parent to meet its own
18 business needs, courts have not permitted the subsidiary to deny control for purposes of discovery
19 by an opposing party.  See e.g., First National City Bank v. Internal Revenue Service, 271 F.2d 616,
20 618 (2d Cir. 1959) (where there is access to the documents when the need arises in the ordinary
21 course of business, there is sufficient control when the need arises because of governmental
22 requirements); Cooper Industries v. British Aerospace Corporation, 102 F.R.D. 918, 919 (S.D.N.Y.
23 1984) (where wholly-owned defendant subsidiary was the marketer and servicer of parent's aircraft
24 in the United States, it was found "inconceivable" that subsidiary could not obtain aircraft manuals
25 and related documents); Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips
26 Petroleum Co., 105 F.R.D. 16, 35 (S.D.N.Y. 1984) (agent organization should be required to
27 produce documents held by its principals).
28       Here, Sony Electronics asserts the information sought by Plaintiff's Subpoena as it concerns

1  sales and distribution of LCD panels are not within its possession, custody or control.  Specifically,
2  Sony Electronics asserts it does not purchase LCD panels directly from the defendants in the
3  underlying matter with only limited purchases for repair and replacement  Mem. of P. & A. in Supp.
4  of Third Party Sony Elec.'s Opp. at 7.  Sony Electronics purchases LCD panels directly from its
5  parent's internal supply chain.  Id.  Although those products may contain products supplied by the
6  defendants in the underlying matter, Sony Electronics is unaware of such information because its
7  purchase orders from its parent do not indicate that information.  Id. at 7-8.  Thus, Sony Electronics
8  asserts it does not maintain information about the suppliers of LCD panels in their ordinary course
9  of business.  Id. at 8. Sony Electronics applies this argument to information sought by Plaintiff
10 concerning sales information for televisions, notebooks and desktop computers which reflect the
11 supplier of the LCD panel integrated therein.  Id.
12      In light thereof, Sony Electronics shall produce all responsive documents as to the repair and
13 replacement of LCD panels, all responsive documents concerning the sales and purchase of LCD
14 panels that are under its control, and, finally, all responsive documents that are accessible from its
15 parent in the ordinary course of business.

## CONCLUSION

The discovery allowed under this Order shall be completed by **February 11, 2009**.

**IT IS SO ORDERED.**

DATED:  January 28, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc      The Honorable M. James Lorenz
        All parties